# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN V. FERRIS, et al. | Case No. 2:18-cv-00479-GMN-CWH |
| Plaintiff, | **ORDER** |
| v. | |
| WYNN RESORTS LIMITED, et al., | |
| Defendants. | |

Presently before the court is plaintiff Jeffrey Larsen's motion for appointment as lead plaintiff and approval of counsel (ECF No. 30), filed on April 31, 2018. Also before the court is plaintiff John V. Ferris and Joann M. Ferris' (the "Ferris plaintiffs") motion for appointment of lead plaintiffs and approval of counsel (ECF No. 31), filed on April 23, 2018. On May 7, 2018, plaintiff Larsen filed a notice of non-opposition (ECF No. 35) to plaintiffs John and Joann's motion. The Ferris plaintiffs then filed notice of Larsen's non-opposition (ECF No. 42) on June 5, 2018. This matter was referred to the undersigned judge on October 31, 2018, and the motions are resolved accordingly.

**I.     BACKGROUND**

This matter arises from a federal securities class action by purchasers of Wynn Resorts' securities between February 28, 2014 and January 25, 2018. (Compl. (ECF No. 1).) Plaintiffs claim that defendants made misleading statements and failed to disclose the Chief Executive Officer's alleged sexual misconduct. (*Id.*) As a result, Wynn Resorts' securities traded at an inflated price during the aforementioned period. (*Id.*) Plaintiffs allege that news of the CEO's alleged sexual misconduct caused Wynn Resorts' share to prices decline, resulting in a financial loss to class members. (*Id.*)

1 | The Ferris plaintiffs now move to be named as lead plaintiffs in this securities class action. (Mot. for Appointment of Counsel (ECF No. 31).) Larsen also moved to be named lead plaintiff, but subsequently filed a notice of non-opposition to the Ferris plaintiffs' motion. (Mot for Appointment of Counsel (ECF No. 30); Non-Opposition to Appointment of Counsel (ECF No. 35).) In light of Larsen's non-opposition, the court will deny his motion (ECF No. 30) as moot.

## II.  APPOINTMENT OF LEAD PLAINTIFF

The Private Securities Litigation Reform Act (the "PSLRA") establishes the procedure for the appointment of lead plaintiffs in class actions under the Securities and Exchange Act of 1934. 15 U.S.C. § 78u-4(a)(1) & (a)(3)(b)(ii). First, the plaintiff who initiated the action must publish notice to the purported class members, informing them of their right to file a motion for appointment of lead plaintiff. § 78u-4(a)(3)(A). Second, within 60 days of the notice publication, a member of the proposed class may move for the appointment of lead plaintiff. § 78u-4(a)(3)(i)(II).

Within 90 days after the publication of notice, the court shall consider any motion from a purported class member and shall appoint as lead plaintiff a member of the purported class that the court deems capable of adequately representing the class. § 78u-4(a)(3)(A)(B). The court must next determine the most adequate plaintiff. The PSLRA provides that:

> [T] shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§ 78u-4(a)(3)(B(iii); *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (the most capable plaintiff is the one with the greatest financial stake in the outcome of the case and meets the requirements of Rule 23). The presumption may be rebutted upon proof that the

"presumptively most adequate plaintiff . . . will not fairly or adequately protect the interests of the class; or is subject to unique defenses that render such plaintiff incapable of adequately representing the class." § 78u–4(a)(3)(B)(iii)(II).

Here, the Ferris plaintiffs are the presumed most adequate plaintiff as they have filed this motion in response to the timely notice filed in the Globe Newswire on February, 20, 2018. (Mot. for Appointment of Counsel (ECF No. 31) Ex. A.) Further, the Ferris plaintiffs have the largest financial interest, due to the purchase of 2,000 Wynn Resorts' securities. (*Id.* at Ex. B.) The court will now address whether the Ferris plaintiffs satisfy Rule 23(a) of the Federal Rules of Civil Procedure.

Under Rule 23(a), a party may serve as a class representative only if:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

The typicality and adequacy factors are relevant to the selection of the lead plaintiff, whereas a determination of the numerosity factors are deferred until the lead plaintiff moves for class certification. *In re Cavanaugh*, 306 F.3d at 730.

**A. Typicality**

Typicality is determined by "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Claims need not be identical, they must only be reasonably "co-extensive" with those of other class members. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

Here, the Ferris plaintiffs have demonstrated that its claims arise from the same facts of all other class members. Specifically, that defendants made misleading statements and failed to disclose the CEO's alleged sexual misconduct, causing shares to trade at an inflated price. As a result, the Ferris plaintiffs and the absent class members suffered a financial loss when Wynn

Resorts' share prices fell upon the news of the sexual misconduct allegations. Thus, the Ferris plaintiffs share a similar injury with other class plaintiffs.

**B. Adequacy**

Class representatives must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The court finds adequacy by assessing (1) whether the interests with the class representatives align with the absent class members and (2) whether the lead plaintiffs will vigorously prosecute the action on behalf of the class. *See id.*

Here, the Ferris plaintiffs have demonstrated that they are adequate representatives of the class. The Ferris plaintiffs' interests are the same as the other class members, as they seek damages for a financial loss due to defendants' alleged misrepresentations. Further, the Ferris plaintiffs' alleged financial loss demonstrates their significant interest in the success of the action.

Therefore, the court finds that the Ferris plaintiffs have satisfied the typicality and adequacy factors of Rule 23(a). Given that no other class member has moved to rebut the presumption that the Ferris plaintiffs are the most adequate to represent the class, the court will grant the motion.

**III. APPOINTMENT OF LEAD COUNSEL**

Plaintiff also moves to select Pomerantz LLP as lead counsel, and Muehlbauer Law Office, LTD., as liaison counsel. Under the PSLRA, once the court selects a lead plaintiff, that plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." § 78u-4(a)(3)(B)(v). The court may disturb the plaintiff's choice of counsel if it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-(a)(3)(B)(iii)(II)(aa).

The court has reviewed the Ferris plaintiffs' selected lead counsel, Pomerantz LLP, and their choice for liaison counsel, Muehlbauer Law Office, LTD., and finds that the firms are capable of serving in their respective roles. Both firms have extensive experience in securities litigation and class actions, and have demonstrated familiarity with the applicable law. (Mot. for Appointment of Counsel (ECF No. 31) Ex. D-E.) Therefore, the court will grant the Ferris plaintiffs' motion for selection of counsel.

IT IS THEREFORE ORDERED that plaintiff Jeffrey Larsen's motion for appointment as lead plaintiff and approval of counsel (ECF No. 30) is DENIED as moot.

IT IS FURTHER ORDERED that plaintiff John V. Ferris and Joann M. Ferris' motion for appointment of lead plaintiffs and approval of counsel (ECF No. 31) is GRANTED.

DATED: December 4, 2018

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE