GARMAN TURNER GORDON LLP
ERIKA PIKE TURNER
Nevada Bar No. 6454
Email: eturner@gtg.legal
DYLAN T. CICILIANO
Nevada Bar No. 12348
Email: dciciliano@geg.legal
650 White Drive, Suite 100
Las Vegas, Nevada 89119
Tel: (725) 777-3000
Fax: (725) 777-3112

ORRICK, HERRINGTON & SUTCLIFFE LLP
JAMES N. KRAMER (*Pro Hac Vice Pending*)
CA Bar No. 154709
Email: jkramer@orrick.com
M. TODD SCOTT (*Pro Hac Vice Pending*)
CA Bar No. 226885
Email: tscott@orrick.com
405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700

CHRISTINE E. HANLEY (*Pro Hac Vice Pending*)
WA Bar No. 50801
Email: chanley@orrick.com
701 5th Avenue, Suite 5600
Seattle. WA 98107
Tel: (206) 839-4300

*Attorneys for Defendant Kimmarie Sinatra*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN V. FERRIS and JOANN M. FERRIS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WYNN RESORTS LIMITED, STEPHEN A. WYNN, CRAIG SCOTT BILLINGS, STEPHEN COOTEY, MATTHEW O. MADDOX, JOHN J. HAGENBUCH, ROBERT J. MILLER, PATRICIA MULROY, CLARK T. RANDT JR., ALVIN V. SHOEMAKER, KIMMARIE SINATRA, DANIEL B. WAYSON, JAY L. JOHNSON, RAY R. IRANI, and J. EDWARD VIRTUE,<br><br>Defendants. | CASE NO.: Case 2:18-cv-00479-GMN-CWH<br><br>**DEFENDANT KIMMARIE SINATRA'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT AND JOINDER; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**ORAL ARGUMENT REQUESTED** |

Garman Turner Gordon
LLP
Attorneys At Law
650 White Dr., Suite 100
Las Vegas, Nevada 89119
(725) 777-3000

**KIMMARIE SINATRA'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

I.  INTRODUCTION ........................................................................................................ 2

II.  SUMMARY OF ALLEGATIONS RELATING TO MS. SINATRA ............................... 3

III.  THE HEIGHTENED PLEADING STANDARDS GOVERNING SECURITIES FRAUD COMPLAINTS .......................................................................... 6

IV.  ARGUMENT ............................................................................................................. 7

    A.  Plaintiffs' Section 10(b) Claim Against Ms. Sinatra Fails As A Matter Of Law Because She Is Not The "Maker" Of Any Alleged Misstatement ................. 7

    B.  Plaintiffs Have Failed To Plead Any Facts Creating A "Strong Inference" That Ms. Sinatra Acted With An Intent To Deceive Investors ........................... 11

    C.  Plaintiffs' Section 20(a) Claim Against Ms. Sinatra Fails .................................. 17

V.  CONCLUSION ......................................................................................................... 20

CERTIFICATE OF SERVICE ......................................................................................... 21

Garman Turner Gordon LLP
Attorneys At Law
650 White Dr., Suite 100
Las Vegas, Nevada 89119
(725) 777-3000

KIMMARIE SINATRA'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

i

## TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*In re Apollo Grp., Inc. Sec. Litig.*,
  2011 WL 5101787 (D. Ariz. Oct. 27, 2011) ..................................................12

*Applestein v. Medivation, Inc.*,
  2011 WL 3651149 (N.D. Cal. Aug. 18, 2011) ...............................................15

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...............................................................................6, 9, 17

*Azar v. Yelp, Inc.*,
  2018 WL 6182756 (N.D. Cal. Nov. 27, 2018) ...............................................14

*Bruce v. Suntech Power Holdings Co. Ltd.*,
  2013 WL 6843610 (N.D. Cal. Dec. 26, 2013) ...............................................10

*Cement & Concrete Workers Dist. Council Pension Fund v. Hewlett Packard Co.*,
  964 F. Supp. 2d 1128 (N.D. Cal. 2013) ........................................................13

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
  65 F. Supp. 3d 840 (N.D. Cal. 2014), *aff'd*, 856 F.3d 605 (9th Cir. 2017) ...........14

*City of Westland Police & Fire Ret. Sys. v. Sonic Solutions*,
  2009 WL 942182 (N.D. Cal. Apr. 6, 2009) ..............................................17, 18

*In re CytRx Corp. Sec. Litig.*,
  2015 WL 5031232 (C.D. Cal. July 13, 2015) ..................................................8

*Dura Pharm., Inc. v. Broudo*,
  544 U.S. 336 (2005).......................................................................................7

*ECA & Local 134 IBEW Joint Pension Tr. Of Chicago v. JP Morgan Chase Co.*,
  553 F.3d 187 (2d Cir. 2009).........................................................................13

*In re Energy Recovery Inc. Sec. Litig.*,
  2016 WL 324150 (N.D. Cal. Jan. 27, 2016) ..................................................19

*Ernst & Ernst v. Hochfelder*,
  425 U.S. 185 (1976).....................................................................................11

*In re FVC.com Sec. Litig.*,
  136 F. Supp. 2d 1031 (N.D. Cal. 2000), *aff'd*, 32 F. App'x 338 (9th Cir. 2002) ...................16

*In re Hansen Nat. Corp. Sec. Litig.*,
  527 F. Supp. 2d 1142 (C.D. Cal. 2007) ....................................................15, 18

*Hefler v. Wells Fargo & Co.*,
  2018 WL 1070116 (N.D. Cal. Feb. 27, 2018) ...............................................10

Garman Turner Gordon
LLP
Attorneys At Law
650 White Dr., Suite 100
Las Vegas, Nevada 89119
(725) 777-3000

**KIMMARIE SINATRA'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**
*i*

*Howard v. Everex Sys., Inc.*,
   228 F.3d 1057 (9th Cir. 2000) ...................................................................................17

*Hussey v. Ruckus Wireless, Inc.*,
   2017 WL 679500 (N.D. Cal. Feb. 21, 2017) ...........................................................11

*In re Immersion Corp. Sec. Litig.*,
   2011 WL 871650 (N.D. Cal. Mar. 11, 2011)..............................................................9

*In re Int'l Rectifier Corp. Sec. Litig.*,
   2008 WL 4555794 (C.D. Cal. May 23, 2008) ..........................................................18

*Janus Capital Grp. v. First Derivative Traders*,
   564 U.S. 135 (2011)..............................................................................................*passim*

*Lipton v. Pathogenesis Corp.*,
   284 F.3d 1027 (9th Cir. 2002) ................................................................................16

*Markette v. XOMA Corp.*,
   2017 WL 4310759 (N.D. Cal. Sept. 28, 2017) .......................................................10

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
   540 F.3d 1049 (9th Cir. 2008) ...........................................................................15, 16

*Middlesex Ret. Sys. v. Quest Software Inc.*,
   527 F. Supp. 2d 1164 (C.D. Cal. 2007) ..................................................................19

*Neborsky v. Valley Forge Composite Techs., Inc.*,
   2014 WL 1705522 (S.D. Cal. Apr. 28, 2014) .........................................................10

*Oaktree Principal Fund V, LP v. Warburg Pincus LLC*,
   2016 WL 6782768 (C.D. Cal. Aug. 9, 2016)...........................................................10

*Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*,
   759 F.3d 1051 (9th Cir. 2014) ................................................................................13

*Reese v. BP Expl. (Alaska) Inc.*,
   643 F.3d 681 (9th Cir. 2011) ..................................................................................10

*Richardson v. Oppenheimer & Co. Inc.*,
   2013 WL 1955406 (D. Nev. May 10, 2013) ..............................................................6

*In re Rigel Pharm., Inc. Sec. Litig.*,
   2009 WL 5125344 (N.D. Cal. Dec. 21, 2009) .........................................................17

*Rok v. Identiv, Inc.*,
   2017 WL 35496 (N.D. Cal. Jan. 4, 2017), *aff'd*, 716 F. App'x 663 (9th Cir. 2018) .........12, 13

*Santa Fe Indus., Inc. v. Green*,
   430 U.S. 462 (1977)................................................................................................13

Garman Turner Gordon
LLP
Attorneys At Law
650 White Dr., Suite 100
Las Vegas, Nevada 89119
(725) 777-3000

**KIMMARIE SINATRA'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**

*ii*

*Sgarlata v. PayPal Holdings, Inc.*,
   2018 WL 6592771 (N.D. Cal. Dec. 13, 2018) .................................................................17, 18

*In re Silicon Graphics, Inc. Sec. Litig.*,
   183 F.3d 970 (9th Cir. 1999) .................................................................................... *passim*

*In re SolarCity Corp. Sec. Litig.*,
   274 F. Supp. 3d 972 (N.D. Cal. 2017) .................................................................................8

*Special Situations Fund III QP, L.P. v. Brar*,
   2015 WL 1393539 (N.D. Cal. Mar. 26, 2015) ...................................................................18

*In re Vantive Corp. Sec. Litig.*,
   283 F.3d 1079 (9th Cir. 2002) .....................................................................................12, 16

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*,
   2017 WL 66281 (N.D. Cal. Jan. 4, 2017) ..........................................................................18

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*,
   2017 WL 3058563 (N.D. Cal. July 19, 2017) ....................................................................17

*Welgus v. TriNet Grp., Inc.*,
   2017 WL 167708 (N.D. Cal. Jan. 17, 2017) ......................................................................17

*WMCV Phase 3, LLC v. Shushok & McCoy, Inc.*,
   750 F. Supp. 2d 1180 (D. Nev. 2010) ............................................................................9, 11

*In re Worlds of Wonder Sec. Litig.*,
   35 F.3d 1407 (9th Cir. 1994) .............................................................................................16

*Zucco Partners, LLC v. Digimarc Corp.*,
   552 F.3d 981 (9th Cir. 2009) .................................................................................6, 13, 17

**Statutes and Rules**

15 U.S.C.
   Section 78u-4(b)(1)(A)-(B) (Private Securities Litigation Reform Act of 1995) ....................6

17 C.F.R.
   Section 240.10b-5 (Securities and Exchange Commission Rule 10b-5) ...................... *passim*

Fed. R. Civ. P.
   Rule 8 ...................................................................................................................................9
   Rule 8(a) .............................................................................................................................17
   Rule 9(b) ..................................................................................................................... *passim*
   Rule 12(b)(6) ...................................................................................................................6, 14

Garman Turner Gordon
LLP
Attorneys At Law
650 White Dr., Suite 100
Las Vegas, Nevada 89119
(725) 777-3000

**KIMMARIE SINATRA'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**
*iii*

**MOTION TO DISMISS AND JOINDER**

Defendant Kimmarie Sinatra hereby moves to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 9(b), and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 *et seq.*, the claims asserted against her in Lead Plaintiffs John V. and JoAnn M. Ferris' ("Plaintiffs") Amended Class Action Complaint (the "Amended Complaint" or "AC") [ECF No. 52].   In moving to dismiss the Amended Complaint, Ms. Sinatra joins the Motion to Dismiss filed by Defendants Wynn Resorts, Limited ("Wynn Resorts" or the "Company"), Craig Scott Billings, Matthew O. Maddox, J. Edward Virtue, Clark T. Randt, Jr., Robert J. Miller, Ray R. Irani, Daniel B. Wayson, John J. Hagenbuch, Jay L. Johnson, Patricia Mulroy, and Alvin A. Shoemaker (the "Wynn Resorts Defendants' Motion to Dismiss").

This motion is supported by the Memorandum of Points and Authorities below; the accompanying Request for Judicial Notice and exhibits attached to the Declaration of Christine Hanley (the "Hanley Declaration"); the Wynn Resorts Defendants' Motion to Dismiss, which Ms. Sinatra joins and incorporates by references; the other papers and pleadings on file in the action; and any oral argument this Court may choose to consider.

Dated this 15th day of April, 2019.

GARMAN TURNER GORDON LLP

*/s/ Dylan T. Ciciliano*

ERIKA PIKE TURNER
Nevada Bar No. 6454
DYLAN T. CICILIANO
Nevada Bar No. 12348
650 White Drive, Suite 100
Las Vegas, Nevada 89119

ORRICK, HERRINGTON & SUTCLIFFE LLP
JAMES N. KRAMER (*Pro Hac Vice Pending*)
CA Bar No. 154709
M. TODD SCOTT (*Pro Hac Vice Pending*)
CA Bar No. 226885
405 Howard Street
San Francisco, CA 94105

CHRISTINE E. HANLEY (*Pro Hac Vice Pending*)
WA Bar No. 50801
701 5th Avenue, Suite 5600
Seattle. WA 98107

*Attorneys for Defendant Kimmarie Sinatra*

**KIMMARIE SINATRA'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs have overreached under the federal securities laws by naming Kimmarie Sinatra as a defendant in their Amended Complaint.   Ms. Sinatra, Wynn Resorts' former General Counsel and Secretary, is not alleged to have made any of the dozens of alleged misstatements cited in the Amended Complaint.   Nor are there any factual allegations in the Amended Complaint that Ms. Sinatra exercised power and control over those who are alleged to have made the alleged misstatements.   Notwithstanding these omissions, Plaintiffs assert that Ms. Sinatra is primarily liable under Section 10(b) of the Securities Exchange Act of 1934 and Securities and Exchange Commission ("SEC") Rule 10b-5 for alleged misstatements made to Wynn Resorts investors between 2014 and 2018, and under Section 20(a) of the Exchange Act for purportedly "controlling" those who made the alleged misstatements.   As explained below, Plaintiffs' attempt to plead claims against Ms. Sinatra under those provisions is misguided and fails for a host of reasons.

*First*, for the reasons set forth in the Wynn Resorts Defendants' Motion to Dismiss, Plaintiffs fail to plead a Section 10(b) and Rule 10b-5 claim against any defendant, much less Ms. Sinatra, because none of the alleged misstatements cited in the Amended Complaint is actionably false or misleading and, in any event, because they fail to adequately plead the "loss causation" element of their claim.   And because Plaintiffs fail to plead a primary violation of Section 10(b), their "control person" claim against Ms. Sinatra under Section 20(a) likewise fails.

*Second*, irrespective of whether any of the alleged misstatements is actionably false or misleading, or whether Plaintiffs have adequately pled loss causation, Ms. Sinatra cannot be held liable under Section 10(b) and Rule 10b-5 because *she did not make any of the alleged misstatements.*   To be liable under Section 10(b) and Rule 10b-5 for an alleged misstatement, a defendant must have "made" the statement. *Janus Capital Grp. v. First Derivative Traders*, 564 U.S. 135, 141 (2011).   The Amended Complaint is devoid of any factual allegation that Ms. Sinatra made or was responsible for any alleged misstatement, or that any of the alleged misstatements was otherwise attributed to her.   To the contrary, the Amended Complaint makes

Garman Turner Gordon
LLP
Attorneys At Law
650 White Dr., Suite 100
Las Vegas, Nevada 89119
(725) 777-3000

clear that each of the alleged misstatements was orally made by, or included in documents signed by, or otherwise attributed to, individuals *other than* Ms. Sinatra.[1]

*Third*, the Amended Complaint alleges no specific facts to establish a "strong inference" that Ms. Sinatra acted with an intent to deceive investors in connection with the purchase or sale of a security, as required by the PSLRA.  Because the Amended Complaint does not allege that Ms. Sinatra ever made a misstatement, Plaintiffs cannot show—as a matter of both law and logic—that she displayed intentional or willful conduct designed to deceive or defraud investors.  Moreover, the Amended Complaint barely mentions Ms. Sinatra.  For the most part, the allegations against her are conclusory and group-pled, lumping her in as one of the "Defendants" or "Individual Defendants."  But generalized group-pled allegations are not permitted under the PSRLA and Rule 9(b)—scienter must be specifically pled as to *each* defendant *separately*.  When those boilerplate, conclusory group-pled allegations are stripped away, all that remains as to Ms. Sinatra are unadjudicated allegations copied from other complaints that concern only Ms. Sinatra's purported failings as Wynn Resorts' General Counsel and say nothing about an intent to defraud investors.  As a matter of law, alleged conduct that amounts to nothing more than internal corporate mismanagement is not actionable under Section 10(b) and Rule 10b-5.

*Fourth*, and finally, the Amended Complaint is devoid of factual allegations showing that Ms. Sinatra "controlled" any purported violator of Section 10(b), as required to plead a Section 20(a) claim.  In fact, the Amended Complaint makes clear that Ms. Sinatra was a *subordinate* of the other individual defendants who are alleged to have made the alleged misstatements and/or signed the documents containing the alleged misstatements.  Plaintiffs do not, and cannot, explain how Ms. Sinatra could have exercised control over the alleged primary violators, her former bosses, who clearly outranked her within Wynn Resorts.

## II.    SUMMARY OF ALLEGATIONS RELATING TO MS. SINATRA

The Amended Complaint seeks to hold Ms. Sinatra liable under Sections 10(b) and 20(a) of the Exchange Act in connection with various statements made by the "Defendants"—defined

---

[1] Copies of the documents and transcripts containing the alleged misstatements are attached to the request for judicial notice submitted by the Wynn Resorts Defendants in support of their motion to dismiss.

Garman Turner Gordon
LLP
Attorneys At Law
650 White Dr., Suite 100
Las Vegas, Nevada 89119
(725) 777-3000

1   as Wynn Resorts, Stephen Wynn, Matthew Maddox, Ms. Sinatra, Stephen Cootey, Craig S.

2   Billings (the "Individual Defendants"), and current and former members of Wynn Resorts'

3   Board of Directors (the "Director Defendants")— between February 28, 2014 and February 12,

4   2018 (the "Class Period"). *See* AC ¶¶ 1, 17-41, 88-195, 249-256, 258-262.

5   As alleged in the Amended Complaint, Ms. Sinatra joined Wynn Resorts in January 2004

6   as Senior Vice President and General Counsel of its development activities, and served as the

7   Company's Executive Vice President, General Counsel, and Secretary from February 2006 until

8   her resignation in July 15, 2018. *Id.* ¶ 22. The Amended Complaint additionally alleges that Ms.

9   Sinatra received compensation in connection with her employment at Wynn Resorts and sold

10  shares in Wynn Resorts stock between 2014 and 2017. *Id.* ¶¶ 22, 23, 27. Other than to make

11  these basic biographical allegations, the 112-page Amended Complaint barely mentions Ms.

12  Sinatra at all. Instead, it relies heavily on boilerplate and conclusory allegations against the

13  "Defendants" or "Individual Defendants." These allegations serve no purpose other than to

14  parrot the elements of the asserted claims against the Defendants *en masse*.

15  Substantive allegations made against Ms. Sinatra appear in just a few subparts of four

16  paragraphs of the Amended Complaint. Two of these paragraphs are copied verbatim from

17  unadjudicated and contested counterclaims filed by Elaine Wynn in the *Okada* Litigation[2] and a

18  related press release issued by Ms. Wynn. *Id.* ¶¶ 157, 160. The remaining two paragraphs are

19  reproduced from a disciplinary complaint and accompanying settlement agreement filed by the

20  Nevada Gaming Control Board ("NGCB") against Wynn Resorts and Wynn Las Vegas, LLC

21  (the "NGCB-Wynn Resorts Complaint and Settlement").[3] *Id.* ¶¶ 224, 228. The entirety of the

22  allegations in the Amended Complaint made against Ms. Sinatra, as opposed to against the

23  "Defendants" or "Individual Defendants" as a whole, come from these two sources and are

24  reproduced below:

25

26

27  [2] *Wynn Resorts, Limited v. Kazuo Okada, et al.*, No. A-12-656710-B (Eighth Judicial District Court, Clark County, Nevada) (the "*Okada* Litigation").

28  [3] *Nev. Gaming Control Bd. v. Wynn Las Vegas, LLC*, No. NGC 18-15 (Nev. Gaming Comm'n Jan. 25, 2019).

Garman Turner Gordon
LLP
Attorneys At Law
650 White Dr., Suite 100
Las Vegas, Nevada 89119
(725) 777-3000

| Citation | Allegation |
|---|---|
| AC ¶ 157 (59:14-16) | "Ms. Wynn and her fellow Board members were intentionally fed misinformation by Mr. Wynn and Kimmarie Sinatra . . . ." |
| AC ¶ 157 (59:25-60:7) | ". . . Mr. Wynn and Ms. Sinatra decided what would and would not be disclosed to the Board; and . . . they made decisions based not on what was best for the shareholders, but what was best for management, specifically the Chairman and the CEO. No other plausible explanation could justify the decision to keep secret from the Board and other Company counsel besides Ms. Sinatra the fact that the Chairman and CEO had engaged in alleged misconduct on Company property against at least one Company employee serious enough to warrant a multi-million dollar payment and thereby to expose the Company and the other directors to liability without their knowledge or consent." |
| AC ¶ 157 (60:15-19) | "Mr. Wynn, along with Ms. Sinatra, effectively undermined the role and proper decision-making authority of the Board by withholding information from or affirmatively misleading the Board, including on matters that indisputably should have been reported by the Board, and by retaliating against Ms. Wynn for raising proper inquiries into the conduct of the Company, including by Mr. Wynn." |
| AC ¶ 157 (60:24-26) | "When Ms. Wynn made inquiries of Ms. Sinatra, the Company's General Counsel, Ms. Sinatra stated that Mr. Wynn had decided that the matter should not be disclosed to the Board or other Company counsel . . . ." |
| AC ¶ 157 (61:27-62:3) | ". . . Mr. Wynn and Ms. Sinatra . . . engineered the 2015 removal of Elaine Wynn from the Board of the Company . . . . It was Ms. Wynn's punishment for asking too many questions that Mr. Wynn and Ms. Sinatra did not want to answer." |
| AC ¶ 160 (63:22-26) | ". . . Mr. Wynn, aided and abetted by Ms. Sinatra, set a tone at the top of the Company that has given rise to years of unchecked business activities and reckless behavior within the Company . . . . [T]he Board of Directors was intentionally kept in the dark by Mr. Wynn and Ms. Sinatra, as a result, failed consistently to apply appropriate corporate governance standards." |
| AC ¶ 224 (91:16-18) | "In January 2012, at the latest, Kimmarie Sinatra, former General Counsel, Secretary, and Senior Vice President for RESORTS, learned of the 2005 Settlement. By July 2017, at the latest, Ms. Sinatra learned that Employee 1 had alleged that Mr. Wynn raped her." |
| AC ¶ 228 (95:10-16) | "Kimmarie Sinatra, former RESORTS General Counsel, Secretary, and Executive Vice President, was made aware of Employee 7's allegations of multiple instances of sexual harassment by Mr. Wynn related to LV Jet flight attendants through the above-referenced written correspondence, which was forwarded to Ms. Sinatra by Mr. Wynn's personal assistant. Ms. Sinatra, however, did not report the allegations to ER, or otherwise ensure that the allegations had been reported thereto, as would have been required by RESPONDENTS' policies and procedures in effect at the time, so ER could conduct an investigation into the allegations."[4] |

---

[4] The allegations in this paragraph were neither admitted nor denied by the Company or Wynn Las Vegas in connection with their settlement with the NGCB.  AC ¶ 223.

Garman Turner Gordon LLP
Attorneys At Law
650 White Dr., Suite 100
Las Vegas, Nevada 89119
(725) 777-3000

**KIMMARIE SINATRA'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**

1   Tellingly, the Amended Complaint contains no factual allegations that Ms. Sinatra made,

2   was responsible for, or was otherwise involved in any way, with any of the alleged

3   misstatements that are the bases of Plaintiffs' Section 10(b) claim.   Nor does the Amended

4   Complaint contain any factual allegations that Ms. Sinatra was responsible for or directed the

5   day-to-day affairs of Wynn Resorts, or that she otherwise had the ability to control Wynn Resorts

6   or any other purported violator of Section 10(b).

7   ## III.   THE HEIGHTENED PLEADING STANDARDS GOVERNING SECURITIES FRAUD COMPLAINTS

8   To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient

9   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft*

10  *v. Iqbal*, 556 U.S. 662, 678 (2009).   "A pleading that offers 'labels and conclusions' or 'a

11  formulaic recitation of the elements of a cause of action will not do.'"   *Id.*   "Nor does a

12  complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"   *Id.*

13  Rule 9(b) and the PSLRA impose two additional exacting pleading requirements in

14  securities fraud actions like this one, both of which must be met for a complaint to survive a

15  motion to dismiss.   *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990-91 (9th Cir.

16  2009).   Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the

17  circumstances constituting fraud or mistake."   Fed. R. Civ. P. 9(b).   "This rule requires that

18  claims of fraud be accompanied by the 'who, what, when, where, and how' of the conduct

19  charged . . . so that the complaint may not simply 'lump multiple defendants together.'"

20  *Richardson v. Oppenheimer & Co. Inc.*, 2013 WL 1955406, at *5 (D. Nev. May 10, 2013)

21  (Navarro, J.) (citations omitted).   Further, the PSLRA requires the complaint to specify each

22  statement alleged to have been false or misleading and the reasons why, and to plead with

23  particularity all facts on which that belief is formed.   15 U.S.C. § 78u-4(b)(1)(A)-(B).   The

24  PSLRA also requires the complaint to plead "with particularity facts giving rise to a strong

25  inference that the defendant acted with the required state of mind."   *Id.* § 78u-4(b)(2)(A).

26  The import of these provisions is that a plaintiff "must plead, *in great detail*, facts"

27  supporting her securities fraud claim, *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 974

28  (9th Cir. 1999) (emphasis added), and must do so as to *each* defendant *separately*.   "It is not

Garman Turner Gordon LLP
Attorneys At Law
650 White Dr., Suite 100
Las Vegas, Nevada 89119
(725) 777-3000

KIMMARIE SINATRA'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT
- 6 -

1  sufficient for a plaintiff's pleadings to set forth a belief that certain unspecified sources will
2  reveal, after appropriate discovery, facts that will validate her claim." *Id.* at 985.

3  ## IV.   ARGUMENT

4      To prevail on their Section 10(b) and Rule 10b-5 claim against Ms. Sinatra, Plaintiffs
5  must plead and prove (1) that Ms. Sinatra made a materially false or misleading statement and
6  (2) did so with scienter; (3) a connection between the allegedly false or misleading statement(s)
7  and the purchase or sale of a security; (4) reliance on the allegedly false and misleading
8  statement(s); (5) economic loss; and (6) loss causation. *See Dura Pharm., Inc. v. Broudo*, 544
9  U.S. 336, 341 (2005). For the reasons set forth in the Wynn Resorts Defendants' Motion to
10 Dismiss, none of the alleged misstatements cited in the Amended Complaint is actionably false
11 or misleading and, in any event, Plaintiffs fail to adequately plead loss causation. Accordingly,
12 Plaintiffs' Section 10(b) and Rule 10b-5 claim against Ms. Sinatra must be dismissed. And
13 because Plaintiffs fail to plead a predicate primary violation of Section 10(b), their "control
14 person" claim against Ms. Sinatra under Section 20(a) must likewise be dismissed.

15     As demonstrated below, however, irrespective of whether any of the alleged
16 misstatements is actionably false or misleading, or whether Plaintiffs have adequately pled loss
17 causation, Ms. Sinatra cannot be held liable under Section 10(b) and Rule 10b-5 because *she was*
18 *not the "maker" of any alleged misstatement*, which the Amended Complaint itself makes clear.
19 Beyond that threshold—and fatal—defect, the Amended Complaint contains no specific facts to
20 establish a "strong inference" that Ms. Sinatra acted with an intent to deceive investors in
21 connection with the purchase or sale of a security, as required by the PSLRA. Nor does the
22 Amended Complaint contain any facts to show that Ms. Sinatra "controlled" any purported
23 primary violator of Section 10(b), as required to plead a Section 20(a) claim.

24
25  ### A.   Plaintiffs' Section 10(b) Claim Against Ms. Sinatra Fails As A Matter Of Law Because She Is Not The "Maker" Of Any Alleged Misstatement

26     To be held liable for violation of Section 10(b) and Rule 10b-5(b), a defendant "must
27 have 'made'" an alleged misstatement. *Janus*, 564 U.S. at 141. In *Janus*, the Supreme Court
28 held that "[o]ne who prepares or publishes a statement on behalf of another is not its maker";

Garman Turner Gordon
LLP
Attorneys At Law
650 White Dr., Suite 100
Las Vegas, Nevada 89119
(725) 777-3000

KIMMARIE SINATRA'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT
- 7 -

rather, "the maker of [the] statement is the person or entity with ultimate authority over the statement, including its content and whether and how to communicate it." *Id.* at 142. "Courts since *Janus* have applied it to disallow Rule 10b-5(b) claims against defendants who merely requested, influenced, helped create, or supplied information for the relevant false or misleading statements." *In re CytRx Corp. Sec. Litig.*, 2015 WL 5031232, at *6 (C.D. Cal. July 13, 2015); *see also In re SolarCity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 1006-07 (N.D. Cal. 2017).

Here, Plaintiffs do not allege that Ms. Sinatra made any alleged misstatement, or that any of the alleged misstatements was otherwise attributed to her. To the contrary, the Amended Complaint makes clear that each of the alleged misstatements was orally made by, or included in documents signed by, or otherwise attributed to, individuals *other than* Ms. Sinatra.[5] That

---

[5] *See* AC ¶ 90 (alleging that the "Code of Conduct opened with a letter from Defendant Wynn"), ¶ 100 (the "2013 10-K was signed by Elaine Wynn and Defendants Wynn, Hagenbuch, Irani, Shoemaker, Virtue, Wayson, and Maddox" and also "contained signed [SOX] certifications . . . by Defendants Wynn and Maddox"), ¶ 109 (alleging that statements in 2014 Proxy Statement regarding Defendant Wynn were false and misleading), ¶ 111 (April 22, 2014 Form 8-K was "signed by Defendant Maddox"), ¶ 112 (May 9, 2014 Form 10-Q "was signed by Defendant Maddox and also contained signed SOX certifications by Defendants Wynn and Maddox"), ¶ 114 (August 8, 2014 Form 10-Q "was signed by Defendant Cootey and also contained signed SOX certifications by Defendants Wynn and Cootey"), ¶ 116 (November 7, 2014 Form 10-Q "was signed by Defendant Cootey and also contained signed SOX certifications by Defendants Wynn and Cootey"), ¶ 119 (alleging that Defendant Wynn made misleading statement on February 3, 2015 earnings call), ¶ 121 (2014 10-K "was signed by Elaine Wynn and Defendants Wynn, Hagenbuch, Irani, Miller, Shoemaker, Virtue, Wayson, and Cootey" and "also contained signed SOX certifications by Defendants Wynn and Cootey"), ¶ 130 (alleging that statements in 2015 Proxy Statement regarding Defendant Wynn were misleading), ¶ 132 (challenging statement included in March 24, 2015 "presentation from the Board"), ¶ 134 (May 8, 2015 Form 10-Q "was signed by Defendant Cootey and also contained signed SOX certifications by Defendants Wynn and Cootey"), ¶ 137 (August 7, 2015 Form 10-Q "was signed by Defendant Cootey and also contained signed SOX certifications by Defendants Wynn and Cootey"), ¶ 140 (alleging that Defendant Wynn made misleading statement on October 15, 2015 earnings call), ¶ 142 (November 6, 2015 Form 10-Q "was signed by Defendant Cootey and also contained signed SOX certifications by Defendants Wynn and Cootey"), ¶ 145 (2015 10-K "was signed by Defendants Wynn, Hagenbuch, Irani, Miller, Mulroy, Randt, Shoemaker, Virtue, Wayson, and Cootey, and also contained signed SOX certifications by Defendants Wynn and Cootey"), ¶ 154 (alleging that statements in 2016 Proxy Statement regarding Defendant Wynn were misleading), ¶¶ 158, 161 (alleging that March 28 and April 5, 2016 press releases by Wynn Resorts defending Defendant Wynn and Wynn Resorts' Board against Elaine Wynn's allegations were misleading), ¶ 163 (May 6, 2016 Form 10-Q "was signed by Defendant Cootey and also contained signed SOX certifications by Defendants Wynn and Cootey"), ¶ 166 (August 9, 2016 Form 10-Q "was signed by Defendant Cootey and also contained signed SOX certifications by Defendants Wynn and Cootey"), ¶ 169 (November 4, 2016 Form 10-Q "was signed by Defendant Cootey and also contained signed SOX certifications by Defendants Wynn and Cootey"), ¶ 172 (2016 Form 10-K "was signed by Defendant Wynn, Hagenbuch, Irani, Johnson, Miller, Mulroy, Randt, Shoemaker, Virtue, Wayson and Cootey, and also contained signed SOX certifications by Defendants Wynn and Cootey"), ¶ 181 (alleging that statements in 2017 Proxy Statement

Garman Turner Gordon
LLP
Attorneys At Law
650 White Dr., Suite 100
Las Vegas, Nevada 89119
(725) 777-3000

**KIMMARIE SINATRA'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**
- 8 -

1  dooms Plaintiffs' Section 10(b) and Rule 10b-5(b) claim against her because "attribution within

2  a statement or implicit from surrounding circumstances is strong evidence that a statement was

3  made by—and only by—the party to whom it is attributed." *Janus*, 564 U.S. at 142-43.

4       In any event, the Amended Complaint alleges *zero* facts to show that Ms. Sinatra had

5  "ultimate authority" over any alleged misstatement, "including its content and whether and how

6  to communicate it."  *Id.* at 142.  Instead, Plaintiffs lump Ms. Sinatra with all the other

7  "Individual Defendants," and allege in utterly conclusory fashion that "[t]he Individual

8  Defendants possessed the power and authority to control the contents of Wynn's SEC filings,

9  press releases, and other market communications," and "were provided with copies of the

10 Company's SEC filings and press releases alleged [] to be misleading prior to or shortly after

11 their issuance and had the ability and opportunity to prevent their issuance or to cause them to be

12 corrected." AC ¶ 28; *see also id.* ¶ 253.  Even before *Janus*, courts rejected such boilerplate and

13 conclusory position-based group allegations.  *See, e.g., In re Immersion Corp. Sec. Litig.*, 2011

14 WL 871650, at *3 (N.D. Cal. Mar. 11, 2011) (rejecting conclusory allegations that individuals

15 "controlled and/or possessed the authority to control the contents of [the company's] reports,

16 press releases").  "Rule 9(b) does not allow a complaint to merely lump multiple defendants

17 together but 'require[s] plaintiffs to differentiate their allegations when suing more than one

18 defendant . . . and inform each defendant separately of the allegations surrounding his [or her]

19 participation in the fraud.'"  *WMCV Phase 3, LLC v. Shushok & McCoy, Inc.*, 750 F. Supp. 2d

20 1180, 1188 (D. Nev. 2010) (Navarro, J.).  Indeed, even under the notice pleading standards of

21 Rule 8, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

22 elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678.  "Nor does a complaint

23 suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.*

24

_____ (continued)

25 regarding Defendant Wynn were misleading), ¶ 183 (alleging that Defendant Wynn made
   misleading statement on April 25, 2017 earnings call), ¶ 185 (May 4, 2017 Form 10-Q "was

26 signed by Defendant Billings and also contained signed SOX certifications by Defendants Wynn
   and Billings"), ¶ 188 (alleging that Defendant Wynn made misleading statement on July 25,

27 2017 earnings call), ¶ 190 (August 4, 2017 Form 10-Q "was signed by Defendant Billings and
   also contained signed SOX certifications by Defendants Wynn and Billings"), ¶ 193 (November

28 8, 2017 Form 10-Q "was signed by Defendant Billings and also contained signed SOX
   certifications by Defendants Wynn and Billings").

Garman Turner Gordon
LLP
Attorneys At Law
650 White Dr., Suite 100
Las Vegas, Nevada 89119
(725) 777-3000

KIMMARIE SINATRA'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT
- 9 -

*Janus* "sets the pleading bar even higher in private securities fraud actions seeking to hold defendants primarily liable for the misstatements of others." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 693 n.8 (9th Cir. 2011). In light of *Janus*, and the particularity requirements of Rule 9(b) and the PSLRA, Plaintiffs are required to plead *specific facts as to Ms. Sinatra* showing that she possessed "ultimate authority" over the alleged misstatements. Having failed to do so, their Section 10(b) and Rule 10b-5(b) claim against her must be dismissed. *See, e.g.*, *Hefler v. Wells Fargo & Co.*, 2018 WL 1070116, at *9 (N.D. Cal. Feb. 27, 2018) (conclusory allegation that "because of their positions of control and authority as officers and/or directors [Defendants] were able to and did control the content of . . . [the Company's] public statements" and "that all the Officer Defendants . . . were provided with the documents alleged to be misleading 'prior to or shortly after their issuance and/or had the ability and/or opportunity to prevent their issuance or cause them to be corrected,'" was insufficient under *Janus* to plead that non-speaking officers were the makers of statements); *Markette v. XOMA Corp.*, 2017 WL 4310759, at *13 (N.D. Cal. Sept. 28, 2017) (applying *Janus* to dismiss claims against director because complaint lacked "factual allegations" to support conclusory assertion that "as a board member of XOMA, [he] 'had ultimate authority' over the false and misleading statements at issue"); *Oaktree Principal Fund V, LP v. Warburg Pincus LLC*, 2016 WL 6782768, at *10 (C.D. Cal. Aug. 9, 2016) ("Although the FAC repeatedly states that Warburg controlled, drafted, and participated in the investor calls . . . these generalized, conclusory allegations are insufficient to show that Warburg controlled the statements or omissions"); *Neborsky v. Valley Forge Composite Techs., Inc.*, 2014 WL 1705522, at *6 (S.D. Cal. Apr. 28, 2014) ("Plaintiff relies solely on Wilhide's role within the company to argue that the statements of Valley Forge can be attributed to him. This is insufficient under *Janus*"); *Bruce v. Suntech Power Holdings Co. Ltd.*, 2013 WL 6843610, at *4 (N.D. Cal. Dec. 26, 2013) ("To the extent plaintiffs seek to hold King liable for [] statements by [the company] on the basis of his position as CFO, the conclusory allegations that he 'had the authority to and did control the making of [those] statements' 'by virtue of [his] responsibilities and activities as [CFO] . . .' lack the requisite specificity").

Garman Turner Gordon
LLP
Attorneys At Law
650 White Dr., Suite 100
Las Vegas, Nevada 89119
(725) 777-3000

KIMMARIE SINATRA'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT
- 10 -

**B.**   **Plaintiffs Have Failed To Plead Any Facts Creating A "Strong Inference" That Ms. Sinatra Acted With An Intent To Deceive Investors**

Plaintiffs' Section 10(b) and Rule 10b-5(b) claim against Ms. Sinatra also fails because the Amended Complaint does not allege particularized facts giving rise to a "strong inference" that she acted with scienter, as required by the PSLRA.  Because Section 10(b)'s use of the word "manipulative" "connotes intentional or willful conduct designed to deceive or defraud investors," *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 199 (1976), a plaintiff "must state specific facts indicating [that the defendant acted with] no less than a degree of recklessness that strongly suggests actual intent" to deceive investors.  *Silicon Graphics*, 183 F.3d at 979.  Plaintiffs have not even come close to meeting their burden with respect to Ms. Sinatra.

First, because the Amended Complaint does not allege that Ms. Sinatra ever made a misstatement, or was otherwise responsible for any alleged misstatement, Plaintiffs cannot show that she displayed intentional or willful conduct designed to deceive buyers or sellers of Wynn Resorts securities.  *See Ernst & Ernst*, 425 U.S. at 199; 17 C.F.R. § 240.10b5; *see also Silicon Graphic*, 183 F.3d at 976 (for conduct to constitute scienter, it must "present[] a danger of misleading buyers or sellers").

Second, and in any event, the Amended Complaint does not allege any specific facts that would even suggest that Ms. Sinatra ever sought to deceive investors "by controlling or artificially affecting the price of securities."  *Ernst & Ernst*, 425 U.S. at 199.  As noted above, the Amended Complaint's allegations against Ms. Sinatra are conclusory and group-pled, lumping her in as one of the "Defendants" or "Individual Defendants."[6]  But generalized group-pled allegations are not permitted under the PSRLA and Rule 9(b)—scienter must be specifically pled as to *each* Defendant *separately*, "*i.e.*, 'lumping together' of Defendants will not" do.  *Hussey v. Ruckus Wireless, Inc.*, 2017 WL 679500, at *2 (N.D. Cal. Feb. 21, 2017); *see also WMCV Phase 3*, 750 F. Supp. 2d at 1188 ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing

---

[6] *See* AC ¶¶ 28, 61, 73, 88, 95, 102, 104, 106, 108, 110, 118, 120, 123, 125, 127, 131, 133, 136, 139, 144, 147, 149, 151, 155, 165, 168, 171, 174, 176, 178, 182, 187, 192, 195, 231-33, 238-39, 249-56, 258-62.

Garman Turner Gordon LLP
Attorneys At Law
650 White Dr., Suite 100
Las Vegas, Nevada 89119
(725) 777-3000

KIMMARIE SINATRA'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT
- 11 -

more than one defendant"). When those boilerplate, group-pled allegations are stripped away, all that remains as to Ms. Sinatra are: (i) unadjudicated and contested allegations copied from Elaine Wynn's counterclaim in the *Okada* Litigation, which assert that Ms. Sinatra "intentionally fed misinformation" to the Wynn Resorts' Board, failed to disclose to the Board that Defendant Stephen Wynn entered into a settlement in 2005 (before Ms. Sinatra was General Counsel) to resolve an employee's allegations of wrongdoing, aided and abetted Mr. Wynn's effort to remove Ms. Wynn from the Board, and set an improper "tone at the top," *see* AC ¶¶ 157, 160; (ii) an unadjudicated and unadmitted allegation copied from the NGCB-Wynn Resorts Complaint and Settlement, which asserts that Ms. Sinatra was made aware of sexual harassment allegations made against Mr. Wynn by "Employee 7" in a letter dated October 27, 2016, but failed to report those allegations to the Company's Employee Relations Department, *see id.* ¶¶ 223, 228; and (iii) an admitted allegation copied from the NGCB-Wynn Resorts Complaint and Settlement that Ms. Sinatra learned by January 2012 of Mr. Wynn's 2005 settlement with "Employee 1," and learned by July 2017 that "Employee 1" had alleged that Mr. Wynn raped her, *see id.* ¶¶ 223-24.

That Ms. Sinatra may have learned of allegations made against Mr. Wynn by "Employee 1" or "Employee 7," taken alone, is irrelevant to the question of whether she intended to mislead investors. Further, where "allegations from other complaints are unproven and contested, they do not amount to 'facts' sufficient to establish a strong inference of scienter." *In re Apollo Grp., Inc. Sec. Litig.*, 2011 WL 5101787, at *10 n.5 (D. Ariz. Oct. 27, 2011).[7] But even if the allegations from other complaints are given full credence, they concern at most Ms. Sinatra's purported failings as a general counsel and say nothing about any intent to defraud investors. "The scienter that the [Amended Complaint] is required to allege is an intent to defraud investors—not an intent" to engage in conduct that amounts to internal corporate mismanagement. *Rok v. Identiv, Inc.*, 2017 WL 35496, at *13 (N.D. Cal. Jan. 4, 2017)

___

[7] The unadmitted and contested allegations copied from other complaints, *see* AC ¶¶ 157, 160, 228, must also be disregarded because they are entirely conclusory, and do not contain any of the "specifics or corroborating details of time, persons, places, and subjects" that are required to satisfy the heightened pleading requirements of the PSLRA and Rule 9(b). *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1091 (9th Cir. 2002).

Garman Turner Gordon
LLP
Attorneys At Law
650 White Dr., Suite 100
Las Vegas, Nevada 89119
(725) 777-3000

1   (emphasis in original), *aff'd*, 716 F. App'x 663 (9th Cir. 2018); *see Santa Fe Indus., Inc. v.*

2   *Green*, 430 U.S. 462, 479 (1977) ("Congress by [Section] 10(b) did not seek to regulate

3   transactions which constitute no more than internal corporate mismanagement"); *see also ECA &*

4   *Local 134 IBEW Joint Pension Tr. Of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d

5   Cir. 2009) ("[T]he facts alleged must support an inference of an intent to defraud the plaintiffs

6   rather than some other group").

7        Here, the "central thrust" of the allegations copied from other complaints is that Ms.

8   Sinatra failed to follow the Company's internal reporting controls with respect to the allegations

9   of sexual harassment made against Mr. Wynn, *not* that she "sought to deceive investors about the

10  quality of those controls" or any other matter.  *Rok*, 2017 WL 35496 at *12.  For example,

11  quoting Elaine Wynn's allegations and the NGCB-Wynn Resorts Complaint and Settlement, the

12  Amended Complaint alleges that Ms. Sinatra "intentionally fed misinformation" to and "ke[pt]

13  secret[s] from the Board and other Company personnel," AC ¶ 157, and failed to report sexual

14  misconduct allegations against Mr. Wynn to others at Wynn Resorts, *id.* ¶ 228, but it pointedly

15  does *not* allege any facts that establish Ms. Sinatra did anything to try and mislead *investors*, let

16  alone allege "any facts independently establishing that [she] knew [her] conduct would have the

17  effect of misleading investors," *Cement & Concrete Workers Dist. Council Pension Fund v.*

18  *Hewlett Packard Co.*, 964 F. Supp. 2d 1128, 1143 (N.D. Cal. 2013) ("Wanting to keep

19  something secret, in and of itself, is insufficient to implicate the PSLRA. . . .  Plaintiff has

20  therefore inadequately alleged the scienter requirement, because nothing suggests that Hurd

21  thought that he could mislead investors").

22        Lastly, Plaintiffs point to Ms. Sinatra's stock sales during the Class Period as evidence of

23  her purported scienter, *see* AC ¶ 23, but the sale of company stock is indicative of scienter "only

24  when it is 'dramatically out of line with prior trading practices at times calculated to maximize

25  the personal benefit from undisclosed inside information,'" *Zucco*, 552 F.3d at 1005.  Here, "[n]o

26  inference of scienter can be gleaned from [Plaintiffs'] stock sale assertions," *id.* at 1006, because

27  they have failed to "provide a 'meaningful trading history' for purposes of comparison to the

28  stock sales within the class period," *id.* at 1005; *see also Police Ret. Sys. of St. Louis v. Intuitive*

Garman Turner Gordon
LLP
Attorneys At Law
650 White Dr., Suite 100
Las Vegas, Nevada 89119
(725) 777-3000

KIMMARIE SINATRA'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT
- 13 -

*Surgical, Inc.*, 759 F.3d 1051, 1064 (9th Cir. 2014) (allegations of scienter based on stock sales were insufficient "because the complaint contains no allegations regarding the defendants' prior trading history, which are necessary to determine whether the sales during the Class Period were 'out of line with' historical practices").

Plaintiffs' omission of Ms. Sinatra's trading history is not surprising. Judicially-noticeable facts establish that her stock sales during the Class Period were anything but "suspicious" or "dramatically out of line" with her prior trading practices. As the table below shows, Ms. Sinatra sold a significantly smaller percentage of her total Wynn Resorts stock holdings during the four-year Class Period than she did in the years preceding the Class Period:

| Date of Sale | Total Shares Sold | Number of Shares Held Prior to Sale | Percentage of Holdings Sold |
|---|---|---|---|
| **Pre-Class Period Sales** | | | |
| November 20, 2009 | 35,000 | 85,000 | 41.1%[8] |
| August 26, 2010 | 25,000 | 75,000 | 33.3%[9] |
| May 25, 2011 | 25,000 | 75,000 | 33.3%[10] |
| May 26, 2013 | 15,600 | 90,887 | 17.1%[11] |
| November 14, 2013 | 10,000 | 75,287 | 13.3%[12] |

---

[8] *See* Form 4 filed with the SEC on November 23, 2009, a true and correct copy of which is attached as Ex. 1 at pp. 1-3 to the Hanley Declaration. "In the context of a Rule 12(b)(6) motion to dismiss a § 10(b) action, 'courts must consider . . . matters of which a court may take judicial notice.'" *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 65 F. Supp. 3d 840, 848 (N.D. Cal. 2014), *aff'd*, 856 F.3d 605 (9th Cir. 2017). As noted in Ms. Sinatra's Request for Judicial Notice, "[c]ourts in this circuit have routinely taken judicial notice of Forms 4 to determine whether insider stock sales raise an inference of scienter to support a § 10(b) action." *Azar v. Yelp, Inc.*, 2018 WL 6182756, at *4 (N.D. Cal. Nov. 27, 2018). Accordingly, the Court may properly take judicial notice of the true and correct copies of Ms. Sinatra's Forms 4 attached to the Hanley Declaration.

[9] *See* Form 4 filed with the SEC on August 27, 2010, a true and correct copy of which is attached as Ex. 2 at pp. 4-6, to the Hanley Declaration.

[10] *See* Form 4 filed with the SEC on May 25, 2011, a true and correct copy of which is attached as Ex.3 at pp. 7-9, to the Hanley Declaration.

[11] *See* Form 4 filed with the SEC on May 7, 2013, a true and correct copy of which is attached as Ex. 4 at pp. 10-12, to the Hanley Declaration.

[12] *See* Form 4 filed with the SEC on November 14, 2013, a true and correct copy of which is attached as Ex. 5 at pp. 13-15, to the Hanley Declaration.

Garman Turner Gordon LLP
Attorneys At Law
650 White Dr., Suite 100
Las Vegas, Nevada 89119
(725) 777-3000

KIMMARIE SINATRA'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT
- 14 -

| Class Period Sales | | | |
|---|---|---|---|
| May 9, 2014 | 13,907 | 95,314 | 14.6%[13] |
| November 29, 2016 | 42,343 | 143,472 | 29.5%[14] |
| June 9, 2017 | 22,624 | 221,067 | 10.2%[15] |
| September 15, 2017 | 21,451 | 223,443 | 9.6%[16] |
| November 8-9, 2017 | 20,810 | 226,992 | 9.1%[17] |

Not only were Ms. Sinatra's stock sales during the Class Period not "dramatically out of line" with her prior trading practices, but Ninth Circuit precedent makes clear that the magnitude of her sales as a percentage of her Wynn Resorts stock holdings were too small to raise an inference of scienter. *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1067 (9th Cir. 2008) ("Moore sold only 37% of his total stock holdings during the Class Period. We typically require larger sales amounts . . . to allow insider trading to support scienter."). And notwithstanding those sales, Ms. Sinatra's stock holdings in Wynn Resorts *increased* during the Class Period, and she retained over 90% of her holdings. That indisputable fact negates an inference of scienter, since she "potentially would suffer the same losses as other investors when the value of [Wynn Resorts] stock dropped." *In re Hansen Nat. Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1160 (C.D. Cal. 2007); *see also Applestein v. Medivation, Inc.*, 2011 WL 3651149, at *8 (N.D. Cal. Aug. 18, 2011) ("[T]hree out of the four individual defendants . . . actually held more stock in Medivation at the end of the class period than they did at the beginning[.] . . . This fact strongly rebuts an inference of scienter on the part of these individual defendants."); *Silicon*

---

[13] *See* Form 4 filed with the SEC on May 13, 2014, a true and correct copy of which is attached as Ex. 6 at pp. 16-18, to the Hanley Declaration.

[14] *See* Form 4 filed with the SEC on December 1, 2016, a true and correct copy of which is attached as Ex. 7 at pp. 19-21, to the Hanley Declaration.

[15] *See* Form 4 filed with the SEC on June 13, 2017, a true and correct copy of which is attached as Ex. 8 at 22-24, to the Hanley Declaration.

[16] *See* Form 4 filed with the SEC on September 19, 2017, a true and correct copy of which is attached as Ex. 9 at 25-27, to the Hanley Declaration.

[17] *See* Form 4 filed with the SEC on November 9, 2017, a true and correct copy of which is attached as Ex. 10 at pp. 28-30, to the Hanley Declaration.

Garman Turner Gordon LLP
Attorneys At Law
650 White Dr., Suite 100
Las Vegas, Nevada 89119
(725) 777-3000

KIMMARIE SINATRA'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT
- 15 -

*Graphics*, 183 F.3d at 987 (rejecting inference of scienter where defendants "retained 90 percent of their available holdings"); *In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1427 (9th Cir. 1994) (finding no scienter where defendants retained most of their stock and thus "ended up reaping the same large losses as did Plaintiffs").

Nor was the timing of Ms. Sinatra's stock sales during the Class Period suspicious. Each of her sales occurred shortly after the release of Wynn Resorts' quarterly results. As the Ninth Circuit has recognized, "[o]fficers of publicly traded companies commonly make stock transactions following the public release of quarterly earnings and related financial disclosures." *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1037 (9th Cir. 2002) (holding that timing of stock sales was not suspicious where sales occurred shortly after quarterly earnings were released). And as discussed above, Ms. Sinatra is not alleged to have uttered a word during the Class Period, much less alleged to have made a false or misleading statement around the time she was selling her Wynn Resorts stock. *See Silicon Graphics*, 183 F.3d at 987-88 (fact that defendant who sold 65% of his company stock did not utter any of the allegedly false and misleading statements dispelled an inference of scienter that plaintiffs asserted flowed from his stock sales).

Finally, had Ms. Sinatra "been selling [her] shares to 'dump' what [she] knew was artificially inflated stock"—she was not—"other equally (or more) knowledgeable defendants presumably would have done the same thing." *Vantive*, 283 F.3d at 1093. Yet there is no allegation that Defendant Stephen Wynn—Wynn Resorts' CEO, Chairman and largest shareholder during the Class Period—sold any of his shares of Wynn Resorts stock during the Class Period. That there is no allegation that Mr. Wynn, who according to Plaintiffs was the ringleader of the fraud alleged in the Amended Complaint, sold any Wynn Resorts stock negates any possible inference of scienter arising from Ms. Sinatra's stock sales. *See Metzler*, 540 F.3d at 1039; *Vantive*, 283 F.3d at 1094; *see also In re FVC.com Sec. Litig.*, 136 F. Supp. 2d 1031, 1039 (N.D. Cal. 2000) (fact that CEO sold no stock "negate[ed] any slight inference of scienter"), *aff'd*, 32 F. App'x 338 (9th Cir. 2002).

Garman Turner Gordon
LLP
Attorneys At Law
650 White Dr., Suite 100
Las Vegas, Nevada 89119
(725) 777-3000

KIMMARIE SINATRA'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT
- 16 -

1    **C.**     **Plaintiffs' Section 20(a) Claim Against Ms. Sinatra Fails**

2          To state a claim under Section 20(a) of the Exchange Act, a plaintiff must plead and

3    prove (i) a primary violation of Section 10(b), and (ii) that the defendant exercised "actual power

4    or control" over the primary violator. *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir.

5    2000). "Section 20(a) claims may be dismissed summarily . . . if a plaintiff fails to adequately

6    plead a primary violation of [S]ection 10(b)." *Zucco*, 552 F.3d at 990. For the reasons set forth

7    in the Wynn Resorts Defendants' Motion to Dismiss, and those set forth above, Plaintiffs fail to

8    adequately plead a primary violation of Section 10(b) against any Defendant, and so the Section

9    20(a) claim against Ms. Sinatra necessarily fails.

10         In any event, the Amended Complaint does not allege any facts to show that Ms. Sinatra

11   exercised "actual power or control" over any purported primary violator of Section 10(b).

12   "Plaintiffs in alleging a [S]ection 20(a) claim cannot rely 'on boilerplate allegations; they must

13   provide some factual support that defendants were in a position to control a primary violator."

14   *Sgarlata v. PayPal Holdings, Inc.*, 2018 WL 6592771, at *8 (N.D. Cal. Dec. 13, 2018) (citation

15   omitted); *see also City of Westland Police & Fire Ret. Sys. v. Sonic Solutions*, 2009 WL 942182,

16   at *11 (N.D. Cal. Apr. 6, 2009) ("bare legal conclusions . . . devoid of any factual

17   underpinnings" do not state a Section 20(a) claim). Moreover, in the context of misstatements

18   and omissions, a plaintiff "must allege specific facts concerning a defendant's . . . control over

19   the preparation and release of the allegedly false and misleading statements." *Welgus v. TriNet

20   Grp., Inc.*, 2017 WL 167708, at *12 (N.D. Cal. Jan. 17, 2017).[18]

21         Yet, in alleging their Section 20(a) claim, Plaintiffs rely *solely* on boilerplate allegations.

22   They do not allege any *facts* to show that Ms. Sinatra controlled any purported primary violator

23   of Section 10(b), much less any facts to show her control over the preparation and release of any

24

25   [18] Some courts in the Ninth Circuit have held that a "plaintiff must plead the circumstances of the
     control relationship with sufficient particularity to satisfy [R]ule 9(b).'" *In re Volkswagen
26   "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*, 2017 WL 3058563, at *15 (N.D.
     Cal. July 19, 2017); *In re Rigel Pharm., Inc. Sec. Litig.*, 2009 WL 5125344, at *6 (N.D. Cal.
27   Dec. 21, 2009). However, even under a notice pleading standard, Plaintiffs cannot simply rely
     on conclusory or boilerplate allegations, but instead must plead specific facts establishing
28   control. *See Iqbal*, 556 U.S. at 678 (even under Rule 8(a), "[a] pleading that offers 'labels and
     conclusions'" or "'naked assertion[s]' devoid of 'further factual enhancement'" will "not do").

Garman Turner Gordon
LLP
Attorneys At Law
650 White Dr., Suite 100
Las Vegas, Nevada 89119
(725) 777-3000

**KIMMARIE SINATRA'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**
- 17 -

alleged misstatement.  Instead, just as they did with their Section 10(b) claim, Plaintiff lump Ms.

Sinatra with all the other Individual Defendants, and make the following conclusory allegation:

> Because of their positions of control and authority as senior officers, the Individual Defendants were able to and did control the contents of the various reports, press releases and public filings which the Company disseminated in the marketplace during the Class Period concerning the Company.  Throughout the Class Period, the Individual Defendants exercised their power and authority to cause the Company to engage in the wrongful acts complained of herein.  The Individual Defendants therefore, were "controlling persons" of the Company within the meaning of Section 20(a) . . . .

AC ¶ 260; *see also id.* ¶ 261.  Courts have repeatedly dismissed Section 20(a) claims based on

such boilerplate allegations.  *See, e.g., Special Situations Fund III QP, L.P. v. Brar*, 2015 WL

1393539, at *10 (N.D. Cal. Mar. 26, 2015) (dismissing Section 20(a) claim based on allegation

that defendants "had the power, influence and authority to cause, and did cause, directly or

indirectly, others to engage in the wrongful conduct complained of herein, including the content

and dissemination of the various statements which Plaintiffs contend are false and misleading,"

and noting that "these are 'boilerplate' allegations that courts have typically rejected"); *Sgarlata*,

2018 WL 6592771, at *8 ("These conclusory allegations of control over day-to-day activities are

insufficient to establish control person liability."); *In re Int'l Rectifier Corp. Sec. Litig.*, 2008 WL

4555794, at *22 (C.D. Cal. May 23, 2008) ("Plaintiffs cannot simply base their claims on

boilerplate allegations; they must provide some factual support that defendants were in a position

to control a primary violator"); *Hansen*, 527 F. Supp. 2d at 1163 (dismissing Section 20(a) claim;

"[T]his boilerplate allegation [which included participation in the company's operations] is

insufficient to state a claim for control person liability."); *In re Volkswagen "Clean Diesel"*

*Mktg., Sales Practices, & Prod. Liab. Litig.*, 2017 WL 66281, at *19 (N.D. Cal. Jan. 4, 2017)

(holding that "conclusory" allegation that defendants were "involved in the day-to-day operations

of, and exercised power and control over [corporate defendants], including by . . . directing their

public statements and regulatory actions," does "not plead the specific circumstances of

[defendants'] alleged control" and "provide[s] no additional allegations plausibly supporting this

assertion"); *Sonic Solutions*, 2009 WL 942182, at *11 (allegation that defendants were control

persons "by reason of their positions . . . and their [stock] ownership" rejected as "bare legal

conclusions . . . devoid of any factual underpinnings").

Garman Turner Gordon
LLP
Attorneys At Law
650 White Dr., Suite 100
Las Vegas, Nevada 89119
(725) 777-3000

**KIMMARIE SINATRA'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**
- 18 -

1        Plaintiffs' failure to allege Ms. Sinatra's control over any purported primary violator of

2  Section 10(b) is further underscored by the fact that Ms. Sinatra, who served as Executive Vice

3  President, General Counsel and Secretary of Wynn Resorts during the Class Period, *see* AC ¶ 22,

4  was a *subordinate* of the other Individual Defendants[19] and the Director Defendants who are

5  alleged to have made the alleged misstatements and/or signed the documents containing the

6  alleged misstatements.   Plaintiffs do not, and cannot, explain how Ms. Sinatra could have

7  exercised control over alleged primary violators who clearly outranked her within Wynn Resorts.

8  *See Middlesex Ret. Sys. v. Quest Software Inc.*, 527 F. Supp. 2d 1164, 1194 (C.D. Cal. 2007)

9  (dismissing Section 20(a) claim against a Vice President where there were no allegations he "was

10  able to exercise control over the other 10b-5 Defendants when the other 10b-5 Defendants held

11  positions of Vice President or higher"); *In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150,

12  at *26 (N.D. Cal. Jan. 27, 2016) (dismissing Section 20(a) claim against Chief Marketing Officer

13  that "did not speak on the Company's behalf during earnings conference calls with investors, nor

14  did she sign any SEC filings," and there was "no allegation that she directed or exercised control

15  over [the CEO] who allegedly made the false and misleading statements").

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25

26

27

28

---

[19] Defendant Stephen Wynn was Wynn Resorts' CEO and Chairman between June 2002 and February 2018; Defendant Matthew Maddox has been the Company's President since November 2013 and its CEO since February 2018; Defendant Stephen Cootey was the Company's CFO between March 2014 and March 2017; and Defendant Craig Billings has been the Company's CFO, Principal Accounting Officer and Treasurer since March 2017.  *See* AC ¶¶ 18-19, 24-25.

Garman Turner Gordon LLP
Attorneys At Law
650 White Dr., Suite 100
Las Vegas, Nevada 89119
(725) 777-3000

KIMMARIE SINATRA'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT
- 19 -

## V.       CONCLUSION

For the foregoing reasons, Kimmarie Sinatra respectfully submits that the Amended Complaint should be dismissed as to her.   Because the defects cannot be cured, the claims against Ms. Sinatra should be dismissed without leave to amend.

Dated this 15th day of April, 2019.

                                        GARMAN TURNER GORDON LLP

                                        /s/ Dylan T. Ciciliano
                                        _____
                                        ERIKA PIKE TURNER
                                        Nevada Bar No. 6454
                                        DYLAN T. CICILIANO
                                        Nevada Bar No. 12348
                                        650 White Drive, Suite 100
                                        Las Vegas, Nevada 89119

                                        ORRICK, HERRINGTON & SUTCLIFFE LLP
                                        JAMES N. KRAMER (*Pro Hac Vice Pending*)
                                        CA Bar No. 154709
                                        M. TODD SCOTT (*Pro Hac Vice Pending*)
                                        CA Bar No. 226885
                                        405 Howard Street
                                        San Francisco, CA 94105

                                        CHRISTINE E. HANLEY (*Pro Hac Vice Pending*)
                                        WA Bar No. 50801
                                        701 5th Avenue, Suite 5600
                                        Seattle. WA 98107

                                        *Attorneys for Defendant Kimmarie Sinatra*

Garman Turner Gordon
LLP
Attorneys At Law
650 White Dr., Suite 100
Las Vegas, Nevada 89119
(725) 777-3000

KIMMARIE SINATRA'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT
- 20 -

## CERTIFICATE OF SERVICE

The undersigned, an employee of Garman Turner Gordon LLP, hereby certifies that on the 15th day of April, 2019, she caused a copy of the foregoing document, to be served electronically to all parties of interest through the Court's CM/ECF system as follows:

Andrew R. Muehlbauer
andrew@mlolegal.com
Sean P. Connell
sean@mlolegal.com
Jeremy A. Lieberman
jalieberman@pomlaw.com
Murielle J. Steven Walsh
mjsteven@pomlaw.com
Aatif Iqbal
aiqbal@pomlaw.com
*Attorneys for Lead Plaintiffs*

*/s/ Anna Diallo*
An employee of
GARMAN TURNER GORDON LLP

**KIMMARIE SINATRA'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**