Patrick G. Byrne (Nevada Bar #7636)
Bradley T. Austin (Nevada Bar #13064)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702.784.5200
Facsimile: 702.784.5252
Email:  pbyrne@swlaw.com
        baustin@swlaw.com

*Attorneys for Defendants Wynn Resorts, Ltd. and Matt Maddox*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN V. FERRIS, et al.,<br>　　　　Plaintiff(s),<br><br>vs.<br><br>WYNN RESORTS LIMITED, et al.,<br><br>　　　　Defendant(s). | Case No. 2:18-CV-00479-APG-EJY<br><br>**STIPULATED PROTECTIVE ORDER** |

Upon agreement of the parties to the above-captioned action and this Honorable Court to the entry of a protective order, this Stipulated Confidentiality Agreement and Protective Order ("Protective Order") shall govern the handling and disclosure of all documents, testimony or other information produced or given in the above-captioned action (the "Litigation") which is designated to be subject to this Order in accordance with the terms herein.

For purposes of the Protective Order, each Plaintiff or Defendant is a "Party" (collectively, the "Parties"). Any reference to a Party or "non-party" means—unless otherwise indicated—a natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, wholly-owned direct or indirect subsidiary, division, affiliate, parent company, and any other form

of business organization or arrangement, and includes the Party, person, or non-party's officers, directors, managers, members, employees, agents, representatives, shareholders, independent contractors, attorneys, accountants and all other persons over which the Party, person, or non-party has control or which act or purport to act on its behalf.

Any Party or non-party producing or disclosing confidential documents, materials, items, or other information pursuant to the terms of this Protective Order is the "**Producing Party**," and the Party or non-party receiving or being given access to confidential documents, materials, items, or other information pursuant to the terms of this Protective Order is the "**Receiving Party**." "Discovery Material" refers to all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and deposition exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained from any Producing Party during discovery in this Action.

**A.     *Purposes and Limitations.*** Discovery in this Litigation may involve the use, production, and disclosure of Discovery Material containing confidential, financial, proprietary, sensitive, personal, and/or private information for which special protection from public disclosure and from use for any purpose—other than in prosecuting, defending, settling, or otherwise in this Litigation, including any appeals, and/or for enforcing and/or collecting any judgment entered in this Litigation—would be warranted and consistent with the public policy of United States and the State of Nevada.  The use, production, and/or disclosure of "Protected Material," as this term is defined in Section B, could severely injure or damage the Parties and place the Parties at a competitive disadvantage if accomplished in a manner or means inconsistent with the terms and conditions of this Protective Order.

Therefore, in the interest of expediting and facilitating discovery, permitting the same to proceed without delay occasioned by possible disputes regarding claims of confidentiality, and balancing the interests of the Parties, this Protective Order establishes a procedure for producing, disclosing, and using Protected Material without involving the Court unnecessarily in the process;

imposes obligations upon all Parties, persons, and non-parties receiving or given access to Protected Material to protect it from unauthorized production, disclosure, and/or use; and establishes a procedure for challenging the use, disclosure, or dissemination of Protected Material.

**B.**     ***Protected Information.***  Any Party or non-party may designate for protection under this Protective Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets according to the terms herein.

Any Party may, subject to the provisions of this Order, designate as "CONFIDENTIAL" any Discovery Material that the Party believes in good faith is confidential and where the Party would not normally reveal the information to third parties except in confidence or has undertaken with others to maintain it in confidence ("Confidential Material").

Any Party may, subject to the provisions of this Order, designate as "RESTRICTED – ATTORNEYS' EYES ONLY" any Discovery Material that meets the requirements for Confidential Material, and which a Producing Party believes in good faith would likely cause competitive, or financial injury if disclosed ("Restricted – Attorneys' Eyes Only Material").  This designation is intended for information that constitutes proprietary financial, technical, competitive, or commercially sensitive information that the Producing Party maintains as highly confidential in its business, including, but not limited to (i) proprietary business information or confidential trade secrets; or (ii) any other Discovery Material that qualifies for protection under Federal Rule of Civil Procedure 26(c).  Restricted – Attorneys' Eyes Only Material includes information for which applicable law—whether foreign or domestic—requires the equivalent of "Restricted – Attorneys' Eyes Only Material" treatment as set forth in this Order

<u>"Protected Material"</u> is any Discovery Material that is designated as "Confidential" or "Restricted – Attorneys' Eyes Only Material," provided, however, that "Protected Material" does not include information that is publicly available (except information that became publicly available as a result of a breach of this Order or any other confidentiality agreement or undertaking). Subject to the provisions herein and unless otherwise stated, this Protective Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the

Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) all pretrial pleadings, exhibits to pleadings and other court filings; (d) all affidavits; and (e) all stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any Protected Material shall also be considered Protected Material and treaded as such under this Protective Order.

**C.** *Designation of Protected Material.* Protected Material shall be designated by the Producing Party by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," for Confidential Material, or "RESTRICTED – ATTORNEYS' EYES ONLY," for Restricted – Attorneys' Eyes Only Material. For information produced in non-native documentary form, the Producing Party shall affix the legend "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY on each page of the Protected Material, and include the applicable designation in the metadata produced for such document. For documents or other Discovery Material produced in native format, the Producing Party shall include the applicable designation on the exterior of the container or containers in which the information or item is stored, in the file name for such material, and on placeholder pages or slip-sheet associated with such natively produced material. A designation of material as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY", and any objection to such designation made under this Protective Order, may be made at any time. An inadvertent or unintentional production of documents, information or material that has not been designated as Protected Material shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Producing Party that designates Discovery Material as Protected Material is the "**Designating Party**."

**D.** *Objection to designations.* In the event that any Party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the Parties shall first try to resolve such dispute in good faith on an informal basis in accordance with Civil Local Rule 26-7. If the dispute cannot be resolved, the Party objecting to the designation may seek appropriate relief from this Court. The Party asserting that particular information or documents should be designated as confidential bears the burden of proof to establish that the information is

entitled to such protection. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order. For the avoidance of doubt, a Party may object at any time to any designation of material as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY."

   E.   *Use of Protected Material Generally.*  The Parties, and the law firms appearing as their counsel in this Litigation, may make such use of the Protected Material produced by the Parties or non-parties subject to this Protective Order as the preparation of this Litigation may reasonably require.  The Parties, and the law firms appearing as their counsel in this Litigation, may not use any Protected Material received from another Party or a non-party for any purposes other than this Litigation.

   1.   In addition to any restrictions imposed by the Protective Order, all Protected Material shall remain subject to any and all restrictions imposed by statute, regulation, agreement, or other legal duty.

   2.   Notwithstanding any existing restriction imposed by statute, regulation, agreement, or other legal duty, this Protective Order shall not further restrict the Party's use/disclosure of Protected Material that was already in a Party's care, custody, and/or control at the commencement of this Litigation or otherwise prior to receiving such Protected Material from the Producing Party.

   All Parties or non-parties obtaining, receiving, inspecting, examining or being given access to any Protected Material in accordance with this Protective Order, (i) shall first agree to submit himself or herself to the jurisdiction of this Litigation for purposes of enforcing this Protective Order, and (ii) shall agree to be bound by this Protective Order.

   F.   *Storage and Maintenance of Protected Material.*  All Protected Material designated or marked as provided herein shall not be disclosed to anyone other than those persons identified in Section F and G of this Protective Order, and they shall be handled in the manner set forth herein.

The Receiving Party, or any non-party who receives or is given access to any Protected Material under this Protective Order shall:

1. Store and maintain such Protected Material in a secure and safe area and manner within their exclusive possession and control;

2. Exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own Protected Material;

3. Take all measures reasonably necessary to maintain the confidentiality of such information, documents, materials, items, and things; and

4. Not permit or participate in the unauthorized production, disclosure, or use of such Protected Material.

**G.** ***Use of Protected Material in Depositions.*** Any Party shall have the right to use Protected Material during depositions unless otherwise agreed to by the Parties in writing or on the record at the deposition. To the extent a deponent (and/or any other non-party otherwise unauthorized to receive Protected Material pursuant to Section G) is present at the deposition, that third party deponent and/or non-party shall be required to execute a copy of the form Attachment "A," affixed to this Protective Order, or agree to its terms on the record at the deposition, prior to dissemination or disclosure of any Protected Material. Counsel for the affected Party may otherwise request that all individuals not qualified to obtain, receive, or be given access to Protected Material under this Protective Order, except for the deponent and his or her counsel, leave the deposition session during any portions where Protected Material is used or referred to. The failure of such other persons to comply with such requests shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question pending.

i. ***Designations of Deposition Transcripts and/or Deposition Exhibits***

The Designating Party may designate any portions of the testimony relating to Protected Material as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" on the record of the deposition, or in writing on or before the later of (i) thirty (30) calendar days after receipt of the final transcript, or (ii) the date by which any review by the witness and statement of changes to

the transcript are to be completed under Fed. R. Civ. P. 30(e).  Only those portions of the testimony that contain Protected Material and are designated for protection in accordance with the preceding sentence shall be protected by the provisions of this Order.  The entire testimony shall be deemed to have been designated CONFIDENTIAL until the time within which the transcript may be designated has elapsed.  If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Protected Material except as ordered by the Court or until the Designating Party designates such Discovery Material as Confidential Material or Restricted – Attorneys' Eyes Only Material as otherwise provided herein.  Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each such page the legend "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" as instructed by the Designating Party.  If all or a part of a videotaped deposition is designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY," the DVD or any other media on which it is stored, plus any container, shall be so labeled.

**H.     *Disclosure of Protected Material—Generally.*** "CONFIDENTIAL" documents, information and material may be disclosed by the Receiving Party only to the following persons, except upon receipt of the prior written consent of the designating party or upon order of the Court:

1. Retained counsel for the Parties (including attorneys associated with the law firm of counsel and the paralegal, clerical, and secretarial staff employed by such counsel);

2. The Parties and their officers, directors, agents, representatives, and employees who are deemed reasonably necessary by counsel for the Parties to aid in the prosecution, defense, or settlement of this Litigation;

3. The current and former officers, directors, or employees of each Receiving Party, to the extent that such disclosure is reasonably necessary in connection with the prosecution, defense, or settlement of this Litigation;

4. Independent investigators, experts and/or consultants (together with their clerical and secretarial staff) retained by counsel for a Party to assist in the prosecution, defense, or settlement of this Litigation, but only to the extent

|   |   |   |
|---|---|---|
| | | reasonably necessary to perform their work in connection with this Litigation; |
| | 5. | Clerical and data processing personnel, including third party vendors, involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of Discovery Materials, but only to the extent reasonably necessary to assist a Party or its counsel in this Litigation; |
| | 6. | The Court; |
| | 7. | Court reporters and videographers employed to record depositions or live testimony in this Litigation; |
| | 8. | A non-party (and his or her counsel) preparing to appear or appearing at a deposition, hearing, or other proceeding in this Litigation for whom disclosure is reasonably necessary to the preparation or testimony of such witness; |
| | 9. | Any other non-party as to whom the Parties in writing agree; |
| | 10. | The author, signatory, or prior recipient of the document or the original source of the CONFIDENTIAL information; such person shall be given access only to the specific document or information therein except as otherwise provided herein; and |
| | 11. | Any governmental agency or regulating authority to the extent disclosure is required by such governmental agency or regulatory authority or applicable law. |

Any non-party to whom Protected Material is disclosed or revealed pursuant to this subsection shall be given a copy of this Protective Order and advised as follows: (i) that the Protected Material is being disclosed pursuant to this Confidentially Agreement; (ii) that the Protected Material may not be disclosed or disseminated orally, or by any other means, by such non-party to any other non-party not permitted to have access to the Protected Material pursuant to this Protective Order; (iii) that the Protected Material may not be used except for the purposes of

this Litigation as provided in this Protective Order; (iv) that the Protected Material must remain in the non-party's custody until returned to counsel from whom the Protected Material was received; and (v) that any violation of this Protective Order may result in the imposition of sanctions as the Arbitrator or a court (if such sanctions are sought after the conclusion of the Litigation) deems proper. Any non-party to whom Protected Material is or will be disclosed pursuant to this Section shall also be required to execute a copy of the form **Exhibit A** affixed to this Protective Order prior to dissemination of Protected Material.

Counsel providing Protected Material to any non-party pursuant to this Section shall retain copies of the executed form Attachment "A" and shall, to the extent practicable and requested by the Producing Party, provide it to counsel for the Producing Party prior to the disclosure of the Protected Material to the non-party no more than three business days following such request.

**I.**   ***Disclosure of Protected Material—Restricted Attorneys' Eyes Only Material.***   To the extent a Producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation such that it is "Restricted – Attorneys' Eyes Only Material," the Producing Party may designate such Protected Material as "RESTRICTED – ATTORNEYS' EYES ONLY," and access to, and disclosure of, such documents shall be limited to those parties identified in Section G(1), and G(4)-(11) above, and up to two (2) in-house counsel for the parties, provided the in-house counsel are assisting outside counsel in the Litigation and exercise no competitive decision-making authority on behalf of the client.

**J.**   ***Disclosure of Protected Material—Court Filings.***   To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Protective Order, all Parties shall comply with the requirements of Local Rule IA 10-5 with respect to any documents filed under seal, as well the requirements cited in the Ninth Circuit's decision in Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006).

**K.**   ***Knowledge of Unauthorized Use or Possession of Protected Material.***   The Receiving Party or its counsel shall immediately notify counsel for the Producing Party in writing

if it learns of any unauthorized possession, knowledge, use, or disclosure of any Protected Material in any manner inconsistent with the terms of this Protective Order. The Receiving Party shall promptly furnish the Producing Party in writing with the full details of such unauthorized possession, knowledge, use, or disclosure. With respect to such unauthorized possession, knowledge, use, or disclosure, the Receiving Party shall assist the Producing Party in preventing its recurrence of and shall cooperate fully with the Producing Party in any litigation to prevent unauthorized use or further dissemination of Protected Material. The Receiving Party: (i) shall further use its best efforts to retrieve all copies of Protected Material obtained by non-parties not authorized to possess, know or otherwise receive Protected Material under this Protective Order, (ii) shall provide such non-party with a copy of this Protective Order, and (iii) shall notify counsel for the Producing Party of the failure to retrieve any such information (if applicable).

**L.** *Inadvertent Production of Privileged Material*

Pursuant to the Court's October 4, 2021 Order, "the inadvertent waiver of privilege shall be governed by Fed. R. Evid. 502(b) and case law interpreting the same. Pursuant to Fed. R. Evid. 502(d), upon a determination by the Court that there has been an inadvertent waiver of privilege, such waiver shall not effect a general waiver of privilege." (ECF 184). Fed. R. Evid. 502(b) provides:

> "When made in a federal proceeding or to a federal office or agency, the disclosure does not operate as a waiver in a federal or state proceeding if:
> (1) the disclosure is inadvertent;
> (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and
> (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26 (b)(5)(B).

If a Producing Party becomes aware that it has inadvertently produced such disclosed privileged or protected information ("Disclosed Protected Information"), the Producing Party will promptly notify each Receiving Party in writing of the inadvertent production, and, with such notice, provide each Receiving Party with a replacement production containing overlay files to replace files claimed to be inadvertently produced Disclosed Protected Information. Within 10 business

days of receipt of such notice and replacement production, each Party to which such notice is directed: (a) must undertake reasonable efforts to return, sequester, or destroy the Disclosed Protected Information and any copies; (b) must not use or disclose the Disclosed Protected Information until the claim is resolved; (c) must take reasonable steps to recall the Disclosed Protected Information if the Party disclosed it before being notified; and (d) must provide a written certification of counsel that all such Disclosed Protected Information has been returned, sequestered, or destroyed to the best of counsel's knowledge and belief. Any notes or summaries referring or relating to any such Disclosed Protected Information identified by the Receiving Party's reasonable search shall be destroyed or sequestered within the ten (10) business day period provided for.

If a Receiving Party receives materials that reasonably appear to be subject to an attorney-client privilege, the common interest privilege, work product protection, or otherwise protected by a discovery privilege or immunity; the Receiving Party must refrain from further examination of the materials that may be privileged or protected, and shall immediately notify the Producing Party, in writing, that the Receiving Party possesses such material.

Within 5 court days of the Producing Party's notification that such Disclosed Protected Information has been inadvertently produced, that Party shall produce a privilege log with respect to the Disclosed Protected Information setting forth all of the information required under Fed. R. Civ. P. 26(b)(5)(A)(ii) and as required under the Protocol for Production of Electronically-Stored Information and Hard-Copy entered in this action on October 25, 2021 (Dkt. No. 187).

Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. If the underlying claim of privilege or protection is contested, the Parties shall comply with Fed. R. Civ. P. 26(b)(5)(B), and if after undertaking an appropriate meet-and-confer process, the Parties are unable to resolve any dispute they have concerning the protection of documents for which a claim of inadvertent disclosure of Disclosed Protected Information has been asserted, the Receiving Party may file the appropriate motion or application as provided by the Court's procedures to compel production of such material (a "Privilege Motion"). Any Privilege Motion concerning Disclosed Protected Information shall not assert as a

ground for granting the motion the fact or circumstance of the production in this Action of the Discovery Material claimed to be Disclosed Protected Information.

The Party asserting privilege retains the burden of establishing the privileged or protected nature of any Disclosed Protected Information. Nothing in Section L shall limit the right of any Party to petition the Court for an *in camera* review of the Disclosed Protected Information.

**M.** *Copies, Summaries, or Abstracts.* Protected Material shall not be copied, reproduced, summarized, or abstracted, except to the extent that such copying, reproduction, summarization, or abstraction is reasonably necessary for the conduct of this Litigation. All such copies, reproductions, summarizations, extractions and abstractions shall be subject to the terms of this Protective Order, and labeled in the same manner as the designated material on which they are based. Attorney-client communications and attorney work product regarding Protected Material shall not be subject to this Section, regardless of whether they summarize, abstract, paraphrase, or otherwise reflect Protected Material.

**N.** *Reservation of Rights.* The Parties hereby reserve the following rights:

Nothing in this Protective Order, nor the production or disclosure of any information or documents under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order, shall be deemed or construed: (i) to have the effect of an admission or a waiver by either Party of the confidentiality or non-confidentiality of any such information or document; (ii) to alter the confidentiality or the non-confidentiality of any such information or document; (iii) to alter any existing or pending obligation of any party or the absence thereof; or (iv) to affect in any way the authenticity or admissibility of any document, testimony or other evidence at any stage of this Litigation.

The entry of this Protective Order shall be without prejudice to the rights of the Parties, or any of them, or of any non-party, to seek additional or different protection for protected documents or information from the Court (if such protection is sought after the conclusion of the Litigation).

This Protective Order shall neither enlarge nor affect the proper scope of discovery in this Litigation or any other litigation, nor shall this Protective Order be construed to suggest that

1   protected documents or information subject to this Protective Order are discoverable, relevant, or
2   admissible in this Litigation or any other litigation.

3   Nothing contained herein shall prejudice the right of any Party to object to the admissibility
4   of Protected Material subject to this Protective Order for any reason permissible under applicable
5   state or federal law.

6   The Parties, by agreeing to this Protective Order, are not waiving any rights they have to
7   obtain information or materials, in whatever form, through the discovery rules under state or federal
8   law.

9   **O.** *Amendment.* Any Party for good cause shown may apply to the Court for
10  modification of this Protective Order, or the Protective Order may be modified by consent of the
11  Parties in writing (subject to approval by the Court).

12  **P.** *Return or Destruction of Protected Material.* This Litigation shall be deemed
13  finally terminated after both (i) final judgment, and (ii) the completion and exhaustion of all
14  appeals, or the period within which to appeal has expired. Except as provided by law or other
15  regulatory authority or unless otherwise ordered or agreed in writing by the Producing Party, within
16  thirty (30) calendar days after the final termination of this Litigation, each Receiving Party shall
17  undertake best efforts to return to the Producing Party all Discovery Material or, at the option of
18  the Receiving Party, to destroy all Discovery Material.  In either case, the Receiving Party shall,
19  upon request by the Producing Party and within fourteen (14) days of such party's request, provide
20  the Producing Party with a certification stating that it has taken commercially reasonable efforts to
21  destroy or return the Discovery Material, except (i) for such information or material that was
22  transmitted electronically and whose removal or destruction from a Party's electronic systems
23  would violate applicable federal or state law, rule or regulation, or policies and procedures
24  reasonably designed to ensure compliance with such law, rule, or regulation, and (ii) that
25  information saved on backup media in an electronically-stored format will be certified to have
26  complied with the 60-day destruction period if the Party has a data-destruction policy for the backup
27  media resulting in the eventual destruction or overwriting of the electronically-stored information;
28  provided, however, that these materials will continue to be subject to the terms of this Order.

Notwithstanding this provision, counsel for the parties may keep a full and complete record of all documents generated as a result of this Litigation, including Discovery Materials that constitute correspondence, handwritten notes, e-mails, deposition and court transcripts and exhibits thereto, attorney work product, and documents filed in this Litigation so long as those documents are kept in a manner consistent with their confidentiality and subject to the terms of this Protective Order.

**Q.** *Injunctive Relief Available.* Each Party acknowledges that monetary remedies may be inadequate to protect each Party in the Litigation from unauthorized disclosure or use of Protected Material and that injunctive relief may be appropriate to protect each Party's rights in the event there is any such unauthorized disclosure or use of Protected Material, in addition to whatever relief may be available at law or in equity.

**R.** *Other Actions and Proceedings.* If the Receiving Party, or its counsel or expert, is served with a subpoena or other process by any court, administrative, or legislative body, or any other person or organization which calls for production of Protected Material produced by another Party, the Party to whom the subpoena or other process is directed shall, to the extent permitted by applicable law, notify the Designating Party in writing (by electronic mail, if possible), and include with that notice a copy of the discovery request, subpoena, order, or other form of legal process as soon as reasonably practicable and in any event no later than five (5) business days after receipt or ten (10) days prior to the deadline for a response, whichever date is earlier. To the extent permitted by applicable law, the Receiving Party shall not produce the requested Protected Material unless and until a court of competent jurisdiction so directs, except if the Designating Party (a) consents, or (b) fails to file a motion to quash or fails to notify the Receiving Party in writing of its intention to contest the production of the Protected Material prior to the date designated for production of the Protected Material, in which event the Receiving Party may produce on the production date, but no earlier. The Designating Party shall bear the burdens and the expenses of seeking protection in that matter or proceeding of its Protected Material. Nothing in these provisions should be construed as authorizing, requiring, or encouraging a Receiving Party to disobey, or to risk contempt of, a lawful directive from another court.

1  **S.  *Order Survives Termination.*** This Protective Order shall remain in full force and effect and each Party and non-party subject to this Protective Order shall continue to be subject to the obligations contained herein even after the conclusion of this Litigation. Disputes regarding this Protective Order that arise after the conclusion of this Litigation shall be brought in the Eighth Judicial District Court in Clark County, Nevada.

**T.  *Compliance with Protective Order.*** All counsel of record in this Litigation shall comply with the terms of this Protective Order, and ensure that their clients, and the non-parties receiving or being given access to Protected Material pursuant to Section G, similarly comply herewith. The Parties shall not utilize any portion of Protected Material for their own personal or business advantage or gain, aside from purposes related to this Litigation.

In the event of a change in counsel, new counsel shall agree in writing to be bound by and subject to the terms of this Protective Order.

**U.  *Miscellaneous.*** When interpreting this Protective Order:

1. The term "and" includes the term "or" and the term "or" includes the term "and";
2. Defined terms shall have the meanings ascribed to such terms where used or defined;
3. The paragraph headings are for convenience only and in no way limit or enlarge the scope or meaning of the language thereof; and

/ / /
/ / /
/ / /

4. The terms herein shall be construed as a whole according to their fair and ordinary meaning and not strictly for or against any Party.

**IT IS SO STIPULATED.**

DATED this 1st day of November, 2021.

**POMERANTZ LLP**

/s/ *Eric Gottlieb*
Jeremy Alan Lieberman (*Pro Hac Vice*)
Murielle J. Steven Walsh (*Pro Hac Vice*)
Eric D. Gottlieb (*Pro Hac Vice*)
600 Third Avenue, 20th Floor
New York, New York 10016

**MUEHLBAUER LAW OFFICE, LTD**.
Andrew R. Muehlbauer (Nevada Bar #10161)
7915 West Sahara Avenue, Suite 104
Las Vegas, Nevada 89117

*Lead Counsel for Plaintiffs*

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen (*Pro Hac Vice* to be filed)
Phillip Kim (*Pro Hac Vice* to be filed)
Daniel Tyre-Karp (*Pro Hac Vice* to be filed)
275 Madison Ave., 40th Floor
New York, NY 10016

*Additional Counsel*

**SNELL & WILMER L.L.P.**

By: /s/ *Bradley Austin*
Patrick G. Byrne, Esq.
Bradley T. Austin, Esq.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169

**KIRKLAND ELLIS LLP**
Mark Holscher, Esq.
Michael J. Shipley, Esq.
333 South Hope Street
Los Angeles, CA 90071

- 16 -

Matthew Solum, Esq.
**KIRKLAND ELLIS LLP**
601 Lexington Avenue
New York, NY 10022-4611

*Attorneys for Defendants Wynn Resorts, Ltd. and Matt Maddox*

**LATHAM & WATKINS LLP**

By: /s/ *Michele Johnson*
Michele D. Johnson, Esq.
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925

Colleen C. Smith, Esq.
**LATHAM & WATKINS LLP**
12670 High Bluff Drive
San Diego, CA 92130

J. Colby Williams
**CAMPBELL & WILLIAMS**
710 South Seventh Street
Las Vegas, NV 89101

*Attorneys for Defendant Stephen A. Wynn*

**MCNUTT LAW FIRM, P.C.**

By: /s/ *Daniel McNutt*
Daniel R. McNutt, Esq.
Matthew C. Wolf, Esq.
11441 Allerton Park Drive, #100
Las Vegas, NV 89135

*Attorneys for Defendant Stephen Cootey*

/ / /

/ / /

/ / /

- 17 -

**GARMAN TURNER GORDON LLP**

By: __/s/ *Erika Pike Turner*__
Erika Pike Turner, Esq.
Dylan T. Ciciliano, Esq.
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
James N. Kramer, Esq.
405 Howard Street
San Francisco, CA 94105

*Attorneys for Defendant Kimmarie Sinatra*

**IT IS SO ORDERED**.

DATE: November 1, 2021

_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## Agreement to Be Bound by Protective Order

1. I, _____, have been given a copy of the Protective Order in this case ("Order") and have read it. I agree to abide by the obligations of the Order as they apply to me, and to be bound by the Order as it applies to me. I understand that information and/or documents which are disclosed to me and are designated as "Confidential" are **CONFIDENTIAL** or "Restricted Attorneys' Eyes Only" are **RESTRICTED – ATTORNEYS' EYES ONLY** and to be used by me solely to assist in the matter *Ferris v. Wynn Resorts Ltd., et al.,* Case No. 2:18-CV-00479-APG-EJY. I further understand that the Protective Order entered by the Court, prohibits me from revealing such information or documents to any person, except as specifically allowed by the Order. I further acknowledge that I will not use any Confidential document, transcript, or information obtained from my involvement in the matter of *Ferris v. Wynn Resorts* for any purpose other than assisting with the matter. I will maintain all such Confidential Information in a secure manner to prevent unauthorized access to it. Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by the Producing Party, no later than thirty (30) days after the final conclusion of this matter, I will, using commercially reasonable efforts, return the Confidential Information to the counsel who provided me with the Confidential Information or destroy the Confidential Information.

2. In accepting disclosure of information and/or documents designated as Confidential, I agree to be subject to the jurisdiction of the United States District Court for the District of Nevada for the purpose of the Protective Order's enforcement and the enforcement of my obligations under this Confidentiality Agreement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ (date) at _____ (time/location).

Signature: _____

Printed Name: _____