UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN V. FERRIS and JOANN M. FERRIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WYNN RESORTS LIMITED, STEPHEN A. WYNN, CRAIG SCOTT BILLINGS, STEPHEN COOTEY, MATTHEW O. MADDOX, JOHN J. HAGENBUCH, ROBERT J. MILLER, PATRICIA MULROY, CLARK T. RANDT JR., ALVIN V. SHOEMAKER, KIMMARIE SINATRA, DANIEL B. WAYSON, JAY L. JOHNSON, RAY R. IRANI, and J. EDWARD VIRTUE,<br><br>Defendants. | Case No. 2:18-cv-00479-APG-EJY<br><br>**ORDER** |

This Order follows the hearing held on November 8, 2021 that addressed Plaintiffs' Proposed Discovery Plan and Scheduling Order (ECF No. 188) and Defendants' Proposed Phase One Discovery Plan. ECF No. 189.

As stated on the record, IT IS HEREBY ORDERED that Plaintiffs' Proposed Discovery Plan and Scheduling Order (ECF No. 188) is DENIED.

IT IS FURTHER ORDERED that Defendants' Proposed Phase One Discovery Plan (ECF No. 189) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that discovery will occur in phases with Phase One proceeding as follows:

- Documents shall be produced on a rolling basis. Subject to rulings on any objections and/or discovery disputes, good faith production by the parties of all documents responsive to document requests that are served on or before December 8, 2021 shall be substantially complete by **January 7, 2022**.
- Plaintiffs' Motion for Class Certification must be filed by **January 31, 2022.**
- Defendants' Opposition to Plaintiffs' Motion for Class Certification must be filed by **March 25, 2022.**
- Plaintiffs' Reply in support of Motion for Class Certification must be filed by **May 27, 2022.**

1

- Any request to file a sur-reply must be sought through a motion.
- Lead Plaintiffs will use best efforts to be available for deposition, which may be conducted by video or other remote means at Lead Plaintiffs' sole discretion, on issues related to Phase One of discovery on mutually agreeable dates no later than **March 1, 2022**.
- Plaintiffs will serve the report of any expert offered in support of their Motion for Class Certification, excluding any rebuttal report or other report offered in response to Defendants' Opposition to Plaintiffs' Motion for Class Certification, concurrently with the filing of their Motion for Class Certification. Defendants may depose and/or seek discovery from any expert offered in support of Plaintiffs' Motion for Class Certification at any time prior to the deadline for Defendants to file their Opposition to Plaintiffs' Motion for Class Certification, subject to the expert's availability.
- Plaintiffs will use best efforts to make available for deposition, which may be conducted by video or other remote means at Plaintiffs' sole discretion, on mutually agreeable dates no later than **March 1, 2022**, any expert who submits a report in support of Plaintiffs' Motion for Class Certification.
- In the event Plaintiffs are unable to make Lead Plaintiffs or its expert(s) available for deposition on mutually agreeable dates prior to **March 1, 2022**, and **upon a stipulation and proposed order submitted to the Court**, the deadline for Defendants' Opposition to Plaintiffs' Motion for Class Certification and Plaintiffs' Reply in support of Motion for Class Certification will each be extended by the amount of time between **March 1, 2022,** and when the last of either Lead Plaintiffs or Plaintiffs' expert(s) is deposed.
- Defendants will serve the report of any expert offered in Opposition to Plaintiffs' Motion for Class Certification concurrently with the filing of their Opposition. Plaintiffs may depose and/or seek discovery from any expert offered in opposition to Plaintiffs' Motion for Class Certification at any time prior to the deadline for Plaintiffs to file their reply.
- Defendants will use best efforts to be available for deposition on issues related to Phase One of discovery on mutually agreeable dates no later than **May 6, 2022**.
- Defendants will use best efforts to make available for deposition, on mutually agreeable dates no later than **May 6, 2022**, any expert who submits a report in support of Defendants' Opposition to Plaintiffs' Motion for Class Certification.
- In the event that one or more Defendant or Defendants' expert(s) is unable to make themselves available for deposition on mutually agreeable dates prior to **May 6, 2022**, and **upon a stipulation and proposed order submitted to the Court**, the deadline for Plaintiffs' Reply in support of Motion for Class Certification shall be extended by the amount of time between **May 6, 2022,** and the last of either any Defendant or any Defendants' expert is deposed.
- Within 21 days of the Court's ruling on class certification, the parties shall submit a second proposed discovery plan and scheduling order addressing all remaining topics for discovery. The parties reserve the right to take second depositions of anyone deposed in Phase One of discovery.
- The above does not preclude the parties from seeking to the extend any deadline stated above for any reason other than a reason expressly stated herein.

IT IS FURTHER ORDERED that Phase One Discovery shall include, but not be limited to:

- Whether Plaintiffs are subject to unique defenses, whether Plaintiffs are typical of those of the putative class, and/or whether Plaintiffs are adequate representatives of the class;
- Plaintiffs' standing, including whether Plaintiffs have standing to assert the Exchange Act claims;
- Plaintiffs' proposed model(s) for alleged damages; and,

- Plaintiffs' putative class definition(s), and whether Plaintiffs are members of such putative class(es).

IT IS FURTHER ORDERED that the parties shall meet and confer regarding all remaining subject matters that may be covered in Phase One Discovery no later than **November 19, 2021**.

IT IS FURTHER ORDERED that the parties shall file a status report no later than **November 29, 2021** stating whether they have agreed on remaining topics to be covered in Phase One Discovery or whether they seek to brief issues pertaining to remaining topics on which they disagree. To the extent the parties seek to brief issues to be considered by the Court, the parties shall propose a briefing schedule, select three dates on which all parties are available for a hearing, and any extensions of discovery deadlines stated above.

IT IS FURTHER ORDERED that agreement to topics on which discovery in Phase One is to occur does not preclude the parties from filing discovery motions following a genuine and robust meet and confer process documented in a concurrently filed declaration.

Dated this 8th day of November, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE