ANDREW R. MUEHLBAUER, ESQ.
Nevada Bar No. 10161
**MUEHLBAUER LAW OFFICE, LTD.**
7915 West Sahara Avenue, Suite 104
Las Vegas, Nevada 89117
Telephone: 702.330.4505
Facsimile: 702.825.0141
Email: andrew@mlolegal.com

**POMERANTZ LLP**
Jeremy A. Lieberman (*pro hac vice*)
Murielle J. Steven Walsh (*pro hac vice*)
Eric D. Gottlieb (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Tel:   (212) 661-1100
Fax:   (917) 463-1044
Email: jalieberman@pomlaw.com
          mjsteven@pomlaw.com
          egottlieb@pomlaw.com
*Additional Counsel on Signature Block*

*Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN V. FERRIS and JOANN M. FERRIS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>WYNN RESORTS LIMITED, STEPHEN A. WYNN, CRAIG SCOTT BILLINGS, STEPHEN COOTEY, MATTHEW O. MADDOX, JOHN J. HAGENBUCH, ROBERT J. MILLER, PATRICIA MULROY, CLARK T. RANDT JR., ALVIN V. SHOEMAKER, KIMMARIE SINATRA, DANIEL B. WAYSON, JAY L. JOHNSON, RAY R. IRANI, and J. EDWARD VIRTUE,<br><br>Defendants. | Case No. 2:18-cv-00479-APG-EJY<br><br>**NOTICE TO THE COURT OF DISCOVERY UPDATE** |

WHEREAS on September 30, 2021, the Parties filed a Joint Rule 26(f) report/proposed discovery plan and scheduling order, setting out their positions on whether discovery should be phased to prioritize class certification (the "Proposed Discovery Plan and Scheduling Order") (Dkt. No. 183);

WHEREAS on October 4, 2021 the Court ordered discovery to take place in Phases, and ordered the Parties to submit an additional proposed discovery plan and scheduling order for phase one of discovery that "shall include discovery necessary to prepare a Motion for Class Certification, the Response, and Reply," and "may include investigation into all elements of Rule 23 (including, but not limited to, predominance and superiority) and merits based discovery that is necessary for the Court to meaningfully consider a class certification motion and any opposition thereto," and that includes "a deadline for written discovery, deposition discovery, and expert discovery followed by dates for the Motion for Class Certification, Response, and Reply" (*id.* at 2);

WHEREAS, the Court further ordered "that in the event the parties are unable to agree upon a Phase One of Discovery they are to advise the Court of the same on or before October 25, 2021. In such case, on or before October 25, 2021, Plaintiffs and Defendants shall submit individual Phase One discovery plans to be considered by the Court" (*id.*);

WHEREAS on October 25, 2021, the Parties submitted their individual proposed discovery plans for the Court's consideration as they were unable to reach agreement on the proper scope of Phase One discovery;

WHEREAS on November 8, 2021, the Court held a hearing with respect to the Parties' respective discovery plans and heard arguments from the Parties concerning their respective proposed discovery plans;

WHEREAS, the Court further issued an Order denying Plaintiffs' Proposed Discovery Plan and Scheduling Order, and granting in part and denying in part Defendants' Proposed Discovery Plan and Scheduling Order (Dkt. No. 198);

WHEREAS, the Court further adopted Defendants' proposed operative deadlines for Phase One Discovery, directed the Parties to engage in an additional meet and confer session no later than November 19, 2021, and directed the Parties to notify the Court no later than November

29, 2021 whether the Parties have reached agreement on Phase One Discovery, and if not, to (i) identify the issues that are still in dispute; (ii) propose a briefing schedule for Plaintiffs' Motion to compel; (iii) propose three (3) dates on which the Parties are available for a hearing on such Motion; and (iv) address any potential changes to the discovery deadlines currently set forth in the Court's November 8, 2021 Order (*id.* at 3).

WHEREAS, the Parties have reached an impasse with respect to Plaintiffs' Phase One document requests, but are still meeting and conferring with respect to Defendants' Phase One discovery requests.

WHEREAS, Defendants reserve the right to seek a separate briefing schedule for any disputes concerning Plaintiffs' responses to Defendants' Phase One discovery requests, which the Court's November 8, 2021 Order expressly contemplated (*see id.* at 3).

The Parties hereby notify the Court that, despite several meet and confer sessions, they have been unable to reach an agreement regarding the proper scope of Phase One Discovery.

The Parties agree that the following additional subjects are relevant to class certification issues, and should be included in Phase One discovery: (a) whether and to what extent the alleged misstatements impacted the price of Wynn Resorts common stock; and (b) Defendants' defenses to Plaintiffs' class certification motion, including arguments and factual assertions raised in Defendants' opposition to class certification. However, there are disagreements among the Parties regarding the scope of those subjects, including the extent to which certain categories of requested materials fall within those subjects.

The Parties propose the following briefing schedule for Plaintiffs' motion to compel:

- Plaintiffs' opening motion shall be filed on or before December 8, 2021.
- Defendants' brief in opposition to Plaintiffs' motion to compel shall be filed on or before December 22, 2021.
- Plaintiffs' reply brief shall be filed on or before December 29, 2021.
- The Parties are all available for a remote hearing on the following dates: January 11, 13 and 14, 2022.

The current deadline for the substantial completion of production of documents responsive to document requests that are served on or before December 8, 2021 is January 7, 2022 (Dkt. 198 at 1 ("Subject to rulings on any objections and/or discovery disputes, good faith production by the Parties of all documents responsive to document requests that are served on or before December 8, 2021 shall be substantially complete by January 7, 2022.")).  The Parties agree to an extension of the current substantial completion date of January 7, 2022, to fourteen days after the Court's order on Plaintiffs' motion to compel, but will produce documents on a rolling basis and in good faith.

Dated: November 29, 2021                                    Respectfully submitted,

        **MUEHLBAUER LAW OFFICE, LTD**.

        /s/ Andrew R. Muehlbauer
        Andrew R. Muehlbauer
        Nevada Bar No. 10161
        7915 West Sahara Avenue, Suite 104
        Las Vegas, Nevada 89117
        Telephone: 702.330.4505
        Facsimile: 702.825.0141
        Email: andrew@mlolegal.com

        **POMERANTZ LLP**
        Jeremy Alan Lieberman (*pro hac vice*)
        Murielle J. Steven Walsh (*pro hac vice*)
        Eric D. Gottlieb (*pro hac vice*)
        600 Third Avenue, 20th Floor
        New York, New York 10016
        Telephone: 212-661-1100
        Facsimile:  212-661-8665
        jalieberman@pomlaw.com
        mjsteven@pomlaw.com
        egottlieb@pomlaw.com

        *Lead Counsel for Plaintiffs*

        **THE ROSEN LAW FIRM, P.A.**
        Phillip Kim (*Pro Hac Vice*)
        Daniel Tyre-Karp (*Pro Hac Vice*)
        275 Madison Ave., 40th Floor
        New York, NY 10016

Telephone: (212) 686-1060
Facsimile: (212) 202-3827
pkim@rosenlegal.com
dtyrekarp@rosenlegal.com

*Additional Counsel*


**SNELL & WILMER L.L.P.**

*/s/* Patrick G. Byrne
Patrick G. Byrne (Nevada Bar #007636)
Bradley T. Austin (Nevada Bar #13064)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702.784.5200
Facsimile: 702.784.5252
Email: pbyrne@swlaw.com
       baustin@swlaw.com

Mark Holscher (*Pro Hac Vice*)
Michael J. Shipley (*Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, California 90071
Telephone: 213.680.8190
Facsimile: 213.808.8097
Email: mark.holscher@kirkland.com
       michael.shipley@kirkland.com

Matthew Solum (*Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022-4611
Telephone: 212.446.4688
Facsimile: 212.446.4900
Email: matthew.solum@kirkland.com

*Counsel for Defendants Wynn Resorts Limited and Matthew O. Maddox*

**GARMAN TURNER GORDON**

*/s/* Erika Pike Turner
Erika Pike Turner, Esq.
Dylan T. Ciciliano, Esq.
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
Telephone: 725.777.3000

5

Facsimile: 725.777.3112
Email: eturner@gtg.legal
         dciciliano@gtg.legal

James Neil Kramer, Esq. (*Pro Hac Vice*)
M. Todd Scott, Esq. (*Pro Hac Vice*)
**ORRICK HERRINGTON & SUTCLIFFE LLP**
405 Howard St.
San Francisco, CA 94105
Email: jkramer@orrick.com
         tscott@orrick.com

*Counsel for Kimmarie Sinatra*

**MCNUTT LAW FIRM, P.C.**

/s/ Daniel R. McNutt
Daniel R. McNutt, Esq.
Matthew C. Wolf, Esq.
625 South Eighth Street
Las Vegas, Nevada 89101
Telephone: 702.384.1170
Facsimile: 702.384.5529
Email: drm@mcnuttlawfirm.com
         mcw@mcnuttlawfirm.com

*Counsel for Stephen Cootey*

**CAMPBELL & WILLIAMS**

*/s/* J. Colby Williams
J. Colby Williams, Esq.
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: 702.382.5222
Facsimile: 702.382.0540
Email: jcw@cwlawlv.com

Michele D. Johnson (*pro hac vice*)
**LATHAM & WATKINS LLP**
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
Email: michele.johnson@lw.com

Colleen C. Smith (*pro hac vice*)
**LATHAM & WATKINS LLP**

6

> 12670 High Bluff Drive
> San Diego, California 92130
> Telephone:  (858) 523-3985
> Facsimile:  (858) 523-5450
> Email:  colleen.smith@lw.com
>
> *Counsel for Stephen A. Wynn*

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that a hearing on the Motion to Compel is set for Friday, January 14, 2022 at 10:30 a.m. via the Zoom video conference platform. The parties shall contact Elvia Garcia, Courtroom Deputy for the undersigned Magistrate Judge by 12:00 p.m. on January 12, 2022, at Elvia_Garcia@nvd.uscourts.gov, and provide the email addresses for their respective participants. The courtroom deputy shall email all participants with the Zoom link.

**IT IS FURTHER ORDERED** that persons granted with remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary to the Court.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**Dated:  November 30, 2021**

7