UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOHN V. FERRIS and JOANN M.
FERRIS, individually and on behalf of all
others similarly situated,

        Plaintiffs,

v.

WYNN RESORTS LIMITED, STEPHEN A.
WYNN, CRAIG SCOTT BILLINGS,
STEPHEN COOTEY, MATTHEW O.
MADDOX, JOHN J. HAGENBUCH,
ROBERT J. MILLER, PATRICIA
MULROY, CLARK T. RANDT JR., ALVIN
V. SHOEMAKER, KIMMARIE SINATRA,
DANIEL B. WAYSON, JAY L. JOHNSON,
RAY R. IRANI, and J. EDWARD VIRTUE,

        Defendants.

Case No. 2:18-cv-00479-APG-EJY

**ORDER**

Currently pending before the Court is Plaintiffs' Motion for Recusal filed on July 13, 2022. ECF No. 239.  The Court has considered the Motion, Opposition, Joinders, Reply, and Sur-reply (to which no response was filed).

I.   **Relevant Procedural Background**.

The undersigned first took the bench as a U.S. Magistrate Judge on August 6, 2019, at which time I placed Wynn Resorts on my recusal list where it remained for two years.  The above captioned matter was randomly reassigned to me on August 17, 2021 (ECF No. 174).  As stated by Plaintiffs in their Second Amended Complaint (the "SAC"):

> This [case] is a federal securities class action, against the Company and certain of its directors and executive officers, on behalf of all persons who purchased or otherwise acquired the Company's securities between February 28, 2014 and February 12, 2018, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

ECF No. 122 at 5 ¶ 1.

I issued my first substantive order in this matter on October 4, 2021 (ECF No. 184) denying a stipulated discovery plan and scheduling order, and requiring the parties to take various steps regarding electronically stored information, a proposed stipulated confidentiality and protective order, and phased discovery.  On October 25, 2021, Plaintiffs and Defendants filed separate proposed discovery plans and scheduling order, which I considered at a one hour hearing held on November 8, 2021.  ECF Nos. 188, 189, 197.  I denied Plaintiffs' proposed discovery plan and scheduling order without prejudice, and granted in part and denied in part Defendants' proposal.  ECF No. 198.  At that hearing I stated I understood "the basic underlying facts" of the case because "[i]t's hard to live in Las Vegas and not know those."  ECF No. 199 at 41.[1]

On December 8, 2021, Plaintiffs filed a Motion to Compel (ECF No. 209), which I set for hearing on January 25, 2022.  ECF No. 210.  I held my second hearing in this case on that date.  The hearing lasted approximately one hour and thirty minutes and resulted in granting in part and denying in part Plaintiffs' Motion.  ECF Nos. 218; 221 at 54-58.

On April 18, 2022, Defendants filed a Motion to Compel.  ECF No. 227.  On June 28, 2022, I held my third hearing in this case to address Defendants' Motion.  ECF No. 238.  The hearing lasted approximately one hour at the end of which I granted Defendants' Motion.  *Id*.

Plaintiffs state, through the Declaration of Elina Rakhlin (counsel for Plaintiffs), that "Plaintiffs' counsel first discovered new facts concerning … [my] background during the week of June 27, 2022."  ECF No. 239-1 ¶ 12.[2]  Plaintiffs' counsel further states it was the upcoming deadline for their class certification opening brief that prompted their internet research into my background.[3]  *Id*.  The research discovered an article about a case brought in California, in which I am not a party, alleging, in sum, corruption in the U.S. District Court for the District of Nevada.  *Id. citing* a news article from "Casino.org" entitled "Federal Appeals Court Won't Toss RICO Case vs. Steve Wynn, Wynn Resorts" by Philip Conneller, dated April 25, 2022.  It was only then—approximately one

---

[1]  The undersigned has lived in Las Vegas for almost thirty years.
[2]  In Plaintiffs' Motion, they further state "Upon first learning of the news article … on or around June 27, 2022," Plaintiffs discovered other "new" facts about me.
[3]  The original Discovery Plan and Scheduling Order set the due date for Plaintiffs' Motion for Class Certification as January 31, 2022.  ECF No. 198 at 1.  At the January 25, 2022 hearing this date was vacated (ECF No. 221 at 62).  However, it appears no research into my background was done prior to this hearing date, just six days before the class certification motion was originally due.

year after I was randomly assigned this matter and had issued several substantive decisions—that Plaintiffs claim they first discovered publicly available information regarding my role as counsel for Wynn Resorts while in private practice.  *Id*. ¶¶ 13-15.

The case on which Plaintiffs are focused is a Title VII case, filed in 2018, challenged and decided solely on the basis of the applicable time-bar, and in which discovery was stayed.  The case, *Limcaco v. Wynn Resorts, Ltd., et al.* ("*Limcaco*"), is found at Case No. 18-cv-01685-MMD-GWF.  More specifically, *Limcaco* was decided on a motion to dismiss by District Judge Miranda M. Du because she found Limcaco's "federal claims … [were] time-barred."  *See Limcaco*, 2019 WL 1748103, at *1 (D. Nev. Apr. 18, 2019).[4]  Consistent with the law, all allegations of fact in that case were presumed true at the time the motion to dismiss was filed.  *Limcaco*, 18-cv-01685, ECF No. 23 at 2 *citing Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1094 (9th Cir. 2010).  Nonetheless counsel for Plaintiffs in this action have concluded there is "reason to question" whether, by virtue of my brief involvement in *Limcaco*, I gained "personal knowledge of disputed evidentiary facts in this [SEC] Action."  ECF No. 239-1 ¶ 14.

Plaintiffs allege my October 2018 through early April 2019 representation of Wynn Resorts in *Limcaco* was a new discovery despite paragraph 199 of Plaintiffs' SAC citing to the *Limcaco* case.  ECF No. 122 ¶ 199.  That is, Plaintiffs' operative SAC in the instant matter states: "More specifically, according to the IEB report and *a wrongful termination suit* filed against the Company and Defendant Wynn by Angelica Limcaco, after Ms. Limcaco submitted a report of the rape allegation leading to the 2005 Settlement that was based on her conversations with the complainant to the HR Department in 2005 …."  *Id*. (Emphasis added.)

More than two years lapsed between the cessation of my representation of Wynn in *Limcaco* on April 2, 2019, and my random assignment to this case in August 2021.[5]  Further, discovery was

---

[4]      The motion to dismiss argued, in sum, that Limcaco's claims were time barred because the undisputed facts demonstrated "Plaintiff took no action to initiate or prosecute her claims for nearly 12 years after her termination as admitted in Paragraph 24 of her Amended Complaint."  *Limcaco*, 18-cv-01685-MMD-GWF, at ECF No. 23 *citing* ECF No. 13 (Limcaco's First Amended Complaint).
[5]      Plaintiffs point out that I recused myself in another matter involving Wynn Resorts.  This is true.  However, unlike the case at bar, that matter, *Wynn v. Bloom*, Case No. 18-cv-00609 (D. Nev.), was randomly assigned to me on August 8, 2019, two days after I assumed the bench, not more than two years after I did so.

stayed in *Limcaco* in December 2018. *Limcaco*, 18-cv-01685-MMD-GWF, ECF No. 36. As the granted Motion to Stay Discovery portended, no discovery was conducted in the *Limcaco* matter.

Plaintiffs contend that because I knew about events alleged in Limcaco's Complaint, as well as reported by the Wall Street Journal in January 26, 2018 (eight months before Ms. Limcaco filed her Complaint and nine months before I appeared as counsel for Wynn Las Vegas[6]), Limcaco cited an "IEB Report" extensively in her Second Amended Complaint, and I indicated, as cited above, a general awareness of underlying events, I have some knowledge or information that creates a bias requiring recusal.[7]

## II.   Discussion

### A.   The Standard for Recusal.

The decision to grant or deny a motion for recusal lies with the discretion of the Court. *United States v. Wilkerson*, 208 F.3d 794, 797 (9th Cir. 2000). Judicial officers are counseled to "hear cases when there is no reasonable factual basis for recusal." *U.S. v. Holland*, 519 F.3d 909, 912 (internal citations omitted). "The test is an objective one, wherein the judge is required to recuse … [herself] only when a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might be reasonably questioned." *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1178 (9th. Cir. 2005) (internal citations and quote marks omitted). "In other words, section 455 'asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits.'" *U.S. v. Kahre*, Case No. 2:05-cr-121 DAE (RJJ), 2008 WL 5246034, at *3 (D. Nev. Dec. 15, 2008) *citing Clemens*, 428 F.3d at 1178 *quoting In re Mason*, 916 F.2d 384, 385 (7th Cir. 1990). "The reasonable person in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person." *Id*. *citing Clemens*, 428 F.3d at 1178 *citing In re Mason*, 916 F.2d at 386. What matters is not whether there is actual bias or prejudice, "but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). The well accepted rule is that the source of alleged impartiality must be "extrajudicial" meaning a source other than the

[6]   *See* ECF No. 1, the *Limcaco* Complaint filed on September 4, 2018, and ECF No. 11, the Motion to Dismiss, filed on October 9, 2018 in *Limcaco*, 18-cv-01685.
[7]   Plaintiffs also note that in a reply in support of the motion to dismiss in *Limcaco*, Wynn Resorts took exception to allegations raised by Limcaco. ECF No. 239 at 5, 10.

proceedings in which a motion to recuse is filed.  *Id.*; *see also Pau v. Yosemite Park & Curry Co.*, 928 F.2d 880 (9th Cir. 1991) (internal citation omitted).

Plaintiffs' Motion seeks recusal on 28 U.S.C. §§ 455(a) and (b).  ECF No. 239.  Section 455(a) states: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Section 455(b) contains a list of bases upon which recusal may be sought.  "The goal of section 455(a) is to avoid even the appearance of partiality."  *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988) (internal quote marks omitted).

Plaintiffs also seek recusal under sections 455(b)(1) and (2).  These sections respectively state: "(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; [and] (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it."

B.      The Timing of the Motion to Recuse.

At first blush there appears to be a legitimate question regarding the timing of Plaintiffs' Motion.  The undersigned was first assigned as the U.S. Magistrate Judge on this matter (not magistrate as is often used) on August 17, 2021, and the Motion to Recuse was not filed until July 13, 2022.  Plaintiffs cited *Limcaco* in their July 1, 2020 SAC (ECF No. 122), but they declare they first learned the undersigned was counsel for Wynn Resorts in *Limcaco* on June 28, 2022.  Knowing of the case and the allegations made in *Limcaco* clearly sometime before July 2020, it is surprising that Plaintiffs would not have known who represented the parties in that matter until June 2022.

Plaintiffs also state they first researched my background as the due date for their motion for class certification was approaching.  However, the motion for class certification was originally due in January 2022 and Plaintiffs make no suggestion that information regarding my background was sought then or at all until immediately after the Court issued a decision on Defendants' Motion to Compel on June 28, 2022.  *See* ECF No. 238, with the hearing concluding at 11:18 a.m. pacific time.  In fact, according to Plaintiffs' second declaration, research uncovering facts regarding my

5

representation in *Limcaco* were obtained through a Google search that occurred at 2:37 p.m. eastern time on June 28, 2022.  ECF No. 246-1 ¶ 5.  Considering the three hour time difference between eastern and pacific time, this discovery occurred approximately twenty minutes after I concluded a hearing on Defendants' Motion to Compel in Defendants' favor.

There is no "per se rule … regarding the time frame" within which a motion to recuse should or must be filed.  *Preston v. United States*, 923 F.2d 731, 733 (9th Cir. 1991).  On the other hand "[o]rdering recusal under circumstances in which the legal standards for judicial disqualification as described by 28 U.S.C. § 455 are not met would lead to a serious procedural morass for the federal court system."  *Paulson v. Carter*, Case No. CV 04-1501-HU, 2005 WL 8177147, at *1 (D. Ore. Mar. 28, 2005); *U.S. v. Sierra Pacific Industries*, 759 F.Supp.2d 1198, 1205 (E.D. Cal. 2010) ("a compelling countervailing concern in this case is the timing of the recusal motion as it intersects with the court's duty not to recuse lightly") (internal citations omitted).  "Granting a motion to recuse many months after an action has been filed wastes judicial resources and encourages manipulation of the judicial process."  *Id*. at 1206 *quoting Willner v. University of Kansas*, 848 F.2d 1023, 1029 (10th Cir. 1988) and further *citing In re Int'l Business Machines Corp.*, 618 F.2d 923, 932–33 (2d Cir. 1980); *Apple v. Jewish Hosp. and Medical Center*, 829 F.2d 326 (2d Cir. 1987) (although § 455 does not contain an explicit timeliness requirement, timeliness has been read into the section); *Singer v. Wadman*, 745 F.2d 606, 608 (10th Cir. 1984) (recusal motion was untimely where it was filed a year after the complaint was filed and after the appellants had suffered some adverse rulings on interlocutory matters).

Here, Plaintiffs' Motion was filed almost one year after I was assigned to this matter in August 2021 (which was more than two years after I ceased my representation of Wynn Resorts on April 2, 2019), two years after Plaintiffs referenced *Limcaco* in their SAC filed July 1, 2020, and approximately two weeks after I issued a ruling against Plaintiffs on a Motion to Compel.  The explanation offered by Plaintiffs—that they began to research my background approximately twenty minutes after this adverse ruling based on an upcoming due date for a class certification motion—is not persuasive.  These facts, when applied to the law, militate against recusal.

C.    <u>Despite no Actual Bias or Prejudice and Suspect Timing, the Court Finds the Potential for a Reasonable Person with Knowledge of all the Facts Could Conclude My Impartiality Might be Reasonably Questioned.</u>

Plaintiffs present no evidence in support of their claim that by virtue of representation on a time-barred Title VII claim concluding in 2019 the undersigned gained knowledge of disputed evidentiary facts regarding this SEC action. First, a review of *Limcaco*, available to the public through PACER,[8] demonstrates that the only argument made in that case pertained to the timing of the plaintiff's claims, which were raised for the first time twelve years after her termination. The unrefuted facts show discovery was stayed in December 2018. There is nothing to suggest, except what appears to be speculation, that any facts pertaining to this detailed SEC action ever came up in *Limcaco*. To the extent Limcaco's experiences were detailed in her complaint and amended complaint, these are public allegations the knowledge of which was not gained by virtue of representation. Publicly available information as alleged by Limcaco and appearing in newspapers cannot create the appearance of bias or prejudice as anyone reading the complaint or reports relating to the same would have access to the information. *See United States v. Sierra Pacific Industries, Inc*, 862 F.3d 1157, 1174-75 (9th Cir. 2017).[9]

Plaintiffs appear to suggest that under Section 455(b)(2) my "prior service as a lawyer in the Limcaco Action, standing alone, is enough to require recusal …." ECF No. 239 at 12. This is not the law. *See, e.g.*, *Chitimacha Tribe of Louisiana v. Harry L. Laws Company, Inc.*, 690 F.2d 1157, 1166 (5th Cir.1982), *cert. denied*, 464 U.S. 814 (1983) ("prior representation of a party to a suit by the sitting judge is not, standing alone, grounds for disqualification when the statute only requires a judge to disqualify himself if 'he served as a lawyer in the matter in controversy.'") (internal citation omitted). The Court also rejects that the *Limcaco* Title VII case and the SEC case at bar involve the

---

[8]    PACER is found at https://pacer.uscourt.gov and described on the website as "[t]he Public Access to Court Electronic Records (PACER) service provides electronic public access to federal court records. PACER provides the public with instantaneous access to more than 1 billion documents filed at all federal courts."

[9]    Plaintiffs complain that certain allegations made by *Limcaco* were identified by Wynn Resorts as unfounded (salacious). The allegations to which Wynn Resorts pointed pertained to an unsupported statement regarding alleged blacklisting and rumors Limcaco repeated regarding the disappearance of a woman from a boat, the alleged lack of local police power, and that Steve Wynn's potential responsibility for bodies in the desert. Case No. 2:18-cv-01685, ECF No. 13 ¶¶ 43-44. The objection to these allegations were raised in reply in support of a motion to dismiss arguing that unsupported allegations did not support tolling Limcaco's claims for twelve years. *Id.* ECF No. 31 at 6.

same matter in controversy.[10]   Nonetheless, setting these issues aside, Plaintiffs belated discovery of my representation of Wynn Resorts in the time barred Title VII *Limcaco* matter and erroneous conclusions that the *Limcaco* representation led the undersigned to gain knowledge of disputed evidentiary facts regarding this SEC action, the Court is concerned that this SEC action not be tinged with an ongoing allegation of bias or prejudice.

It is with reluctance, after a great deal of thought and careful consideration, that I decide to recuse myself from this matter.  As stated in a prior District of Nevada decision regarding recusal, "what matters is not the reality of bias or prejudice, but its appearance." *Kahre*, 2008 WL 52436038, at *3, *citing Liteky*, 510 U.S. at 548.  I take my duty as a judge sitting on the United States District Court for the District of Nevada seriously.  As the United States Supreme Court states in *Liljeberg*, "[i]f it would appear to a reasonable person that a judge has knowledge of facts that would give him an interest in the litigation then an appearance of partiality is created even though no actual partiality exists because the judge does not recall the facts, because the judge actually has no interest in the case or because the judge is pure in heart and incorruptible."  486 U.S. at 860 (internal citation omitted).

My role is one of significant responsibility to my colleagues, litigants, counsel, and the community.  After almost 30 years as a lawyer it is surprising to find a claim of bias or prejudice would be raised.  Nonetheless, because of the unique circumstances here, and what matters is appearance, I cannot jeopardize this litigation based on my personal knowledge that fairness and the Rule of Law are always the tenets under which I act.

---

[10]   With respect to this allegation—that *Limcaco* and the instant matter "involve the same underlying controversy"—(ECF No. 239 at 6), the Court notes that section "455(a) is necessarily fact-driven and may turn on subtleties in the particular case." *Holland*, 519 F.3d at 913. I find this argument by Plaintiffs does not support Plaintiffs' conclusion. While the conduct of Steve Wynn reported by *Limcaco* were alleged to have led to her termination, and the same conduct is alleged to have resulted in misrepresentations by Wynn Resorts pertaining to the value of the company, the issues being litigated in neither case was Mr. Wynn's conduct. Title VII has specific, well developed law pertaining to the timing within which an alleged victim of harassment, discrimination or retaliation must bring a case. That was the issue in *Limcaco*. The complicated issues related to the instant federal securities class action share no similarities with *Limcaco*. Further, the unfounded belief that the undersigned received knowledge of disputed evidence regarding the facts alleged in the case at bar is undermined by a review of the Motion to Dismiss and Motion to Stay in *Limcaco*. Neither reveals a discussion, let alone knowledge, of violations of alleged securities law by any current Defendant. Given the facts (as opposed to rumors alleged by Limcaco) were presumed true, and Limcaco's claims were challenged solely based on well-established law regarding her substantial delay in coming forward, Plaintiffs' conclusion that I had "personal knowledge of disputed evidentiary facts" relating to this securities matter is not well founded.

1

**III.     Order**

2          Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Recusal filed on July

3    13, 2022 (ECF No. 239) is GRANTED.

4          IT IS FURTHER ORDERED that Defendants' Wynn Resorts, LTD, and Matthew Maddox's

5    Motion for Leave to file Sur-Reply to Plaintiffs' Reply in Support of Motion for Recusal (ECF No.

6    247) is GRANTED.

7          IT IS FURTHER ORDERED that this action is referred to the Clerk of Court for random

8    assignment of the case for all further proceedings.

9          Dated this 27th day of October, 2022.

10

11

12                                                  _____
                                                    ELAYNA J. YOUCHAH
13                                                  UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28