**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| John V. Ferris, *et al.*, | Case No. 2:18-cv-00479-APG-BNW |
| Plaintiffs, | |
| v. | **Order** |
| Wynn Resorts Limited, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiffs' motion seeking to seal Exhibits F and G attached to their motion for class certification. ECF No. 265. No opposition has been filed.

**I.    Analysis**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179 (quotation omitted). However, avoiding a litigant's embarrassment,

incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

"[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447 F.3d at 1180). Under Rule 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant standard for purposes of Rule 26(c) is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (quotation omitted). Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a nondispositive motion. *Id.* "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

### A.  The Burden to Seal Has Not Yet Been Met

Plaintiffs seeks to seal exhibits submitted with their motion for class certification. While an open question in the Ninth Circuit, courts generally hold that the standard for filing documents under seal in relation to a class certification motion is a showing of "good cause." *Kamakana*, 447 F.3d at1179-80 (9th Cir. 2006) (a particularized showing of 'good cause' is required to seal documents related to non-dispositive motions); *Dugan v. Lloyds TSB Bank, PLC*, 2013 WL 1435223, at *1 (N.D. Cal. Apr. 9, 2013) ("[T]he vast majority of courts within this circuit treat motions for class certification as non-dispositive motions to which the "good cause" sealing standard applies.") (internal quotations and citations omitted); *Bridge v. Credit One Bank, N.A.*, 2016 WL 11670192, at *1 (D. Nev. Apr. 18, 2016) ("Defendant seeks leave to file under seal an unredacted version of its Response to Plaintiff's Motion for Class Certification as well various exhibits to declarations in support of that filing . . . for each document, a particularized showing

of good cause is required to overcome the presumption of public access to judicial files and records"). As a result, the Court applies the good cause standard.

The Court notes that stipulated protective orders alone do not justify sealing court records. *See, e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) (noting that reliance on a blanket protective order, without more, will not make a showing of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475–76 (9th Cir. 1992) (explaining that blanket stipulated protective orders are over inclusive by nature and do not include a finding of "good cause"). Blanket protective orders are designed to facilitate discovery exchanges; they do not provide a finding that any specific documents are secret or confidential to overcome the presumption of public access. *Kamakana*, 447 F.3d at 1183 (addressing the "the hazard of stipulated protective orders," and noting they often "purport to put the entire litigation under lock and key without regard to the actual requirements of Rule 26(c)").

Here, Plaintiffs only point to the protective order as the rationale for sealing the documents in question. Because this does not constitute good cause, the motion is denied.

**I.  Conclusion**

**IT IS THERERFORE ORDERED** that Plaintiffs' Motion to Seal at ECF No. 265 is **DENIED**. Plaintiffs will have until February 12, 2023 to file a new request to seal these documents. Should no motion be filed by then, the Court will unseal the documents in question.

The Clerk of Court is directed to maintain ECF Nos. 267 and 269 under seal until further notice from the Court.

DATED: January 12, 2023

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE