ANDREW R. MUEHLBAUER, ESQ.
Nevada Bar No. 10161
**MUEHLBAUER LAW OFFICE, LTD.**
7915 West Sahara Avenue, Suite 104
Las Vegas, Nevada 89117
Telephone: 702.330.4505
Facsimile: 702.825.0141
Email: andrew@mlolegal.com

**POMERANTZ LLP**
Jeremy A. Lieberman (*pro hac vice*)
Murielle J. Steven Walsh (*pro hac vice*)
Emily C. Finestone (*pro hac vice*)
Elina Rakhlin (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Tel:   (212) 661-1100
Fax:   (917) 463-1044
Email: jalieberman@pomlaw.com
mjsteven@pomlaw.com
efinestone@pomlaw.com
erakhlin@pomlaw.com

*Attorneys for Class Representatives John V. and JoAnn M. Ferris*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN V. FERRIS and JOANN M. FERRIS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>WYNN RESORTS LIMITED, et al.,<br><br>Defendants. | Case No. 2:18-CV-00479-APG-BNW<br><br>**CLASS REPRESENTATIVES' MOTION FOR AN EXTENSION OF DISCOVERY DEADLINES AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**[FIRST REQUEST]** |

{00599473;7 }

MOTION FOR AN EXTENSION OF DISCOVERY DEADLINES

Pursuant to LR IA 6-1 and LR 26-3 Class Representatives John V. Ferris, JoAnn M. Ferris, and Jeffrey Larsen ("Plaintiffs"), by and through their attorneys of record, hereby respectfully request that the Court: (a) extend the fact discovery deadline set forth in the Stipulated Discovery Plan and Scheduling Order Pursuant to the Court's April 6, 2023 Motion Hearing Order (ECF No. 302) (the "Scheduling Order") to the later of (1) ninety (90) days after the Court's ruling on Plaintiffs' Motion to Compel (ECF No. 327) (the "Motion to Compel") and Defendants Wynn Resorts Limited ("Wynn" or the "Company") and Matthew Maddox's (collectively, "Defendants") Motion for a Protective Order (ECF No. 329) (the "Motion for Protective Order") (collectively, the "Pending Motions"), or (2) ninety (90) days after the current fact discovery deadline, May 31, 2024; and (b) permit the parties to submit a proposed revised Scheduling Order within ten (10) days of its ruling on the Pending Motions. This is the first request for an extension of the Scheduling Order, this request is being made more than 21 days before the expiration of the discovery deadlines that Plaintiffs seek to modify, and for the reasons set forth below, there is good cause for the requested extension.

## **INTRODUCTION**

Plaintiffs' requested extension is warranted because the discovery deadlines have been impacted by the two Pending Motions: Plaintiffs' Motion to Compel and Defendants' related Motion for Protective Order.

The Motion to Compel asks the Court to compel Defendants to apply Plaintiffs' requested search terms, produce pre-Class Period and post-Class Period discovery, produce documents from twenty-six (26) additional custodians,[1] and produce documents responsive to certain disputed requests for production. ECF No. 327 at 22.[2] Defendants' Motion for Protective Order asks the

---

[1] Defendants originally only agreed to produce documents for seven (7) custodians. ECF No. 327 at 3. After Plaintiffs moved to compel, Defendants agreed to search the custodial files of twelve (12) additional custodians. ECF No. 328 at 20. Fourteen (14) custodians still remain in dispute.

[2] Plaintiffs also opposed Defendants' motion for partial summary judgment related to the February 12, 2018 corrective disclosures on the grounds that Defendants refused to produce documents from after February 12, 2018 and such documents are necessary to defend against the motion. ECF No. 335 at 22-28.

Court to deny the relief that Plaintiffs sought in the Motion to Compel, require Plaintiffs to negotiate a fact stipulation, and permit Defendants to hide the identities of Mr. Wynn's accusers from Plaintiffs. ECF. No. 329 at 14-21.

The Court's ruling on the Pending Motions could require Defendants to search for and produce documents for over a dozen additional custodians, applying broader search terms, and for a broader time period than the circumscribed period roughly mirroring the Class Period that Defendants searched. Although Plaintiffs have diligently served notices of depositions while the motions have been pending, multiple deponents have indicated their unavailability on the noticed dates. *See* Declaration of Murielle J. Steven Walsh ("MJSW Decl."), ¶ 18. Further, proceeding with depositions before the Court rules on the Pending Motions would be inefficient because if Defendants are ordered to produce these substantial additional documents, it could result in Plaintiffs having to reexamine witnesses already deposed based on the new information and documents available. Accordingly, good cause exists for the requested extension.

## DISCOVERY COMPLETED TO DATE

The Court bifurcated discovery into two phases: Phase One, involving class certification issues, and Phase Two, involving merits and damages issues. ECF No. 184. The parties completed Phase One discovery and the Court certified the Class on March 1, 2023. ECF No. 283.

Since then, the parties have been engaged in Phase Two discovery. Defendants served amended responses to Plaintiffs' first request for the production of documents, and the parties met and conferred on several occasions regarding their responses, as well as the appropriate scope of discovery. MJSW Decl. ¶¶4-5. Ultimately, Defendants produced a total of 3,896 documents.

Plaintiffs served document subpoenas on the Nevada Gaming Control Board ("NGCB"), the Massachusetts Gaming Commission ("MGC"); Elaine Wynn; Joele Frank, Wilkinson Brimmer Katcher ("Joele Frank"); and Kevin Tourek. MJSW Decl. ¶¶7-8, 10, 12, 14. The MGC and NGCB collectively produced 357 documents. MJSW Decl. ¶9. Ms. Wynn objected and refused to produce any documents. MJSW Decl. ¶¶11. Joele Frank served objections to the document subpoena and has not produced any documents to date. MJSW Decl. ¶13. Mr. Tourek responded

that he did not have any responsive materials in his possession, custody, or control. MJSW Decl. ¶15.

Plaintiffs also served deposition subpoenas on Joele Frank and Kevin Tourek, but the depositions have not yet been scheduled. MJSW Decl. ¶¶12, 14, 16. In addition, Plaintiffs served notices of deposition on Michael Weaver and Defendants Matthew Maddox, Stephen Wynn, Stephen Cootey, and Kimmarie Sinatra with tentative deposition dates, but counsel for Mr. Wynn, Mr. Maddox, Mr. Weaver, Ms. Sinatra, and Mr. Cootey have indicated they are not available on the noticed dates.[3] MJSW Decl. ¶18. Plaintiffs also notified Defendants that they anticipate needing to take more than ten depositions, but Defendants were not willing to stipulate to Plaintiffs taking additional depositions beyond the ten allotted to Plaintiffs until they have (1) taken 10 depositions, and (2) made a particularized showing of need for additional depositions. MJSW Decl. ¶¶19-20.

In addition, Defendants produced a privilege log on January 31, 2024, a supplemental privilege log on February 7, 2024, and a second supplemental privilege log on March 5, 2024 that contains over 2,470 entries. MJSW Decl. ¶21. Plaintiffs wrote Defendants regarding certain deficiencies with Defendants' privilege log, and the parties met and conferred regarding the issues. MJSW Decl. ¶¶22-23.

## REMAINING DISCOVERY TO BE COMPLETED

Insofar as the Court rules in Plaintiffs' favor on the Pending Motions, Defendants will be required to make additional document productions. In addition, while the parties are still endeavoring to resolve the issues with Defendants' privilege log without Court intervention, they appear to be at an impasse on certain issues, and Plaintiffs anticipate filing a motion to compel the production of documents improperly withheld as privileged.[4] Plaintiffs also intend to serve additional deposition subpoenas and deposition notices – which may require Court approval

---

[3] They did not propose any alternative dates when notifying Plaintiffs of their unavailability. MJSW Decl. ¶20.

[4] Plaintiffs will likely need to seek another extension to allow for the adjudication of the parties' privilege log disputes, given the substantial number of entries at issue.

{00599473;7}  3
MOTION FOR AN EXTENSION OF DISCOVERY DEADLINES

insofar as Defendants refuse to stipulate to Plaintiffs exceeding the ten depositions allotted under the federal rules – and intend to depose the witnesses already subpoenaed or served with deposition notices.

In addition, the parties may conduct other discovery permitted under Federal Rules of Civil Procedure 26, 30, 33, 34, and 36.

### REASON FOR EXTENSION

A request for an extension "must . . . be supported by a showing of good cause for the extension." LR 26-3. "Good cause to extend a discovery deadline exists 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Victor v. Walmart, Inc.*, 2021 WL 3745190, at *2 (D. Nev. Apr. 8, 2021) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Here, as explained above, the extension is necessary to allow the parties sufficient time to complete fact discovery following the Court's ruling on the Pending Motions. Plaintiffs diligently raised the issue of Defendants' insufficient document production with the Court on November 23, 2023. ECF No. 327. Defendants then asked the Court to consider the Motion to Compel in parallel with their Motion for Protective Order. ECF No. 329 at 4. The Pending Motions were fully briefed as of January 5, 2024, and the Court held a hearing on February 12, 2024. ECF Nos. 354, 359. The Court has not yet ruled on the Pending Motions.

Based on Defendants' own representations, a ruling in Plaintiffs' favor could require them to review over 870,000 additional documents. ECF No. 329 at 3. Defendants will presumably need additional time to conduct their pre-production privilege and relevance review, and Plaintiffs will need additional time to review any forthcoming productions and prepare for depositions. Regardless of how the Court rules, depositions have been delayed during the pendency of the motions. Plaintiffs served deposition notices, designating deposition dates in April and May. Counsel for Defendants and for Mr. Weaver have indicated that they are unavailable on those dates but have not proposed any alternative dates. Counsel for Defendants also expressed an unwillingness to stipulate to additional depositions until Plaintiff has exhausted their ten (10)

allotted depositions and shown a particularized need for additional depositions. Thus, the parties will likely need additional time to meet and confer about this dispute. Further, the parties will likely need additional time to resolve their disputes regarding Defendants' privilege log. Accordingly, despite Plaintiffs' diligence in pursuing discovery, the current fact discovery deadline cannot reasonably be met.

## PROPOSED REVISED DEADLINES

Plaintiffs propose that the fact discovery deadline set forth in the Scheduling Order be extended from May 31, 2024 until the later of (1) ninety (90) days after the Court's ruling on the Pending Motions, or (2) ninety (90) days after the current fact discovery deadline, May 31, 2024. In addition, Plaintiffs propose that the Court allow the parties to submit a proposed revised Scheduling Order, resetting the remaining deadlines in the Scheduling Order, within ten (10) days of its ruling on the Pending Motions.

## DEFENDANTS' POSITION ON THE REQUESTED EXTENSION

On March 20, 2024, counsel for Plaintiffs emailed counsel for the Company, Mr. Maddox, Mr. Wynn, Mr. Cootey, and Ms. Sinatra to ask their position on Plaintiffs' requested extension. MJSW Decl. ¶24. Plaintiffs requested a response by close of business on March 21, 2024. MJSW Decl. ¶24. On March 21, 2024, counsel for Plaintiffs emailed counsel for the Company, Mr. Maddox, Mr. Wynn, Mr. Cootey, and Ms. Sinatra to correct an omission in the original extension proposal circulated. MJSW Decl. ¶25. Counsel for Mr. Cootey and counsel for Ms. Sinatra did not respond on March 21, 2024, nor have they responded as of the time of filing this Motion. MJSW Decl. ¶26. Counsel for Mr. Wynn responded that Mr. Wynn does not oppose the proposed extension. MJSW Decl. ¶27. Counsel for the Company and Mr. Maddox responded on March 21, 2024, asking the basis for the Motion. MJSW Decl. ¶28. Counsel for Plaintiffs explained that Plaintiffs are seeking an extension because Defendants have represented that they may have to review over 800,000 documents if the Court grants the pending motion to compel, and in order to avoid deposing the same witness multiple times, Plaintiffs cannot proceed with depositions until document production is substantially complete. MJSW Decl. ¶29. On March 25, 2024, Counsel

for the Company and Mr. Maddox responded that they "will agree to extend the fact deposition deadline until August 31, in case the Court grants Plaintiffs' pending motion to compel," but "by agreeing to extend the deadline, [they] are not in any way agreeing that Plaintiffs taking more than 10 depositions is appropriate." MJSW Decl. ¶30.

## CONCLUSION

For the foregoing reasons, good cause exists for the requested extension, and Plaintiffs respectfully request that the Court grant the Motion.

Dated: March 25, 2024

**POMERANTZ LLP**

By */s/ Murielle J. Steven Walsh*
Jeremy A. Lieberman (*pro hac vice*)
Murielle J. Steven Walsh (*pro hac vice*)
Emily C. Finestone (*pro hac vice*)
Elina Rakhlin (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile: 917-463-1044
Email: jalieberman@pomlaw.com
mjsteven@pomlaw.com
efinestone@pomlaw.com
erakhlin@pomlaw.com

**IT IS SO ORDERED**

**DATED:** 10:58 am, March 26, 2024

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

**MUEHLBAUER LAW OFFICE, LTD.**
Andrew R. Muehlbauer (Nevada Bar #10161)
7915 West Sahara Avenue, Suite 104
Las Vegas, Nevada 89117
Telephone: 702.330.4505
Facsimile: 702.825.0141
Email: andrew@mlolegal.com

*Lead Counsel for Class Representatives*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim (*pro hac vice*)
Daniel Tyre-Karp (*pro hac vice*)
275 Madison Ave., 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com
dtyrekarp@rosenlegal.com

*Additional Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Murielle J. Steven Walsh*
Murielle J. Steven Walsh