UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN V. FERRIS, et al.,<br><br>　　　Plaintiffs<br><br>v.<br><br>WYNN RESORTS LIMITED, et al.,<br><br>　　　Defendants | Case No.: 2:18-cv-00479-APG-BNW<br><br>**Order Denying Motion for Partial Summary Judgment**<br><br>[ECF No. 314] |

　　　The defendants move for partial summary judgment on the February 12, 2018 corrective disclosures. ECF No. 314.  The plaintiffs oppose on the merits and request relief under Federal Rule of Civil Procedure 56(d).[1]  ECF Nos. 335; 338.  I deny the motion for partial summary judgment because I grant the plaintiffs' request for relief under Rule 56(d).

　　　Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . deny [the motion and] allow time to obtain affidavits or declarations or to take discovery."  "A party seeking additional discovery under Rule 56(d) must explain what further discovery would reveal that is essential to justify its opposition to the motion for summary judgment." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (simplified).  Specifically, the party seeking relief must state in an affidavit "the specific facts it hopes to elicit from further discovery; the facts sought exist; and the sought-after facts are essential to oppose summary judgment." *Id.* (simplified).

---

[1] Under Local Rule IC 2-2(b), the plaintiffs should have filed the motion for relief under Rule 56(d) as a separate event.  The plaintiffs are advised to comply with the Local Rule in the future.

The plaintiffs have provided an affidavit regarding the defendants' alleged deficient discovery responses and document productions, resulting in the plaintiffs subsequently filing two motions to compel. ECF Nos. 338-1 at 9-10; 327; 366. The affidavit explains the types of information the plaintiffs hope to obtain that would bear on issues raised in the motion for summary judgment, specifically regarding falsity and loss causation. ECF No. 338-1 at 10-17. Magistrate Judge Weksler recently granted in part one of the plaintiffs' motions to compel. ECF No. 371. In doing so, she noted that some of the requested discovery is "relevant to falsity, scienter, and/or loss causation." ECF No. 373 at 9, 12-14. She has set the second motion to compel for hearing on June 3, 2024. ECF No. 372. That may also result in an order for the defendants to produce additional materials that could bear on the issues raised in the summary judgment motion. Consequently, I grant the plaintiffs' request for relief under Rule 56(d) and deny the defendants' motion for partial summary judgment, without prejudice to refiling the motion no sooner than 30 days after the defendants' compliance with Judge Weksler's order at ECF No. 373 and with any order she enters in relation to the motion to compel at ECF No. 366.

I THEREFORE ORDER that the defendants' motion for partial summary judgment **(ECF No. 314) is DENIED** without prejudice to refiling the motion no sooner than 30 days after the defendants' compliance with Judge Weksler's order at ECF No. 373 and with any order she enters in relation to the motion to compel at ECF No. 366.

DATED this 29th day of May, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE