# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| John v. Ferris et al., | Case No. 2:18-cv-00479-APG-BNW |
| Plaintiffs, | |
| v. | **ORDER** |
| Wynn Resorts Limited et al., | |
| Defendants. | |

Before the Court is Plaintiffs' request for clarification. ECF No. 382. Defendants responded. ECF No. 387. The Court grants the motion and offers the clarification detailed below. Plaintiffs request that the Court clarify the following issues:

- whether this Court's prior order requires Defendants to prioritize production of discovery concerning both falsity and loss causation as Plaintiffs described in their request for relief under Rule 56(d).
- whether Defendants' interpretation of falsity discovery related to the February 12, 2018, corrective disclosures is correct.
- whether Plaintiffs are permitted to propose additional search terms.
- the need for Defendants to re-review documents so as to conform with this Court's prior order.

Defendants represent they will produce *all* discovery at issue by the end of August. Thus, with the understanding that Plaintiffs will have the discovery they need (which includes the discovery needed to address Defendants' motion for partial summary judgment) by the end of August, the Court need not further address what needs to be prioritized.

The Court next turns to the "Defendants' interpretation of falsity discovery related to the February 12, 2018 corrective disclosure." Defendants' motion for partial summary judgment argues that complaints to the NGCB and LVMPD, and the fact that the NGCB portal was launched, could not have rendered the January 26 statements false because the events reported in those corrective disclosures *occurred after January 26*. ECF No. 387 at 4. In that vein, they make clear in their motion for partial summary judgment that "[n]either the Company nor Mr. Wynn

could have possibly stated anything false or misleading about these complaints because they did not exist on January 26, 2018." ECF No. 314 at 18. Thus, according to Defendants, "[to] carry their burden on falsity tied to the February 12, 2018 disclosures, Plaintiffs would need to identify a prior representation by Defendants that no additional allegations would surface in the future against Mr. Wynn. Because no such statement exists, Defendants are entitled to summary judgment." *Id*. at 17.

While the Court acknowledges Defendants' argument, Judge Gordon will determine whether the issue has been properly framed. But the universe of relevant discovery (which includes more than the discovery needed to defend Defendants' motion for partial summary judgment) includes more than that. This Court referred to Judge Gordon's prior order in which he found there was a sufficient match between the Defendants' alleged misrepresentations in their January 26, 2018, press release and the February 2018 disclosures.[1] In turn, this Court clarifies that discovery relating to Steve Wynn's alleged misconduct is relevant to the falsity of the statements tied to the February 12, 2018, corrective disclosures.

Next is the issue of search terms. It appears Defendants have engaged in discussions regarding new search terms with Plaintiffs. But this Court did not order the *production* of the investigation search terms or any original source material about the search terms.

Lastly, the Court clarifies that the 2016 alleged misstatements relate to more than the 2005 settlement and include the alleged attempted cover-up through the use of company resources. In addition, as discussed above, discovery concerning the February 12, 2018, corrective disclosures is not limited to documents discussing price impact. Thus, to the extent that Defendants' prior discovery review and production was not that inclusive, it must review the documents again and supplement as needed.

///

---

[1] "He found that as to each set of statements, plaintiff had sufficiently pleaded the falsity. In addition, he found that there was a sufficient match between each statement and corrective disclosure. And I am referring to the document at 171, Pages 14 through 18, and Document 283, Pages 21 through 22." ECF No. 373 at 7.

1  IT IS THEREFORE ORDERED that Plaintiffs' motion (ECF No. 382) is GRANTED consistent
2  with this order.
3  IT IS FURTHER ORDERED that the hearing set for July 8, 2024, at 2:00 p.m. is VACATED.

5  DATED: July 8, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE