|     |     |
| --- | --- |
| 1   | **UNITED STATES DISTRICT COURT** |
| 2   | **DISTRICT OF NEVADA** |
| 3   | * * * |

| | |
| --- | --- |
| JOHN V. FERRIS, et al., | Case No. 2:18-cv-00479 |
| Plaintiffs, | **ORDER** |
| v. | |
| WYNN RESORTS LIMITED, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' motion to seal. ECF No. 337. Plaintiffs seek to seal a variety of exhibits, and portions of those exhibits, discussed in their opposition to Defendants' motion for partial summary judgment. The sealed version of this opposition is currently filed at ECF No. 338. Plaintiffs explain the information in question has been designated as confidential, triggering the protective order agreed to by the parties. As explained below, the existence of a protective order, alone, does not justify the sealing of records. And there has been no response from Defendants advancing other arguments supporting the need to seal this information. As a result, the Court denies the motion and provides Defendants an opportunity to advance any such arguments.

**I.    ANALYSIS**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178–79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached

documents as well if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179 (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

"[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447 F.3d at 1180). Under Rule 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant standard for purposes of Rule 26(c) is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (quotation omitted). Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a nondispositive motion. *Id.* "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

Stipulated protective orders alone do not justify sealing court records. *See, e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) (noting that reliance on a blanket protective order, without more, will not make a showing of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475–76 (9th Cir. 1992) (explaining that blanket stipulated protective orders are over inclusive by nature and do not include a finding of "good cause"). Blanket protective orders are designed to facilitate discovery exchanges; they do not provide a finding that any specific documents are secret or confidential to overcome the presumption of

1  public access. *Kamakana*, 447 F.3d at 1183 (addressing the "the hazard of stipulated protective
2  orders," and noting they often "purport to put the entire litigation under lock and key without
3  regard to the actual requirements of Rule 26(c)").

4      As a result, Plaintiffs' Motion to Seal at ECF No. 337 will be denied. If Defendants seek
5  to maintain this information under seal, they must file a motion to seal and advance arguments in
6  support of the need to seal this information. Such motion will be due within 30 days of this order.
7  In the interim, the Court will maintain ECF No. 338 under seal. Should Defendants not file a
8  motion to seal this document within 30 days, the Court will assume Defendants do not oppose the
9  unsealing of this document and will unseal ECF No. 338.

10 **II.  CONCLUSION**

11     **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Seal (ECF No. 337) is
12 **DENIED**.

13     **IT IS FURTHER ORDERED** that the Clerk of Court is directed to maintain ECF
14 No. 338 under seal.

16     DATED this 1st day of August 2024.

17
18                                        BRENDA WEKSLER
                                       UNITED STATES MAGISTRATE JUDGE