Patrick G. Byrne (Nevada Bar #7636)
Bradley T. Austin (Nevada Bar #13064)
SNELL & WILMER L.L.P.
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: 702.784.5200
Facsimile: 702.784.5252
Email: pbyrne@swlaw.com
      baustin@swlaw.com

*Attorneys for Defendants Wynn Resorts, Ltd.*
*and Matthew O. Maddox*

(*additional counsel on signature page*)

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN V. FERRIS, et al., | ) Case No. 2:18-CV-00479-CDS-BNW |
| Plaintiff(s), | ) |
| | ) **DEFENDANTS WYNN RESORTS, LTD.** |
| vs. | ) **AND MATTHEW MADDOX'S MOTION** |
| | ) **TO SEAL** |
| WYNN RESORTS LIMITED, et al., | ) |
| Defendant(s). | ) |
| | ) |
| | ) |
| | ) |

<u>**NOTICE OF MOTION AND MOTION TO SEAL**</u>

Pursuant to Local Rules IA 10-5 and 7.2, and this Court's August 1, 2024 Order denying Plaintiffs' Motion to Seal (*see* ECF 337, 412), Defendants Wynn Resorts, Ltd. and Matthew Maddox (collectively, the "Company Defendants"), by and through counsel, file this Motion to Seal. This Motion is supported by the following Memorandum of Points and Authorities, the Declaration of Austin Norris filed concurrently herewith, the referenced documents and pleadings on file with the Court, and any oral argument the Court may entertain on behalf of the Company Defendants.

DATED: August 26, 2024

KIRKLAND & ELLIS LLP

*/s/ Mark C. Holscher*

Mark Holscher (*Pro Hac Vice*)
Michael J. Shipley (*Pro Hac Vice*)
Edward Hillenbrand (*Pro Hac Vice*)
Nathaniel Edward Haas (*Pro Hac Vice*)
KIRKLAND & ELLIS LLP
555 South Flower Street, Ste. 3700
Los Angeles, California 90071
Telephone: 213.680.8190
Facsimile: 213.808.8097
Email: mark.holscher@kirkland.com
michael.shipley@kirkland.com
edward.hillenbrand@kirkland.com
nathaniel.haas@kirkland.com

Matthew Solum (*Pro Hac Vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone: 212.446.4688
Facsimile: 212.446.4900
Email: matthew.solum@kirkland.com

Patrick G. Byrne (Nevada Bar #7636)
Bradley T. Austin (Nevada Bar #13064)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702.784.5200
Facsimile: 702.784.5252
Email: pbyrne@swlaw.com
baustin@swlaw.com

*Attorneys for Defendants Wynn Resorts, Ltd.*
*and Matthew O. Maddox*

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2      The Company Defendants respectfully submit this motion to seal pursuant to the Court's
3  August 1, 2024, Order. ECF 412. The Company Defendants incorporate herein the arguments set out in
4  their December 19, 2024 Joinder and Response to Class Representatives' Motion for Leave to File
5  Documents Under Seal. ECF 346, 347.

6      The Company Defendants' motion should be granted because there are compelling reasons to seal
7  the materials at issue (collectively, the "Confidential Exhibits"). First, some of the Confidential Exhibits
8  contain sensitive, private, and confidential allegations of sexual assault that, if disclosed, would promote
9  public scandal and subject the parties involved therein to possible harassment, public shaming, or both,
10  including settlement agreements, negotiations, and other references to the same allegations. Second,
11  certain of the Confidential Exhibits contain Company Defendants' confidential and sensitive business
12  information, including information concerning their confidential internal investigation into the allegations
13  underlying this dispute. Third, some Confidential Exhibits are invoices from Company Defendants'
14  counsel that contain confidential information regarding attorney strategy and work product, and Company
15  Defendants' legal costs. Finally, the remainder of the Confidential Exhibits comprise transcripts and other
16  investigatory materials generated during the Massachusetts Gaming Commission's ("MGC")
17  investigation into the allegations underlying this dispute, which reference the same allegations of sexual
18  assault as described above and should be sealed to protect the credibility and effectiveness of the MGC's
19  deliberative process and investigation strategies and tactics.

20  ## I.    BACKGROUND

21      On December 5, 2023, Plaintiffs filed an Opposition to the Company Defendants' Motion for
22  Partial Summary Judgment on Alleged February 12, 2018 Corrective Disclosures (ECF 335, the
23  "Opposition"). Plaintiffs filed the Declaration of Murielle J. Steven Walsh (ECF 335-1, "Walsh Decl."),
24  which attached the Confidential Exhibits that Company Defendants have designated Confidential pursuant
25  to the protective order entered in this case. ECF 192. Pursuant to the November 1, 2021 Protective Order
26  (ECF 192), Plaintiffs moved to seal Exhibits 14–33, 36, and 41–48 to the Walsh Decl., along with related
27  portions of the Opposition because they "contain sensitive, private, and confidential information." ECF
28  337 at 3–4.

1    The Company Defendants joined Plaintiffs and requested that the Confidential Exhibits should

2  remain under seal. ECF 346. The Company Defendants also submitted the Declaration of Austin Norris

3  ("Norris Decl.") in support. *See* ECF 347.

4    The Court denied Plaintiffs' motion to seal, stating that "the existence of a protective order, alone,

5  does not justify the sealing of records" and "there has been no response from Defendants advancing other

6  arguments supporting the need to seal this information." ECF 412 at 1. The Court allowed the Company

7  Defendants "an opportunity to advance any such arguments" within 30 days. *Id.*

8  **II.    LEGAL STANDARD**

9    Generally, a party seeking to keep court records filed with a dispositive motion (e.g., a motion for

10 summary judgment) under seal must "articulate[] compelling reasons supported by specific factual

11 findings . . . that outweigh the general history of access and the public policies favoring disclosure, such

12 as the 'public interest in understanding the judicial process.'" *Kamakana v. City & Cnty. of Honolulu*, 447

13 F.3d 1172, 1178–79 (9th Cir. 2006) (internal citations omitted); *see also* ECF 412 at 2–3. The Court must

14 "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain

15 judicial records secret" and after "considering these interests, if the court decides to seal certain judicial

16 records, it must base its decision on a compelling reason and articulate the factual basis for its ruling,

17 without relying on hypothesis or conjecture." *Id.* at 1179 (internal citations omitted).

18    Compelling reasons sufficient to warrant sealing include "when such 'court files might have

19 become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public

20 scandal, circulate libelous statements, or release trade secrets." *Id.* (citing *Nixon v. Warner Commc'ns,

21 Inc.*, 435 U.S. 589, 598 (1978)). Whether a party has put forth sufficiently compelling reasons to justify

22 sealing is "left to the sound discretion of the trial court." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809

23 F.3d 1092, 1097 (9th Cir. 2016).

24 **III.    ARGUMENT**

25    There are compelling reasons to keep the contents of the Confidential Exhibits under seal. Each of

26 the Confidential Exhibits contain confidential and sensitive information that, if made public, could be used

27 to gratify public spite, promote public scandal, and/or release sensitive and proprietary business

28 information that could harm Company Defendants' competitive advantage. Courts routinely protect the

confidentiality of such information. This is especially true where, as here, the majority of the Confidential Exhibits are not probative of, or even relevant to, the issues in Company Defendants' Motion for Partial Summary Judgment or Plaintiffs' Opposition. And the Motion to Seal's requested relief is narrowly tailored because it is not feasible to redact the confidential and sensitive information, which is pervasive throughout the Confidential Exhibits. *See Harper v. Nevada Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1041 (D. Nev. 2021) (stating redaction is appropriate to "the extent any confidential information can be easily redacted while leaving meaningful information available to the public").

**Exhibits 14–25, 29–33, 36, 42, 44, and 46–48**: These exhibits contain sensitive, private, and confidential allegations of sexual assault that, if disclosed, would promote public scandal and subject the parties involved therein to possible harassment, public shaming, or both. Norris Decl. ¶¶ 2–13, 17–21, 22, 24, 26, 28–30. When the disclosure of sensitive and confidential material could "result in improper use of the material for scandalous or libelous purposes," sealing is justified. *E.E.O.C. v. Erection Co., Inc.*, 900 F.2d 168, 170 (9th Cir. 1990). Compelling reasons to seal are also present where the material, if disclosed, would "promote public scandal" or "circulate libelous statements." *Kamakana*, 447 F.3d at 1179. Media attention surrounding this litigation, and the allegations made herein, is already high. A Google search for "Wynn sexual assault" generates approximately 3.6 million results, nearly 200 of which are media reports. Norris Decl. ¶ 31. Disclosure of the specifics of these allegations will exacerbate media attention, promote scandal, and further disseminate allegations that are disputed in this litigation.

**Exhibits 22–25 and 27–29**: These exhibits are confidential settlement agreements and negotiations, or contain reference to the terms of confidential settlements agreements, which contain sensitive, private, and confidential allegations of sexual assault in addition to confidential settlement payments and terms. Norris Decl. ¶¶ 10–13, 15–17. While the "mere fact that the parties' settlement agreement may contain a confidentiality provision, without more, does not constitute a compelling reason to seal the information," courts also "recognize the general benefits of keeping settlement discussions and settlements confidential when feasible." *Harper*, 552 F. Supp. 3d at 1041; *see also United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 856–58 (2d Cir. 1998) (stating there is a "strong public policy which encourages the settlement of cases through a negotiated compromise," public disclosure of which would "result in no settlement discussions and no settlements"); *U.S. E.E.O.C. v. ABM Indus. Inc.*, 2010

WL 582049, at *1 (E.D. Cal. Feb. 12, 2010) (stating "the need for confidentiality of settlement negotiations is without dispute").

Publicly disclosing confidential settlement terms and negotiations would frustrate the purpose of entering into confidential settlement agreements in the first place and discourage future efforts to informally resolve litigation. That the settlement agreements and negotiations also contain sensitive and confidential information about allegations of sexual assault, as well as confidential business and financial information, are additional compelling reasons to maintain these exhibits under seal. *See Las Vegas Sands, Inc. v. Nat'l Union Fire Ins. Co.*, 2023 WL 6929303, at *2 (D. Nev. Oct. 19, 2023) (maintaining confidential settlement agreement under seal where it "contain[ed] sensitive and confidential financial and business information").

**Exhibits 27–28, 30, 36, 41–43, and 48**: These exhibits contain Company Defendants' confidential and sensitive business information, including information concerning their confidential internal investigation into the allegations underlying this dispute. Norris Decl. ¶¶ 15–16, 18, 22–25, 30. There is a compelling reason to limit the disclosure of "business information that might harm a litigant's competitive standing[.]" *Nixon*, 435 U.S. at 598; *see also Ctr. for Auto Safety*, 809 F.3d at 1097 (harm to party's competitive standing is a "compelling reason" sufficient to seal business information); *Hunt v. Zuffa*, LLC, 528 F. Supp. 3d 1180, 1188 (D. Nev. 2021) (finding compelling reasons justified sealing exhibit that "contains confidential business information, public disclosure of which could potentially damage the parties' competitive standing"). Further, the Company Defendants' confidential internal investigation processes, and the conclusions reached as a result thereof, are sensitive and proprietary, which is another compelling reason to keep this information under seal.[1] *See Amarin Pharma, Inc. v. W.-Ward Pharms. Int'l Ltd.*, 407 F. Supp. 3d 1103, 1118 (D. Nev. 2019) (compelling reason existed to seal business's "proprietary information"); *Tesla, Inc. v. Tripp*, 487 F. Supp. 3d 953, 975 (D. Nev. 2020) (same).

**Exhibits 26 and 27**: These exhibits are invoices from Company Defendants' counsel that contain confidential information regarding attorney strategy and work product, and Company Defendants' legal costs. Norris Decl. ¶¶ 14–15. Compelling reasons exist to justify sealing invoices describing the attorney's

[1] As discussed above, these exhibits also contain confidential and sensitive information concerning allegations of sexual assault.

work and corresponding fees. *See Las Vegas Sands, Inc.*, 2023 WL 6929303, at *2 (sealing "legal invoices from counsel . . . that contain sensitive and confidential financial and business information regarding the attorneys' privileged work product and Plaintiffs' legal costs incurred").

**Exhibits 14, 15, 17–21, and 31–32**: These exhibits are deposition and interview transcripts and other investigatory materials generated during the Massachusetts Gaming Commission's ("MGC") investigation into the allegations underlying this dispute. Norris Decl. ¶¶ 2–3, 5–9, 19–20. In addition to containing sensitive, private, and confidential information concerning allegations of sexual assault as described above, the Court should keep these exhibits under seal to protect the credibility and effectiveness of the MGC's deliberative process and investigation strategies and tactics. *See In re Granick*, 388 F. Supp. 3d 1107, 1121 (N.D. Cal. 2019) (sealing post-investigation warrant materials in part "to protect the significant governmental and individual interests implicated in those materials," including "concerns for protecting the integrity of investigations and public safety, and individual interests in safety, privacy, reputation and due process") (citing *United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1194 (9th Cir. 2011) (holding the public has only a "qualified common law right of access to warrant materials after an investigation has been terminated," which can be overcome by compelling reasons)).

## IV.    CONCLUSION

For the foregoing reasons, the Company Defendants respectfully request that their Motion be granted and that this Court enter an Order granting leave to maintain the Confidential Exhibits under seal. Alternatively, the Company Defendants request that the Court grant leave to redact the confidential and sensitive information in the Confidential Exhibits, and request 14 days to submit proposed redactions to the Court.

**THE COMPANY DEFENDANTS' MOTION TO SEAL**

1    DATED: August 26, 2024                    KIRKLAND & ELLIS LLP

2
                                              */s/ Mark C. Holscher*
3                                             _____
                                              Mark Holscher (*Pro Hac Vice*)
4                                             Austin Norris (*Pro Hac Vice*)
                                              Michael J. Shipley (*Pro Hac Vice*)
5                                             Edward Hillenbrand (*Pro Hac Vice*)
                                              KIRKLAND & ELLIS LLP
6                                             555 South Flower Street, Ste. 3700
                                              Los Angeles, California 90071
7                                             Telephone: 213.680.8190
                                              Facsimile: 213.808.8097
8                                             Email: mark.holscher@kirkland.com
                                                     austin.norris@kirkland.com
9                                                    michael.shipley@kirkland.com
                                                     edward.hillenbrand@kirkland.com
10
                                              Matthew Solum (*Pro Hac Vice*)
11                                            KIRKLAND & ELLIS LLP
                                              601 Lexington Avenue
12                                            New York, New York 10022-4611
                                              Telephone: 212.446.4688
13                                            Facsimile: 212.446.4900
                                              Email: matthew.solum@kirkland.com
14
                                              Patrick G. Byrne (Nevada Bar #7636)
15                                            Bradley T. Austin (Nevada Bar #13064)
                                              SNELL & WILMER L.L.P.
16                                            1700 South Pavilion Center Drive, Suite 700
                                              Las Vegas, Nevada 89135
17                                            Telephone: 702.784.5200
                                              Facsimile: 702.784.5252
18                                            Email: pbyrne@swlaw.com
                                                     baustin@swlaw.com
19
                                              *Attorneys for Defendants Wynn Resorts, Ltd.*
20                                            *and Matthew O. Maddox*

21

22

23

24

25

26

27

28

**THE COMPANY DEFENDANTS' MOTION TO SEAL**

**<u>CERTIFICATE OF SERVICE</u>**

On August 26, 2024, I served the foregoing document on all parties appearing in this case when filing said document through the court's PACER system with automatic e-service on all persons who have registered for e-service on PACER for this case.

*/s/ Laura Bay*
An employee of KIRKLAND & ELLIS LLP

**THE COMPANY DEFENDANTS' MOTION TO SEAL**