**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JOHN V. FERRIS, et al., | Case No. 2:18-cv-00479 |
| Plaintiffs, | **ORDER** |
| v. | |
| WYNN RESORTS LIMITED, et al., | |
| Defendants. | |

Defendants Wynn Resorts, Ltd. And Matthew Maddox (collectively, "Defendants") move for leave to file under seal Plaintiffs' unredacted Opposition to Defendants' Motion for Partial Summary Judgment as well as numerous exhibits attached to that Opposition.

Plaintiffs have not filed an Opposition. For the reasons below, Defendants' Motion to Seal is granted in part and denied in part.

**I.  ANALYSIS**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178–79 (alteration and internal quotation marks and citations omitted). Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179 (quotation omitted). However, avoiding a

1  litigant's embarrassment, incrimination, or exposure to further litigation will not, without more,
2  compel the court to seal its records. *Id.*

3  Defendants seek to seal the unredacted Opposition and attached exhibits for several
4  reasons. First, they argue that exhibits 14–25, 29–33, 36, 42, 44, and 46–48 contain confidential
5  information regarding allegations of sexual misconduct that could, if disclosed, promote public
6  scandal and subject the parties involved to possible harassment, public shaming, or both. Second,
7  they argue that exhibits 22–25 and 27–29 are confidential settlement agreements and negotiations
8  or contain reference to the terms of confidential settlement agreements, and that their disclosure
9  would undermine the public policy justifications for the existence of settlement agreements.
10 Third, they argue that exhibits 27–28, 30, 36, 41–43, and 48 contain Defendants' confidential and
11 sensitive business information, the disclosure of which would threaten Wynn Resorts'
12 competitive standing. Fourth, they argue that exhibits 26 and 27 contain confidential information
13 regarding attorney strategy and work products. And lastly, they argue that exhibits 14, 15, 17-21,
14 and 31–32 are materials generated during the Massachusetts Gaming Commission's ("MGC")
15 investigation into allegations against Steve Wynn and their disclosure would undermine the
16 ongoing credibility and effectiveness of the MGC's deliberative process and investigatory
17 strategies and tactics.

18  A. <u>Exhibits 14–25, 29-33, 36, 42, 44, and 46–48</u>

19  Defendants argue that the disclosure of the listed exhibits, which "contain sensitive,
20 private, and confidential allegations of sexual assault," would promote public scandal and subject
21 the parties involved to possible harassment or public shaming. As proof for this conclusion,
22 Defendants point to the already high public visibility of the allegations against Steve Wynn,
23 stating that a "Google search for 'Wynn sexual assault' generates approximately 3.6 million
24 results. . ." The Court reads the high visibility of the allegations against Mr. Wynn as suggesting
25 the opposite conclusion: that the disclosure of these exhibits would not do anything to
26 meaningfully intensify the scandal to which Defendants have already been subjected or to
27 generate any unique libelous statements. Apart from A.P., P.T., S.W., and A.P.—all named in
28

Exhibit 24 and whose names should be redacted—each of the individuals named in these exhibits are either current or former high-ranking employees of Wynn Resorts, Ltd. who have already been named in the widespread coverage of the allegations against Mr. Wynn. These exhibits do not suggest anything beyond what has already been alleged, which is that the listed individuals were aware of the allegations against Mr. Wynn before the publication of the Wall Street Journal's article (which reported those allegations in 2018).

While a relevant factor in determining whether to seal material is "whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes," *EEOC v. Erection Co.*, Inc., 900 F.2d 168, 170 (9th Cir. 1990) (citing *Valley Broadcasting Co. v. United States District Court,* 798 F.2d 1289, 1294 (9th Cir. 1986)), a successful moving party must still "articulate any specific harm created by the disclosure" of the documents which they are seeking to have sealed. *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019). Defendants have failed to articulate why disclosure of these materials would introduce any new dimension to the already widely published controversy. Thus, the specific articulation prong of the compelling reasons standard is not satisfied. It is strange to think that the involved parties would suffer public scandal when those parties have already been subjected to such, stemming from precisely the same allegations referenced in this material. Defendants' argument is ultimately conclusory and suggests no compelling reason for sealing which outweighs the presumption of public access. What's more, because the questions of who knew what and when about the allegations against Mr. Wynn are at the heart of Plaintiffs' suit, these exhibits are much more than tangentially related to the underlying cause of action.

For the foregoing reasons, Defendants' Motion to Seal these exhibits is denied. The Court will allow the redaction of the individuals identified above and any redactions that are currently in place. Defendants must re-file these exhibits with the proper redactions.

B.  <u>Exhibits 22–25 and 27–29</u>

Defendants argue that the listed exhibits should be sealed because they "are confidential settlement agreements and negotiations, or contain reference to the terms of confidential

settlement agreements, which contain sensitive, private, and confidential allegations of sexual assault in addition to confidential settlement payments and terms." As with the allegations against Mr. Wynn and his colleagues' knowledge of those allegations, the existence of each of these settlement agreements has already been made public, as have been the settlement amounts. Defendants have failed to articulate any reason why disclosure of these agreements in their heavily redacted form, which leaves in place little more information than the amount paid by Mr. Wynn to the other parties, would threaten any new harm or improper use. The public policy justifications for the existence of settlement agreements are not undermined by the disclosure of heavily redacted settlement agreements which are already known to exist and the specifics of which have been publicly reported.

However, because "courts recognize the general benefits of keeping settlement discussions and settlements confidential when feasible," *Harper v. Nevada Property 1, LLC*, 552 F.Supp. 3d 1033, 1041 (D. Nev. 2021), the significant redactions within the settlement agreements will remain in place. Material included in these exhibits which are not the settlement agreements themselves include both a complaint and emails which only serve to assist in the determination of facts central to this litigation, particularly the question of what Wynn Resorts Ltd. executives knew about the allegations against Mr. Wynn prior to February 2018.

For the foregoing reasons, Defendants' Motion to Seal these exhibits is denied, but the redactions may remain intact. Defendants must re-file these exhibits with the current redactions.

C.  <u>Exhibits 27–28, 30, 36, 41–43, and 48</u>

Defendants argue that the listed exhibits should be sealed because their disclosure would reveal sensitive business information that would threaten the competitive standing of Wynn Resorts Ltd. and also because they contain information about Defendants' confidential investigation processes. The Court recognizes nothing in these exhibits which "discusses information that constitutes nonpublic competitively technical" information or which could conceivably undermine Defendant's competitive standing, *Amarin Pharma, Inc. v. W.-Ward Pharms. Int'l Ltd.*, 407 F.Supp. 3d 1103, 1119 (D. Nev. 2019), nor do Defendants attempt to

highlight any specific examples of such. Any information contained within these exhibits beyond that which was either made public by Defendants themselves or otherwise constitutes standard business practice has been redacted. These redactions are appropriate, as the unredacted information—that is, the fact that the high-ranking employees named in the exhibits were dealing with allegations against Mr. Wynn on the dates reflected therein—is what makes the exhibits relevant to the immediate litigation.

For the foregoing reasons, Defendants' Motion to Seal these exhibits is denied, but the redactions may remain intact. Defendants must re-file these exhibits with the current redactions.

D. Exhibits 26 and 27

Defendants argue that these exhibits should be sealed because they "contain confidential information regarding attorney strategy and work product, and Company Defendants' legal costs." The case which Defendants rely on states that legal invoices from a party's attorney should be sealed if they "contain sensitive and confidential financial and business information regarding the attorneys' privileged work product and Plaintiffs' legal costs incurred." *Las Vegas Sands, Inc. v. Nat'l Union Fire Ins. Co.*, 2023 WL 6929303, at *2. This standard has been understood to cover information that would injure a party's competitive standing if disclosed or is "attorney-client privileged." *TriQuint Semiconductor, Inc. v. Avago Technologies, Ltd.*, 2011 WL 6182346, at *5.

These exhibits include legal invoices and a heavily redacted summary of a mediation session between an attorney for Wynn Resorts Ltd. and a former employee. While the Court sees nothing in this material which seems to disclose confidential information regarding attorney strategy, neither does it see anything which would meaningfully advance the public's ability to understand the underlying case. Therefore, Defendants' Motion to Seal these exhibits is granted.

E. Exhibits 14, 15, 17–21, and 31–32

Defendants argue that the listed exhibits should be sealed because "[i]n addition to containing sensitive, private, and confidential information concerning allegations of sexual assault," sealing them would "protect the credibility and effectiveness of the MGC's deliberative

process and investigation strategies and tactics." For reasons stated above, the fact that exhibits contain allegations of sexual assault is not a compelling reason to seal in this instance, so the Court's analysis shifts automatically to Defendants' second argument for sealing.

In the case Defendants cite for their support, the court denied a request to unseal post-investigation search warrant materials filed over a period of 13 years. *In re Granick*, 388 F. Supp. 3d 1107, 1119 (N.D. Cal. 2019). The court denied this request, explaining that the "broad reach of Petitioners' request for access" precluded the chance to "adequately protect the broad range of compelling interests of the government in the integrity of related criminal investigations and law enforcement techniques" prior to unsealing. *Id.* This is compared with the ruling in *Custer Battlefield Museum*, stating that "the public has a qualified common law right of access to warrant materials after an investigation has been terminated 'in a particular case,'" wherein "a strong presumption in favor of access" is present. *Id.* Notwithstanding the important differences between requesting to unseal warrant materials and requesting to seal materials in a regulatory investigation, the case before us is more analogous to the facts of *Custer Battlefield Museum* than those in *Granick*. In fact, ours is precisely the type of scenario which the court contrasted with the request in *Granick* when denying that motion: one involving materials in a particular investigation, rather than one involving "materials filed over a period of 13 years." *Id.* Therefore, the compelling reason to seal present in *Granick* is entirely missing here.

If there are any compelling reasons to seal investigatory materials after a regulatory committee's investigation has concluded and the result has been published in detail, the Defendants fail to name them in their Motion. *See generally* MASSACHUSETTS GAMING COMMISSION, DECISION AND ORDER IN THE MATTER OF WYNN MA, LLC, (2019). Likewise, Defendants give no specific or compelling reasons why these exhibits would undermine either the credibility or effectiveness of the MGC's deliberative processes or investigatory strategies. The exhibits include transcripts of depositions conducted with Mr. Wynn, Ms. Wynn, other high-level employees of Wynn Resorts Ltd. who are named in the MGC's published report, and a former employee who had made allegations against Mr. Wynn and whose name is redacted. In terms of

content, nothing in these exhibits would undermine MGC, who has already published the findings of their investigation; in terms of form, depositions cannot be considered an investigatory strategy or tactic unique to the MGC.

For the foregoing reasons, Defendants' Motion to Seal these exhibits is denied, but the redactions may remain intact. Defendants must re-file these exhibits with the current redactions.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that defendant Wynn Resorts Ltd.'s Motion to Seal is **DENIED** in part and **GRANTED** in part, consistent with this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to maintain ECF No. 338 under seal. Defendants are to re-file the exhibits listed above (which will not be sealed) with the proper redactions.

DATED this 11 day of September 2024.

BRENDA WEKSLER
UNITED STATES DISTRICT JUDGE