**Exhibit 1: Stipulation and Agreement of Settlement dated September 16, 2024**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN V. FERRIS and JOANN M. FERRIS, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:18-CV-00479-CDS-BNW |
| Plaintiffs, | |
| v. | |
| WYNN RESORTS LIMITED, et al., | |
| Defendants. | |

### STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of September 16, 2024 (the "Stipulation" or "Settlement"), is entered into between (a) Class Representatives John V. Ferris, JoAnn M. Ferris, and Jeffrey Larsen ("Plaintiffs"), individually and on behalf of all members of the certified Class, and (b) Defendants Wynn Resorts, Ltd. ("Wynn Resorts"), Matthew O. Maddox, Stephen A. Wynn, Stephen Cootey, and Kimmarie Sinatra (collectively, "Defendants") (together with Plaintiffs, the "Parties"). The Stipulation embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein against Defendants.

WHEREAS:

A.    On February 20, 2018, this Action was commenced in the United States District Court for the Southern District of New York, styled *Ferris, et al. v. Wynn Resorts Limited, et al.*, No. 2:18-cv-00479-GMN-CWH. ECF No. 1.

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

{00629006;1 }

B.      By Order dated March 13, 2018, this Action was transferred to the District of Nevada. ECF No. 15.

C.      By Order dated December 4, 2018, the Court appointed John V. Ferris and Joann M. Ferris as Lead Plaintiffs and appointed Pomerantz LLP as Lead Counsel and Muehlbauer Law Office, LTD. as liaison counsel. ECF No. 45.

D.      On July 1, 2020, Plaintiffs filed the operative amended complaint, the Second Amended Class Action Complaint (the "Complaint"). ECF No. 122. The Complaint named as defendants the Defendants defined herein, as well as former defendants Craig Scott Billings, John J. Hagenbuch, Robert J. Miller, Patricia Mulroy, Clark T. Randt Jr., Alvin V. Shoemaker, Daniel B. Wayson, Jay L. Johnson, Ray R. Irani, and J. Edward Virtue ("Former Defendants").

E.      On August 14, 2020, Defendants and Former Defendants moved to dismiss the Complaint. ECF Nos. 125, 128, 130, 132.

F.      After full briefing, on July 28, 2021, the Court entered an Order granting in part the motions to dismiss. ECF No. 171. The Order dismissed all Former Defendants.

G.      Thereafter, on August 31, 2021, Defendants answered the Complaint. ECF No. 176, 177, 178, 179.

H.      By Order dated October 4, 2021, the Court bifurcated discovery, with Phase one discovery limited to issues concerning Class Certification and Phase two discovery pertaining to merits discovery. ECF No. 184.

I.      On July 18, 2022, Plaintiffs moved for class certification. ECF No. 241. On March 1, 2023, after full briefing, the Court certified the Class, appointed Plaintiffs as class representatives, and appointed Pomerantz LLP as class counsel and Muehlbauer Law as local/liaison counsel.

J.      By Order dated October 20, 2023, the Court approved the program and schedule for notice to the Class of this pending class action, including Plaintiffs' proposed Notice of Pendency of Class Action and Summary Notice of Pendency of Class Action.

{00629006;1 }

STIPULATION AND AGREEMENT OF SETTLEMENT
2:18-cv-00479-CDS-BNW

2

K.    On November 14, 2023, Defendants Wynn Resorts and Maddox moved for partial summary judgment on the February 12, 2018 corrective disclosures (ECF No. 314), which Defendants Sinatra, Cootey, and Mr. Wynn joined. ECF Nos. 324, 325, 326.

L.    After full briefing, on May 29, 2024, the Court entered an Order denying Defendants' motion for partial summary judgment without prejudice and granting Plaintiffs' request for relief under Fed. R. Civ. P. 56(d). ECF No. 375.

M.    Throughout the pendency of this Action, the Parties have engaged in multiple attempts to mediate this dispute before private mediator Gregory P. Lindstrom, including two full-day in-person mediation sessions on September 18, 2023 and August 14, 2024, as well as numerous phone calls. The August 14, 2024 mediation session resulted in an agreement in principle to settle the Action for $70,000,000 for the benefit of the Class, subject to certain terms and conditions and the execution of a customary stipulation and agreement of settlement and related papers.

N.    This Stipulation constitutes a compromise of matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of, any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity that Defendants have, or could have, asserted. Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit. Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed, and prosecuted by Plaintiffs in good faith and defended by

{00629006;1 }

Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate, and reasonable.

NOW, THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of the Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.    As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

a.    "Action" means the securities class action styled, *Ferris, et al. v. Wynn Resorts Limited, et al.*, No. 2:18-cv-00479-CDS-BNW (D. Nev.).

b.    "Authorized Claimant" means a Class Member who submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

c.    "Claims Administrator" means, subject to Court approval, JND Legal Administration, the previously appointed Notice Administrator (ECF No. 311), and the firm retained by Plaintiffs and Lead Counsel to administer the Settlement.

d.    "Claim" means Proof of Claim Form submitted to the Claims Administrator.

e.    "Claim Form" or "Proof of Claim Form" means the form attached hereto as Exhibit A-2, or in such other form as may be approved in writing by all of the Parties acting by and through their respective counsel of record in the Action and approved by the Court, that a

{00629006;1 }

1  Claimant or Class Member must complete and submit should that Claimant or Class Member seek
2  to share in the distribution of the Net Settlement Fund.

3          f.      "Class" means all individuals and entities that purchased or otherwise
4  acquired Wynn Resorts securities between March 28, 2016 and February 12, 2018, inclusive (the
5  "Class Period"), and who were damaged thereby. Excluded from the Class are Defendants, the
6  officers and directors of the Company at all relevant times, members of their immediate families
7  and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants
8  have or had a controlling interest. Also excluded from the Class are the persons and entities who
9  requested exclusion from the Class in connection with the mailing of the Class Notice. *See* ECF
10  Nos. 364, ¶ 5 & 364-1. The Parties will request that there will be no additional opportunity to
11  request exclusion from the Class.

12          g.      "Class Distribution Order" means an order entered by the Court authorizing
13  and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized
14  Claimants.

15          h.      "Class Member" means each person and entity who or which is a member
16  of the Class.

17          i.      "Class Notice" means the Notice of Pendency of Class Action disseminated
18  to Class Members in accordance with the Court's October 20, 2023 Order Establishing Program
19  and Schedule for Class Notice (ECF No. 311).

20          j.      "Class Period" means the period between March 28, 2016 and February 12,
21  2018, inclusive.

22          k.      "Complaint" means the Second Amended Class Action Complaint filed on
23  July 1, 2020.

24          l.      "Court" means the United States District Court for the District of Nevada.

25          m.      "Defendants" means Wynn Resorts, Matthew O. Maddox, Stephen A.
26  Wynn, Stephen Cootey, and Kimmarie Sinatra.

27  {00629006;1 }

STIPULATION AND AGREEMENT OF SETTLEMENT
2:18-cv-00479-CDS-BNW

28        5

n.      "Defendants' Counsel" means (a) counsel for Wynn Resorts and Mr. Maddox: Kirkland & Ellis LLP and Snell & Wilmer L.L.P; (b) counsel for Ms. Sinatra: Orrick Herrington & Sutcliffe LLP and Garman Turner Gordon; (c) counsel for Mr. Cootey: McNutt Law Firm, P.C.; and (d) counsel for Mr. Wynn: Bird, Marella, Rhow, Lincenberg, Drooks & Nessim, LLP and Campbell & Williams.

o.      "Defendants' Releasees" means Defendants and Former Defendants, and each of their current and former employers, officers, directors, employees, agents, servants, representatives, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, advisors, auditors, attorneys, underwriters, insurers, and reinsurers, and each of their respective heirs, executors, administrators, successors and assigns, including but not limited to Wynn Resorts and any of its subsidiaries.

p.      "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 36 of this Stipulation have been met and have occurred or have been waived.

q.      "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

r.      "Final" with respect to the Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial

{00629006;1 }

review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, expenses, or awards to Plaintiffs; (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified); or (iii) the procedures for determining Authorized Claimants' recognized claims, or distributions of the Net Settlement Fund to Authorized Claimants, shall not in any way delay or preclude a judgment from becoming Final.

       s.    "Former Defendants" means Craig S. Billings, John J. Hagenbuch, Patricia Mulroy, Clark T. Randt, Jr., Alvin V. Shoemaker, Daniel B. Wayson, Jay L. Johnson, Ray R. Irani, and J. Edward Virtue.

       t.    "Immediate Family Member" means any children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law, and any other persons (other than a tenant or employee) sharing the household. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

       u.    "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

       v.    "Lead Counsel" or "Class Counsel" means Pomerantz LLP.

       w.    "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the reimbursement of time, costs, and expenses of Plaintiffs directly related to their representation of the Class), for which Lead Counsel intend to apply to the Court for payment from the Settlement Fund.

       x.    "Mediator" means Gregory P. Lindstrom.

       y.    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any awards to Plaintiffs approved by the Court.

{00629006;1 }

1    z.    "Notice and Administration Costs" means the costs, fees and expenses that

2  are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing

3  notices to the Class (including the Class Notice and notice of the Settlement); and

4  (ii) administering the Settlement, including but not limited to the Claims process, as well as the

5  costs, fees and expenses incurred in connection with the Escrow Account.

6    aa.    "Parties" means Plaintiffs, on behalf of themselves and the Class, and

7  Defendants.

8    bb.    "Plaintiffs" or "Class Representatives" means John V. Ferris, JoAnn M.

9  Ferris, and Jeffrey Larsen.

10    cc.    "Plaintiffs' Counsel" means Lead Counsel and all other legal counsel who,

11  at the direction and under the supervision of Lead Counsel, approved by the Court, performed

12  services on behalf of the Class in the Action, including liaison counsel, Muehlbauer Law Office,

13  LTD., and additional counsel for Plaintiffs, the Rosen Law Firm, P.A.

14    dd.    "Plaintiffs' Releasees" means (i) Plaintiffs, Plaintiffs' Counsel, the Class

15  Members, and (ii) Plaintiffs' and the Class Members' Immediate Family members, and their

16  respective general partners, limited partners, principals, shareholders, joint venturers, members,

17  officers, directors, managers, managing directors, supervisors, employees, contractors,

18  consultants, experts, auditors, accountants, financial advisors, professional advisors, investment

19  bankers, representatives, insurers, trustees, trustors, agents, attorneys, legal representatives,

20  professionals, predecessors, successors, assigns, heirs, executors, administrators, affiliated persons

21  and entities, sponsors, parents, subsidiaries, beneficiaries, and any controlling person thereof, all

22  in their capacities as such.

23    ee.    "Plan of Allocation" means the proposed plan of allocation of the Net

24  Settlement Fund set forth in the Notice.

{00629006;1 }

STIPULATION AND AGREEMENT OF SETTLEMENT
2:18-cv-00479-CDS-BNW

8

ff.    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

gg.    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 and 15 U.S.C. § 77z-1, as amended.

hh.    "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

ii.    "Released Defendants' Claims" means all claims and causes of action of every nature and description whatsoever in law, equity, or otherwise, rights, liabilities, suits, debts, obligations, demands, damages, losses, judgments, matters, and issues, whether known claims or unknown claims, whether arising under federal, state, local, statutory, common or foreign law, whether accrued or unaccrued, fixed or contingent, liquidated or unliquidated, direct or indirect, that arise out of or relate to the institution, prosecution, or settlement of the Action against Defendants, including attorneys' fees and costs. Released Defendants' Claims do not include: (i) any claims related to the enforcement of the Settlement; (ii) any claims against any person or entity who submitted a valid request for exclusion in connection with the Class Notice;[2] or (iii) if and only if the Court permits a second opportunity for Class Members to request exclusion from the Class, any claims against any person or entity that submits a request for exclusion from the Class in connection with the Settlement Notice that is accepted by the Court (the "Excluded Defendants' Claims").

jj.    "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description whatsoever in law, equity, or otherwise, rights, liabilities, suits, debts, obligations, demands, damages, losses, judgments, matters, and issues, whether known claims or

---

[2] For the avoidance of doubt, nothing in this Stipulation or Settlement affects any defenses that Defendants or their Releasees could assert in response to any claim brought by any person or entity who submitted or submits a valid request for exclusion from the Class.

{00629006;1 }

STIPULATION AND AGREEMENT OF SETTLEMENT
2:18-cv-00479-CDS-BNW

9

unknown claims, whether arising under federal, state, local, statutory, common or foreign law, whether accrued or unaccrued, fixed or contingent, liquidated or unliquidated, direct or indirect, that (a) Plaintiffs or the Class Members asserted in the operative Complaint, or (b) could have been asserted in any forum that arise out of, relate to, or are based upon the purchase, acquisition, sale, disposition, or holding of Wynn Resorts securities during the Class Period. Released Plaintiffs' Claims do not include: (i) any claims asserted by any person or entity who requested exclusion from the Class in connection with the Class Notice; (ii) if and only if the Court permits a second opportunity for Class Members to request exclusion from the Class, any claims of any person or entity that submits a request for exclusion from the Class in connection with the Settlement Notice that is accepted by the Court; or (iii) any claims related to the enforcement of the Settlement (the "Excluded Plaintiffs' Claims").

kk.    "Releasee(s)" means Defendants' Releasees and Plaintiffs' Releasees.

ll.    "Settlement" means the settlement between Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

mm.    "Settlement Amount" means $70,000,000.

nn.    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

oo.    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

pp.    "Settlement Notice" means the Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit A-1, which is to be disseminated to Class Members as set forth in the Preliminary Approval Order.

qq.    "Summary Settlement Notice" means the Summary Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees

{00629006;1 }

STIPULATION AND AGREEMENT OF SETTLEMENT
2:18-cv-00479-CDS-BNW

10

1  and Litigation Expenses, substantially in the form attached hereto as Exhibit A-3, to be published

2  as set forth in the Preliminary Approval Order.

3            rr.    "Taxes" means: (i) all federal, state and/or local taxes of any kind (including

4  any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses

5  and costs incurred by Lead Counsel in connection with determining the amount of, and paying,

6  any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys

7  and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including

8  withholding taxes.

9            ss.    "Unknown Claims" means any Released Plaintiffs' Claims that Plaintiffs or

10 any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the

11 release of such claims, and any Released Defendants' Claims which any Defendant or any other

12 Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the

13 release of such claims, which if known by him, her, or it, might have affected his, her, or its

14 decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties

15 stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall

16 expressly waive, and each Class Member and each other Plaintiffs' Releasees and Defendants'

17 Releasees shall be deemed to have waived, and by operation of the Judgment, shall have expressly

18 waived, any and all provisions, rights, and benefits conferred by any law of any state or territory

19 of the United States, or principle of common law or foreign law, which is similar, comparable, or

20 equivalent to California Civil Code § 1542, which provides:

21       **A general release does not extend to claims that the creditor or releasing party
22       does not know or suspect to exist in his or her favor at the time of executing
         the release and that, if known by him or her, would have materially affected
23       his or her settlement with the debtor or released party.**

24 Plaintiffs and Defendants acknowledge that they may hereafter discover facts in addition to or

25 different from those which they or their counsel now know or believe to be true with respect to the

26 subject matter of the Released Claims, but Plaintiffs and Defendants shall expressly settle and

27 {00629006;1 }

STIPULATION AND AGREEMENT OF SETTLEMENT
2:18-cv-00479-CDS-BNW

28                                          11

release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment, shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now exiting or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and each of the Class Members and each of the other Plaintiffs' Releasees and Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and constitutes a key element of the Settlement.

   tt.    "Wynn Resorts" means Wynn Resorts, Ltd.

   uu.    "Wynn Resorts Securities" means Wynn Resorts common stock.

### PRELIMINARY APPROVAL OF SETTLEMENT

2.     The Parties shall execute this Stipulation no later than September 16, 2024, at which time Plaintiffs will move for preliminary approval of the Settlement and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants subject to their prior review and comment. Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

3.     In connection with the motion for preliminary approval of the Settlement, the Parties will jointly request that the Court not permit a second opportunity for Class Members to request exclusion from the Class. The Settlement, however, is not contingent on the Court's decision regarding whether or not a second opportunity to request exclusion from the Class shall be permitted.

{00629006;1 }

## **RELEASE OF CLAIMS**

4.     The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the releases provided for herein.

5.     Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents in their capacities as such, shall be deemed to have, and by operation of this Stipulation, law, and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of Defendants' Releasees. This Release shall not apply to any of the Excluded Plaintiffs' Claims.

6.     Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents in their capacities as such, shall be deemed to have, and by operation of this Stipulation, law, and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of Plaintiffs' Releasees. This Release shall not apply to any of the Excluded Defendants' Claims.

7.     Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, each Defendant, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents in their capacities as such, shall be deemed to have, and by operation of this Stipulation, law, and

{00629006;1 }

of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged against the other Defendants and their respective current and former employers, officers, directors, employees, agents, servants, representatives, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, advisors, auditors, attorneys, and each of their respective heirs, executors, administrators, successors and assigns, including but not limited to Wynn Resorts and any of its subsidiaries, any and all claims and causes of action of every nature and description whatsoever in law, equity, or otherwise, rights, liabilities, suits, debts, obligations, demands, damages, losses, judgments, matters, and issues, whether known claims or unknown claims, whether arising under federal, state, local, statutory, common or foreign law, whether accrued or unaccrued, fixed or contingent, liquidated or unliquidated, direct or indirect, that arise out of or relate in any way to the Action, the prosecution or defense of the Action, or the settlement of the Action, including attorneys' fees and costs. This Release shall not apply to any of the Excluded Defendants' Claims.

8.    Notwithstanding ¶¶ 5–7 above, nothing in the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or Judgment.

9.    The Judgment shall, among other things, provide for the dismissal with prejudice of the Action against the Defendants, without costs to any Party, except for the payments expressly provided for herein.

## CONTRIBUTION BAR ORDER

10.    The Parties shall request that the Court enter a Contribution Bar Order in the Final Order and Judgment as follows: To the fullest extent permitted by law, any and all claims for contribution or indemnity, however denominated, based upon or arising out of the Action (a) by any person or entity against any of Defendants' Releasees, or (b) by any of Defendants' Releasees against any other person or entity, other than a person or entity whose liability has been extinguished by the Settlement, are permanently barred, extinguished, and discharged to the fullest

{00629006;1 }

STIPULATION AND AGREEMENT OF SETTLEMENT
2:18-cv-00479-CDS-BNW

14

extent permitted by law (the "Bar Order"); provided, however, the Bar Order shall not release any of Excluded Defendants' Claims or Excluded Plaintiffs' Claims.

## THE SETTLEMENT CONSIDERATION

11.     In consideration of the Settlement and the release of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Defendants and/or their insurers shall cause the Settlement Amount to be deposited into the Escrow Account within thirty (30) calendar days of Preliminary Approval of the Settlement, provided that Lead Counsel has submitted to Defendants' Counsel both wire instructions, including bank name and address, account name and number, SWIFT Code, and any other payment information that may be reasonably requested (and verbal confirmation of such instructions from an authorized representative of payee, whose contact information shall be provided) and a Form W-9 with a tax identification number for the Escrow Account. The Settlement Amount represents the entirety of Defendants' financial obligations under this Stipulation and in connection with this Settlement, and any claim for attorneys' fees, reimbursement of Litigation Expenses, awards to Plaintiffs, and all Notice and Administration Costs (except for payment for the CAFA notice as discussed in ¶ 44) shall be paid from the Settlement Amount. Except for payment for the CAFA notice as discussed in ¶ 44, under no circumstances will Defendants or any of their insurers be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation and the Settlement for any reason whatsoever, including, without limitation, as compensation to any Settlement Class Member, as payment of attorneys' fees and expenses awarded by the Court, in payment of any fees or expenses incurred by any Class Member or Plaintiffs' counsel, or as interest on the Settlement Amount of any kind and relating to any time period (including prior to the payment of the Settlement Amount into the Escrow Account).

## USE OF SETTLEMENT FUND

12.     Subject to the terms and conditions of this Stipulation and the Settlement, the Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs

{00629006;1 }

STIPULATION AND AGREEMENT OF SETTLEMENT
2:18-cv-00479-CDS-BNW

15

(except for payment for the CAFA notice as discussed in ¶ 44); (c) any attorneys' fees and Litigation Expenses awarded by the Court; and (d) any awards to Plaintiffs approved by the Court. The balance remaining in the Settlement Fund (the Net Settlement Fund) shall be distributed to Authorized Claimants as provided below, or as otherwise ordered by the Court.

13.    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills or other instruments secured by the full faith and credit of the United States (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully invested by the FDIC or backed by the full faith and credit of the United States.

14.    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the Settlement Fund within

the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

15.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants' Releasees shall have no responsibility or liability for the acts or omissions of the Claims Administrator, the Escrow Agent, Lead Counsel, or their agents with respect to the payment of Taxes, as described herein.

16.     The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

17.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, Notice and Administration Costs actually incurred and paid or payable, which shall not exceed $500,000. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Settlement Notice, publishing the Summary Settlement Notice, reimbursements to nominee owners for forwarding the Settlement Notice to

{00629006;1 }

STIPULATION AND AGREEMENT OF SETTLEMENT
2:18-cv-00479-CDS-BNW

their beneficial owners, costs associated with the Class Notice and maintaining the notice website, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to any of the Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES, LITIGATION EXPENSES, AND PLAINTIFF AWARDS

18.    Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid solely from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for payment of Litigation Expenses, which may include a request for reimbursement of time, costs, and expenses of Plaintiffs directly related to their representation of the Class, to be paid from (and out of) the Settlement Fund. Lead Counsel's application for attorneys' fees and Litigation Expenses is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation. The Court's consideration of Lead Counsel's application for attorneys' fees and Litigation Expenses shall be independent of its consideration of the fairness, reasonableness, and adequacy of the Settlement, and the effectiveness of the Settlement shall not depend on the amount of attorneys' fees and/or Litigation Expenses awarded.

19.    Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel upon final approval of the Settlement by the Court, notwithstanding the existence of any timely filed objections thereto or any appeals that may be taken, subject to the joint and several obligation of all counsel who receive any award of attorneys' fees and costs to make full refunds or repayments to the Escrow Account plus interest earned thereon if the award is lowered or the Settlement is disapproved by a final order not subject to further review. An award of attorneys' fees or Litigation Expenses is not a necessary term of this Stipulation and is not a

{00629006;1 }

condition of the Settlement embodied herein. Neither Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees or Litigation Expenses.

20.    Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the payment, allocation, or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Settlement Fund in the Escrow Account.

### SETTLEMENT NOTICE AND ADMINISTRATION

21.    As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including, but not limited to the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. None of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Class Members, or Lead Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

22.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail or email the Settlement Notice and Proof of Claim Form to those members of the Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

{00629006;1 }

STIPULATION AND AGREEMENT OF SETTLEMENT
2:18-cv-00479-CDS-BNW

19

23.    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized claim compared to the total recognized claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

24.    The Plan of Allocation proposed in the Settlement Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation must be approved by the Court. Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

25.    Any Class Member who does not submit a valid Claim Form by the deadline set by the Court (unless and to the extent the deadline is extended by the Court) will not be entitled to receive any distribution from the Net Settlement Fund, but will, nevertheless, upon the occurrence of the Effective Date, be bound by all of the terms of this Stipulation and Settlement (including the terms of the Judgment) and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any of the Defendants or any of the other Defendants' Releasees with respect to the Released Plaintiffs' Claims.

26.    Any Class Member who or which has not timely and validly requested exclusion from the Class in connection with Class Notice (or, if, and only if, the Court permits a second opportunity for Class Members to request exclusion from the Class, has not timely and validly requested exclusion from the Class in connection with the Settlement Notice): (a) shall be deemed

{00629006;1 }

to have waived his, her, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of this Stipulation, the Settlement, and all proceedings, determinations, orders, and judgments in the Action relating to the Settlement, including, but not limited to, the Judgment and the releases provided for therein, whether favorable or unfavorable to the Class; and (d) shall be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

27.    Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Class Member. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit

{00629006;1 }

STIPULATION AND AGREEMENT OF SETTLEMENT
2:18-cv-00479-CDS-BNW

21

organization(s), to be recommended by Lead Counsel and approved by the Court, or as otherwise ordered by the Court.

28. The Net Settlement Fund shall be distributed to Authorized Claimants only after the later of the Effective Date; the Court having approved a plan of allocation in an order that has become Final; and the Court issuing a Class Distribution Order that has become Final.

29. For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a. Each Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit A-2, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

b. All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Settlement Notice. Any Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with

{00629006;1 }

STIPULATION AND AGREEMENT OF SETTLEMENT
2:18-cv-00479-CDS-BNW

22

the instructions thereon. In all other cases, including online submission via the Settlement website, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

c.    Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

d.    Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

e.    If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall

{00629006;1 }

STIPULATION AND AGREEMENT OF SETTLEMENT
2:18-cv-00479-CDS-BNW

23

1    thereafter present the request for review to the Court, on reasonable notice

2    to Defendants' Counsel.

3    30.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court

4    with respect to the Claimant's Claim, and the Claim will be subject to reasonable investigation to

5    the extent necessary to determine Claimant's status as a Class Member and the validity and amount

6    of the Claimant's Claim. No investigation shall be allowed on the merits of this Action or of the

7    Settlement in connection with the processing of Claim Forms.

8    31.    Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class

9    Distribution Order: (a) approving the Claims Administrator's administrative determinations

10    concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any

11    administration fees and expenses associated with the administration of the Settlement from the

12    Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net

13    Settlement Fund to Authorized Claimants from the Escrow Account.

14    32.    Payment pursuant to the Class Distribution Order shall be final and conclusive

15    against all Class Members. All Class Members who do not submit a Claim or whose Claims are

16    not approved by the Court for payment shall be barred from participating in distributions from the

17    Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the

18    Settlement, including the terms of the Judgment to be entered in this Action and the releases

19    provided for herein and therein, and will be permanently barred and enjoined from bringing any

20    action against any and all Defendants' Releasees with respect to any and all of the Released

21    Plaintiffs' Claims.

22    33.    No Claimant or Class Member shall have any claim against Plaintiffs, Plaintiffs'

23    Counsel, Defendants' Counsel, any Parties' experts, the Claims Administrator (or any other agent

24    designated by Lead Counsel), or Defendants' Releasees based on any investments, costs, expenses,

25    administration, allocations, calculation, payments, the withholding of taxes (including interest and

26    penalties) owed by the Settlement Fund (or any losses incurred in connection therewith), or

27    {00629006;1 }

28

distributions that are made substantially in accordance with this Stipulation and the Settlement, the plan of allocation approved by the Court, or further orders of the Court.

34.    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

**TERMS OF THE JUDGMENT**

35.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

36.    The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

    a.   the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2 above;

    b.   the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 11 above;

    c.   the time for Defendants and Plaintiffs to exercise their option to terminate the Settlement pursuant to the provisions of this Stipulation has expired or otherwise been waived; and

    d.   the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final.

{00629006;1 }

STIPULATION AND AGREEMENT OF SETTLEMENT
2:18-cv-CDS-BNW

25

37.     Upon the occurrence of all of the events referenced in ¶ 36 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the releases herein shall be effective.

38.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

    a.  The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

    b.  Plaintiffs and Defendants shall revert to their respective positions in the Action as of August 22, 2024.

    c.  The terms and provisions of this Stipulation, with the exception of this ¶ 38 and ¶¶ 17, 19, 45, and 62, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

    d.  Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 19 above), less any expenses and any costs which have either been disbursed or incurred and chargeable to Notice and Administration Costs and less any Taxes paid, or due or owing, shall be refunded by the Escrow Agent to Defendants pursuant to Defendants' instructions, to be provided in the event of a termination. In the event that the funds received by Lead Counsel consistent with ¶ 19 have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent

to Defendants pursuant to Defendants' instructions, to be provided in the event of a termination, immediately upon those funds' deposit into the Escrow Account consistent with ¶ 19 above.

39.    It is further stipulated and agreed that Plaintiffs and Defendants shall each have the right, but not the obligation, to terminate the Settlement and this Stipulation, by providing written notice of their election to do so (the "Termination Notice") to the other Parties to this Stipulation within ten (10) calendar days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; or (d) the date upon which the Judgment is modified or reversed in any material respect. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation, shall not be considered material to the Settlement, shall not affect the finality of any Judgment, and shall not be grounds for termination of the Settlement.

40.    In addition to the grounds set forth in ¶ 39 above, if and only if the Court permits a second opportunity for Class Members to request exclusion from the Class, and such Class Members file with the Court valid and timely requests for exclusion from the Class in accordance with the Preliminary Approval Order, and such Persons in the aggregate have purchased or otherwise acquired Wynn Resorts Securities in an amount that equals or exceeds the sum specified in a separate confidential supplemental agreement between the Parties (the "Supplemental Agreement"), Defendants shall have the option, at their sole discretion, to terminate this Stipulation and render it null and void in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement, which is being executed concurrently herewith, is confidential and shall not be filed with the Court unless the Court orders disclosure of the Supplemental Agreement or some or all of its contents. If ordered by the Court, the Supplemental Agreement and/or any of its terms may be disclosed to the Court *in camera* for the

{00629006;1 }

1   purposes of approval of the Settlement, but such disclosure shall be carried out to the fullest extent

2   possible in accordance with the practices of the Court so as to preserve the confidentiality of the

3   terms of the Supplemental Agreement. In the event that the Court orders the Supplemental

4   Agreement or some or all of its contents to be publicly disclosed, including in the Settlement

5   Notice and/or filed with the Court, all terms of the Supplemental Agreement other than those

6   relating to the confidentiality shall remain in full force and effect, and any such order by the Court

7   for disclosure of the Supplemental Agreement or some or all of its contents shall not constitute a

8   basis for any Party to void the Settlement. In the event of a termination of this Settlement pursuant

9   to the Supplemental Agreement, this Stipulation ad Settlement shall become null and void and of

10  no further force and effect, except that the provisions of ¶ 38 above shall survive termination.

### NO ADMISSION OF WRONGDOING

12       41.     This Stipulation (whether or not consummated), including the exhibits hereto and

13  the Plan of Allocation contained therein (or any other plan of allocation that may be approved by

14  the Court), the Judgment, the Supplemental Agreement, the negotiations leading to the execution

15  of this Stipulation, and any proceedings taken pursuant to or in connection with this Stipulation or

16  approval of the Settlement (including any arguments proffered in connection therewith) shall not

17  be:

18       a.   offered against any of the Defendants' Releasees as evidence of, or construed as,

19           or deemed to be evidence of any presumption, concession, or admission by any of

20           the Defendants' Releasees with respect to (a) the truth of any fact alleged by

21           Plaintiffs; (b) the validity of any claim that was or could have been asserted in this

22           Action or in any other litigation; (c) the deficiency of any defense that has been or

23           could have been asserted in this Action or in any other litigation; or (d) any liability,

24           negligence, fault, or other wrongdoing of any kind of any of the Defendants'

25           Releasees; or (ii) in any way referred to for any other reason against any of the

26           Defendants' Releasees, in any civil, criminal, or administrative action or

{00629006;1 }

STIPULATION AND AGREEMENT OF SETTLEMENT
2:18-cv-00479-CDS-BNW

28

proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

b.  offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees (a) that any of their claims are without merit, that any of the Defendants had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or (b) with respect to any liability, negligence, fault or wrongdoing of any kind; or (ii) in any way referred to for any other reason against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

c.  shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## **DISPUTE RESOLUTION**

42.    If any disputes arise out of the finalization of the Settlement documentation or the Settlement itself prior to Lead Plaintiff filing a motion for preliminary approval of the Settlement, those disputes (after good faith attempts at resolution between the Parties) will be resolved by the Mediator, first by way of expedited telephonic mediation and, if unsuccessful, then by final, binding, non-appealable arbitration by the Mediator. The Parties shall each bear their own costs and expenses in connection with any mediation proceedings set forth herein.

{00629006;1 }

STIPULATION AND AGREEMENT OF SETTLEMENT
2:18-cv-00479-CDS-BNW

**MISCELLANEOUS PROVISIONS**

43.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

44.    As set forth in the Class Action Fairness Act of 2005 ("CAFA"), Defendants shall timely serve a CAFA notice within fourteen (14) calendar days of the filing of this Stipulation with the Court. Defendants shall be responsible for all costs and expenses related thereto. At least four (4) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel proof of compliance with the notice requirements of CAFA. The parties agree that any delay by Defendants in timely serving the CAFA notice will not provide grounds for delay of the Settlement Hearing or entry of the Judgment.

45.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Class Members against Defendants' Releasees with respect to the Released Plaintiffs' Claims. Accordingly, except in the event of the termination of this Settlement, Plaintiffs and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

{00629006;1 }

46. Defendants retain their right to deny that the claims asserted in the Action were meritorious and to deny any wrongdoing. Plaintiffs retain their right to assert that their claims in the Action were meritorious. However, in any statement made on a website, social media, to the public, or to any media representative (whether or not for attribution), Defendants and their counsel will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. Similarly, in any statement made on a website, social media, to the public, or to any media representative (whether or not for attribution), Plaintiffs and their counsel will not assert that Defendants' defenses were asserted in bad faith, nor will they deny that Defendants defended the Action in good faith and that the Action is being settled voluntarily after consultation with competent legal counsel. None of the Parties, nor any of the Parties' respective attorneys or representatives, shall issue any press release or make any other public statement which disparages any Party or accuses any Party of any wrongdoing.

47. The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Plaintiffs and Defendants (or their successors-in-interest).

48. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

49. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel, and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

50. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

{00629006;1 }

51.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement between Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto that preempt or conflict with this Stipulation, its exhibits, or the Supplemental Agreement.

52.     This Stipulation may be executed in one or more counterparts and exchanged among the parties by facsimile or email of the .pdf or .tif image of the signature. The signatures so transmitted shall be given the same effect as the original signatures.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

53.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

54.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate it shall be governed by the internal laws of the State of Nevada without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

55.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in this Court.

56.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

57.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

{00629006;1 }

STIPULATION AND AGREEMENT OF SETTLEMENT
2:18-cv-00479-CDS-BNW

32

58. Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

59. If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt. Notice shall be provided as follows:

| | |
|---|---|
| If to Plaintiffs or Lead Counsel: | **POMERANTZ LLP**<br>Attn: Jeremy Lieberman<br>    Murielle Steven Walsh<br>600 Third Avenue, 20th Floor<br>New York, New York 10016<br>(212) 661-1100<br>jalieberman@pomlaw.com<br>mjsteven@pomlaw.com |
| If to Defendants or Defendants' Counsel: | **KIRKLAND & ELLIS LLP**<br>Attn: Austin Norris<br>2049 Century Park East, 37th Floor<br>Los Angeles, California 90067<br>(213) 680-8184<br>austin.norris@kirkland.com |
| | **ORRICK HERRINGTON & SUTCLIFFE LLP**<br>Attn: James Neil Kramer<br>405 Howard St.<br>San Francisco, CA 94105<br>(415) 773-5700<br>jkramer@orrick.com |
| | **MCNUTT LAW FIRM, P.C.**<br>Attn: Daniel R. McNutt<br>11441 Allerton Park Dr. #100<br>Las Vegas, Nevada 89135<br>(702) 384-1170<br>drm@mcnuttlawfirm.com |
| | **BIRD, MARELLA, RHOW, LINCENBERG, DROOKS & NESSIM, LLP**<br>Attn: Gary S. Lincenberg<br>1875 Century Park East, 23rd Floor<br>Los Angeles, California 90067 |

{00629006;1 }

STIPULATION AND AGREEMENT OF SETTLEMENT
2:18-cv-00479-CDS-BNW

33

34

(310) 201-2100<br>gsl@birdmarella.com

60.    Except as otherwise provided herein, each Party shall bear its own costs.

61.    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential consistent with Fed. R. Evid. 408 and similar principles.

62.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

63.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel, nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of September 16, 2024.

*For Plaintiffs and the Class*:

By: _____
POMERANTZ LLP
Jeremy Lieberman
Murielle Steven Walsh
600 Third Avenue, 20th Floor
New York, New York 10016
(212) 661-1100
jalieberman@pomlaw.com
mjsteven@pomlaw.com

{00629006;1 }

*For Wynn Resorts and Mr. Maddox*:

By: _____
**KIRKLAND & ELLIS LLP**
Mark Holscher
2049 Century Park East, 37th Floor
Los Angeles, California 90067
(213) 680-8190
mark.holscher@kirkland.com

*For Ms. Sinatra*:

By: _____
**ORRICK HERRINGTON & SUTCLIFFE LLP**
James Neil Kramer
405 Howard St.
San Francisco, CA 94105
(415) 773-5700
jkramer@orrick.com

*For Mr. Cootey*:

By: _____
**MCNUTT LAW FIRM, P.C.**
Daniel R. McNutt
11441 Allerton Park Dr. #100
Las Vegas, Nevada 89135
(702) 384-1170
drm@mcnuttlawfirm.com

*For Mr. Wynn*:

By: _____
**BIRD, MARELLA, RHOW, LINCENBERG, DROOKS & NESSIM, LLP**
Gary S. Lincenberg
1875 Century Park East, 23rd Floor
Los Angeles, California 90067
(310) 201-2100
gsl@birdmarella.com

{00629006;1 }

STIPULATION AND AGREEMENT OF SETTLEMENT
2:18-cv-00479-CDS-BNW

35