UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| John V. Ferris and Joann M. Ferris, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs<br><br>v.<br><br>Wynn Resorts Limited, et al.,<br><br>Defendants | Case No. 2:18-cv-00479-CDS-BNW<br><br>**Final Order Granting Motion for Final Approval of Class Action Settlement and Judgment**<br><br>[ECF No. 437] |

This is a class action lawsuit (the "Action") commenced by Class Representatives John V. Ferris, JoAnn M. Ferris, and Jeffrey Larsen ("Plaintiffs"), individually and on behalf of all members of the certified Class, and defendants Wynn Resorts, Ltd., Matthew O. Maddox, Stephen A. Wynn, Stephen Cootey, and Kimmarie Sinatra (collectively, "Defendants"). Compl., ECF No. 1.

The parties entered into the Stipulation and Agreement of Settlement dated September 16, 2024 (the "Stipulation," ECF No. 422-2), which provides for complete dismissal with prejudice of the claims asserted against the Defendants in this Action on the terms and conditions set forth in the Stipulation, subject to approval of this court (the "Settlement").

On October 15, 2024, the court entered the Order of Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"), that (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement. ECF No. 432.

Consistent with the Preliminary Approval Order, due and adequate notice has been given to the Settlement Class.

The Court conducted a hearing on January 27, 2025 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants. Mins. of proceeding, ECF No. 440.

The court has read and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action. Unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that said Settlement is, in all respects, fair, reasonable, adequate to the Class. This Court further finds the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Plaintiffs, the Class Members, and the Defendants. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Parties are hereby directed to perform the Stipulation.

3. Except as to any individual claim of those persons who previously validly and timely requested exclusion, the Action and all claims asserted therein are dismissed with prejudice as against Defendants and Defendants' Releasees. Plaintiffs and the Class Members will not make applications against any of Defendants' Releasees, and Defendants will not make applications against Plaintiffs or Plaintiffs' Releasees, for fees, costs, or sanctions pursuant to

Federal Rule of Civil Procedure 11, or any other court rule or statute, with respect to any claims or defenses in this Action or any aspect of the institution, prosecution, or defense of this Action.

4. Upon the Effective Date of the Settlement, Plaintiffs and each of the Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents in their capacities as such, shall be deemed to have, and by operation of this Stipulation, law, and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of Defendants' Releasees. This Release shall not apply to any of the Excluded Plaintiffs' Claims.

5. Upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents in their capacities as such, shall be deemed to have, and by operation of this Stipulation, law, and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of Plaintiffs' Releasees.

6. Upon the Effective Date of the Settlement, each Defendant, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents in their capacities as such, shall be deemed to have, and by operation of this Stipulation, law, and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged against the other Defendants and their respective current and former employers, officers, directors, employees, agents, servants, representatives, parents, affiliates, subsidiaries, successors,

predecessors, assigns, assignees, advisors, auditors, attorneys, and each of their respective heirs, executors, administrators, successors and assigns, including but not limited to Wynn Resorts and any of its subsidiaries, any and all claims and causes of action of every nature and description whatsoever in law, equity, or otherwise, rights, liabilities, suits, debts, obligations, demands, damages, losses, judgments, matters, and issues, whether known claims or unknown claims, whether arising under federal, state, local, statutory, common or foreign law, whether accrued or unaccrued, fixed or contingent, liquidated or unliquidated, direct or indirect, that arise out of or relate in any way to the Action, the prosecution or defense of the Action, or the settlement of the Action, including attorneys' fees and costs.

7. To the fullest extent permitted by law, any and all claims for contribution or indemnity, however denominated, based upon or arising out of the Action (a) by any person or entity against any of Defendants' Releasees, or (b) by any of Defendants' Releasees against any other person or entity, other than a person or entity whose liability has been extinguished by the Settlement, are permanently barred, extinguished, and discharged to the fullest extent permitted by law (the "Bar Order"); provided, however, the Bar Order shall not release any of Excluded Defendants' Claims or Excluded Plaintiffs' Claims.

8. The Court hereby finds that the distribution of the Class Notice and the Settlement Notice and publication of the Summary Settlement Notice, which was implemented in accordance with the Preliminary Approval Order: (a) constituted the best notice practicable under the circumstances of the matters set forth therein; (b) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (c) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 78u-4, 77z-1, as amended, and all other applicable law and rules.

9. Neither any objection to this Court's approval of the Plan of Allocation submitted by Plaintiffs nor to any portion of this order regarding the Attorneys' Fees and expense application shall in any way disturb or affect the finality of this Judgment.

10. The Short Form Agreement, Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Judgment, the Supplemental Agreement, the negotiations leading to the execution of this Stipulation, and any proceedings taken pursuant to or in connection with this Stipulation or approval of the Settlement (including any arguments proffered in connection therewith) shall not be:

    a. offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to (a) the truth of any fact alleged by Plaintiffs; (b) the validity of any claim that was or could have been asserted in this Action or in any other litigation; (c) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; or (d) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees; or (ii) in any way referred to for any other reason against any of the Defendants' Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

    b. offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees (a) that any of their claims are without merit, that any of the Defendants had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the

    Settlement Amount; or (b) with respect to any liability, negligence, fault or wrongdoing of any kind; or (ii) in any way referred to for any other reason against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

  c. construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; (b) disposition of the Settlement Fund; (c) all Parties hereto for the purpose of construing, enforcing and administering the Stipulation and this Judgment.

12. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 in connection with the institution, prosecution, defense, and Settlement of the Action.

13. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Class Members advising them: (a) that Lead Counsel would seek an award of attorneys' fees of up to 33⅓ % of the Settlement Fund on behalf of themselves and Plaintiffs' Counsel, and payment of expenses incurred in connection with the prosecution of the Action not to exceed $1.6 million,

Plaintiffs would seek compensatory awards not to exceed $100,000 total; and (b) that Class Members had a right to object to such application(s). A full and fair opportunity was given to all Class Members to be heard with respect to the application for attorneys' fees and expenses. The Court finds and concludes that the requested fee award is reasonable and awards attorneys' fees of 33 ⅓ % percent of the Settlement Fund, together with interest accrued thereon while in the Escrow Account plus expenses in the amount of $1,104,277.42, both to be paid from the Settlement Fund pursuant to the Stipulation, upon entry of this Order, and awards i) Class Representative John Ferris a compensatory award of $30,000; ii) Class Representative JoAnn Ferris a compensatory award of $30,000; and iii) Class Representative Jeffrey Larsen a compensatory award of $20,000, to be paid after the Effective Date.

14. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Class Members advising them of the Plan of Allocation and of their right to object, and a full and fair opportunity was given to all Class Members to be heard with respect to the Plan of Allocation. The Court finds that the formula for the calculation of the claims of Authorized Claimants, which is set forth in the Settlement Notice, provides a fair and reasonable basis upon which to allocate among Class Members the proceeds of the Settlement Fund established by the Stipulation, with due consideration having been given to administrative convenience and necessity. The Court hereby finds and concludes that the Plan of Allocation set forth in the Settlement Notice is in all respects fair and reasonable and the Court hereby approves the Plan of Allocation

15. All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Order, pursuant to their terms.

16. In the event that the Settlement does not become Final in accordance with the Stipulation, or the Effective Date does not occur, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated. In such

event, all orders entered and releases delivered in connection herewith shall also be null and void to the extent provided by and in accordance with the Stipulation, and this litigation shall revert to the state at which it existed on August 22, 2024.

17. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

## Conclusion

There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

This Action is hereby dismissed in its entirety with prejudice as to all Defendants. The Clerk of Court is instructed to close this case.

Dated: January 31, 2025

_____
Cristina D. Silva
United States District Judge