UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| John V. Ferris and Joann M. Ferris, Individually and on behalf of all others Similarly Situated, | Case No. 2:18-cv-00479-CDS-BNW |
| Plaintiffs | **Order Granting Class Representatives' Motion for Distribution of Class Action Settlement Funds** |
| v. | |
| Wynn Resorts Limited, et al., | [ECF No. 444] |
| Defendants | |

This is a class action lawsuit (the "Action") commenced by Class Representatives John V. Ferris, JoAnn M. Ferris, and Jeffrey Larsen ("Plaintiffs"), individually and on behalf of all members of the certified Class, and defendants Wynn Resorts, Ltd., Matthew O. Maddox, Stephen A. Wynn, Stephen Cootey, and Kimmarie Sinatra (collectively, "Defendants"). Compl., ECF No. 1.

On January 31, 2025, the court entered the Final Order Granting Motion for Final Approval of Class Action Settlement and Judgment (ECF No. 443), which, inter alia, approved the Stipulation and Agreement of Settlement dated September 16, 2024 (ECF No. 422-2), and the Plan of Allocation for distribution of the Net Settlement Fund.[1]

The court retained jurisdiction over the action for the purposes of: (a) implementation of this Settlement, (b) disposition of the Net Settlement Fund; and (c) construing, enforcing, and administering the Stipulation and this Judgment; As set forth in the Settlement Notice, the deadline for Class Members to submit a Proof of Claim Form to participate in the distribution of the Net Settlement Fund was February 3, 2025.

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings ascribed to them in the Stipulation.

As set forth in the Declaration of Luiggy Segura of JND Legal Administration ("JND" or the "Claims Administrator") in support of Class Representatives' Motion for Distribution of Class Action Settlement Funds ("Segura Distribution Declaration"), the Claims Administrator has completed the process of reviewing all 87,349 Claims submitted.

All Authorized Claimants who submitted deficient Claims were notified of such deficiency and given an opportunity to contest and/or cure the deficiency, and there remain three requests for Court review (the "Disputing Claimants").

In accordance with the recommendations of the Claims Administrator, Lead Counsel seek authorization to distribute the Net Settlement Fund to all Authorized Claimants entitled to receive such funds.

The Claims Administrator has been paid $500,000.00 to date for fees and expenses incurred in this matter, but has incurred fees and expenses amounting to $1,230,677.76 through December 2025, and it anticipates incurring monthly fees and expenses of up to approximately $5,000 until this order is entered, as well as $49,363.88 related to work performed in conjunction with the initial distribution, rendering the total estimated outstanding balance $780,041.64.

Having reviewed the Class Representatives' Motion for Distribution of Class Action Settlement Funds, the Segura Distribution Declaration, and all other exhibits and papers submitted in support thereof, and for good cause appearing therefore;

IT IS HEREBY ORDERED that:

1.    The Class Representatives' Motion for Distribution of Class Action Settlement Funds **[ECF No. 444] is granted**.

2.    The Claims Administrator's administrative determinations accepting and rejecting submitted claims as presented in the Segura Distribution Declaration and the exhibits thereto are approved. Specifically, the Claims Administrator's administrative determinations accepting those Claims set forth in Exhibits D and E to the Segura Distribution Declaration, which include

certain claims submitted after the February 3, 2025 deadline, are approved, and said claims are hereby accepted for payment from the Net Settlement Fund. Likewise, the Claims Administrator's administrative determinations rejecting those Claims set forth in Exhibit F to the Segura Distribution Declaration are approved, and said Claims are hereby rejected, disallowed, and shall not be paid. In addition, the Claims Administrator's administrative determinations regarding the three Disputing Claimants set forth in Exhibit C to the Segura Distribution Declaration are approved.

3. Any person asserting claims filed after September 3, 2025, the date used to finalize the administration by the Claims Administrator, are finally and forever barred from asserting such claims unless Lead Counsel, in their discretion, determine good cause exists for approving an additional claim.

4. The Court finds that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Net Settlement Fund, including, but not limited to, Lead Counsel and the Claims Administrator, are released and discharged from any and all claims arising out of such involvement, and all Class Members are barred from making any further claims against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this order.

5. The funds that are currently in the Net Settlement Fund—less the Claims Administrator's outstanding balance of fees and expenses incurred and to be incurred in this matter ($780,041.64), monthly charges (approximately $5,000.00) until the authorization of the initial distribution, and the costs of preparing appropriate tax returns while maintaining a 7% reserve to address any tax liability and claims administration-related contingencies that may arise following the initial distribution—shall be distributed on a pro rata basis to the Authorized Claimants, identified in Exhibits D and E to the Segura Distribution Declaration.

The funds must be distributed pursuant to the Plan of Allocation as set forth in the Settlement Notice.

Specifically, as set forth in the Plan of Allocation and Segura Distribution Declaration ¶ 56(a):

(i)   The Claims Administrator will calculate award amounts for all Authorized Claimants by calculating their pro rata share of the Net Settlement Fund using the recognized loss formula (i.e., their Recognized Loss);

(ii)  The Claims Administrator will then eliminate from the initial distribution any Authorized Claimant whose total pro rata share of the Net Settlement Fund is less than $10.00;

(iii) After eliminating Claimants who would have received less than $10.00, the Claims Administrator will recalculate the pro rata distribution payments for Authorized Claimants who would have received $10.00 or more based on the amount of the Authorized Claimant's Recognized Loss divided by the total Recognized Loss of all Authorized Claimants who would have received $10.00 or more, multiplied by the total amount in the Net Settlement Fund. This pro rata share is the Authorized Claimant's "Distribution Amount";

(iv)  Authorized Claimants whose Distribution Amount calculates to less than $100.00 will be paid their full Distribution Amount in the initial distribution ("Claims Paid in Full"). These Authorized Claimants will receive no additional funds in subsequent distributions; and

(v)   After deducting the payments to the Claims Paid in Full, 93% of the remaining balance of the Net Settlement Fund will be distributed pro rata to Authorized Claimants whose Distribution Amount calculates to $100.00 or more. The remaining 7% of the Net Settlement Fund will be held in the reserve to address any tax liability or claims administration-related contingencies that may arise

following the initial distribution. To the extent the reserve is not depleted, the remainder will be distributed in the second distribution described in subparagraph 7 below.

6. The distribution plan for the Net Settlement Fund as set forth in the Segura Distribution Declaration and accompanying exhibits is approved. The balance of the Net Settlement Fund shall be distributed to Authorized Claimants and the checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY. VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED WITHIN 90 DAYS OF DISTRIBUTION." The Claims Administrator is authorized to locate and/or contact any Authorized Claimants who have not cashed their check within said time as detailed in Segura Distribution Declaration ¶ 56(b) n.2.

7. Pursuant to ¶ 19 of the court-approved Plan of Allocation (ECF No. 438-5 at 29), "If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six months after the initial distribution of such funds will be used . . . to make a second distribution to claimants who cashed their checks from . . . [the] initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible."

8. Pursuant to ¶ 27 of the stipulation, "Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distribution may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective."

9.   Authorized Claimants who do not cash their initial distribution checks within the time allotted or according to the conditions set forth in Segura Distribution Declaration ¶ 56(b) n.2 will irrevocably forfeit all recovery from the Settlement, and the funds allocated to these stale-dated checks will be available for redistribution to other Authorized Claimants if Lead Counsel, in consultation with the Claims Administrator, determines it is cost-effective to conduct a second distribution. Similarly, Authorized Claimants who do not cash any subsequent distributions, should such distributions occur, within the time allotted or according to the conditions set forth in Segura Distribution Declaration ¶ 56(b) n.2, will irrevocably forfeit any further recovery from the Net Settlement Fund.

10.   When Lead Counsel, in consultation with the Claims Administrator, determines that further redistribution is no longer cost effective, any remaining amount in the Net Settlement Fund will be donated to Howard University Investor Justice and Education Clinic (IJEC) in accordance with ¶ 27 of the stipulation.

11.   All of the Claims Administrator's fees and expenses incurred in the administration of the settlement and estimated to be incurred in connection with the initial distribution of the Net Settlement Fund as set forth in the invoices attached as Exhibit G to the Segura Distribution Declaration are approved, and Lead counsel are directed to pay the outstanding balance of $780,041.64, which includes the estimated cost of conducting the initial distribution, out of the Settlement Fund to JND. If the actual cost of conducting the initial distribution is less than estimated, any excess will be returned to the Net Settlement Fund. Any additional fees and expenses associated with residual distributions will be subject to approval by Lead Counsel.

12.   One year after the second distribution or any subsequent final distribution of the Net Settlement Fund, if either occur, or if there is no second distribution, two years after the initial distribution of the Net Settlement Fund, the Claims Administrator may destroy the paper copies of the Proof of Claim Forms and all supporting documentation, and one year after all funds have been distributed, it may destroy electronic copies of the same.

13.  This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and any other and further relief that this Court deems appropriate

Dated: February 23, 2026

_____
Cristina D. Silva
United States District Judge